IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-1832 (JDB) |
| ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER ) | |
| 80020796, IN THE NAME OF ) | |
| DORAVILLE PROPERTIES CORPORATION, ) | |
| AT DEUTSCHE BANK INTERNATIONAL, ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS ) | |
| TRACEABLE THERETO, *ET AL*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CLAIMANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO
GOVERNMENT'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM* AND
INCORPORATED STATEMENT OF POINTS AND AUTHORITIES**

Claimants Aisha Atiku Bagudu, Ibrahim Atiku Bagudu, Zainab Shinkafi Bagudu, Ibrahim Bagudu, M.A.B., I.A.B., F.A.B., M.A.B., H.A.B., and R.A.B. (collectively, "Claimants"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), request an extension of time, up to and including July 7, 2014, to file Answers to the Government's Verified Complaint for Forfeiture *In Rem* (the "Complaint") or motions under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").[1]  This is Claimants' first request for an extension of time to file their initial responses to the Complaint.

This proceeding is an *in rem* civil forfeiture action brought by the Government against assets allegedly worth more than $500 million dollars located in at least eleven different accounts in at least three different countries.  On May 1, 2014, Claimants timely filed verified claims to

---

[1] While Claimants bring this Motion seeking an extension of time from the Court, Claimants reserve their right to challenge the Court's jurisdiction in this matter.

certain of the defendant assets.  Under Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule G"), Claimants' deadline for filing Answers to the Complaint or motions under Rule 12 is May 22, 2014.  On May 2, pursuant to Local Rule 7(m), the undersigned conferred by telephone with Elizabeth A. Aloi, counsel for the Government, to ask whether the Government had any objection to Claimants' seeking a 45-day extension to respond to the Complaint.  Ms. Aloi responded that the Government was unwilling to consent to *any* extension for responding to the Complaint—not a single day.  Ms. Aloi did not contend that the Government would suffer any prejudice by the grant of an extension of time.  Rather, Ms. Aloi stated that Claimants have known about the forfeiture action "for quite some time" and had chosen to delay filing their claims.  *See* Declaration of Jonathan B. New ("New Decl.") ¶ 4.[2]

      Federal Rule of Civil Procedure 6(b) provides that a court may grant extensions of time "for good cause."  "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." C. Alan Wright, *et al.*, Federal Practice and Procedure § 1165 (3d ed. West Supp. 2014).  In addition, the D.C. Bar Voluntary Standards for Civility and Professional Conduct, which are appended to this Court's Local Civil Rules, expressly provide that attorneys "will agree to reasonable requests for extensions of time and for waiver of procedural formalities provided [their] clients' interests will not be adversely affected." Local Civil Rules, App'x B, No. 10.

      Claimants, many of whom are minor children, have good cause for requesting an extension of time to respond to the Complaint.  The Government's forfeiture action remained under seal until March 5, 2014, thus Claimants could not have known of the forfeiture action in

---

[2] The Declaration of Jonathan B. New in support of this Motion is attached hereto as Exhibit 1.

this Court or the allegations of the Complaint prior to that time.  Claimants and their counsel require the additional time to examine the allegations of the Complaint and conduct the necessary factual and legal research to evaluate bases for seeking dismissal or otherwise responding to the Complaint in this large and highly complex forfeiture action—which the Government, itself, has billed as the largest of its kind in the history of the Department of Justice.[3]  The critical events at issue in the Complaint are alleged to have occurred more than fifteen years ago—before many of the Claimants were even born.  As part of evaluating the options for responding to the Complaint, Claimants' counsel will need to confer extensively with Claimants, who, as the Court can see from the verified claims submitted by Claimants, are located in Nigeria and the United Kingdom, and many of whom are minors.  The 21 days allotted under Rule G(5)(b) to respond to the Complaint is insufficient under the circumstances of this case to provide Claimant's with a meaningful opportunity to evaluate and address the allegations in the Complaint.  Thus, Claimants seek a reasonably short extension of time.

      The Government's assertion that Claimants have acted in a delinquent manner is baseless.  The Government cannot assert in good faith that Claimants have acted in a dilatory fashion by filing their verified claims within the time period allotted by Rule G.  Indeed, the Claimants filed their claims in a timely fashion, despite being located outside the United States, not being familiar with U.S. law, retaining and seeking advice from counsel, and signing and verifying original claims for submission.

      The Government's objection to Claimants' request for a modest extension to file their first responsive pleading is even more remarkable given that the Government has been aware of the alleged causes of action and the alleged source of the assets sought to be forfeited for at least

---

[3] *See* Dep't of Justice Press Release, March 5, 2014, *available at* http://www.justice.gov/opa/pr/2014/March/14-crm-230.html.

10 years, yet only now has sought to file a forfeiture action.  In May 2003, the United States detained Abubakar Atiku Bagudu,[4] who was then located in Texas, based upon a provisional arrest request from the United Kingdom.[5]  In the course of the ensuing extradition proceedings, the Government received substantial information related to the allegations in the Complaint.  Nevertheless, the Government agreed to allow Mr. Bagudu to return to Nigeria to resolve the legal claims against him and enter into a settlement concerning certain property at issue in this case, without taking any action against him or the allegedly forfeitable funds.  New Decl. ¶ 6; *see* Complaint ¶ 77.  Therefore, the Government cannot reasonably assert that granting Claimants a modest extension to submit their initial responses to the Complaint in this preliminary stage of the proceeding would in any way adversely affect the interests of the United States.

Claimants regret having to burden the Court with this matter, particularly when such reasonable extensions of time—especially at the initial stages of a proceeding—are generally agreed to by the participants as a matter of professional courtesy.  Consistent with the D.C. Bar Voluntary Standards for Civility and Professional Conduct referenced above, the Government has routinely consented to—and this Court has granted—similar extensions of time for responding to complaints in other *in rem* forfeiture actions before this Court.  *See, e.g.*, *United States v. $108,000 Associated with Bank of America Cashiers Checks*, Case No. 14-cv-218-CCK, Doc. No. 6 (D.D.C. Apr. 25, 2014) (noting Government's consent to 30-day extension of time to respond to forfeiture complaint); *United States v. $4,245,800 in Mutilated United States Currency*, Case No. 12-cv-1298-EGS, Doc. No. 6 (D.D.C. Oct. 19, 2012) (noting Government's consent to 71-day extension of time to respond to forfeiture complaint); *United States v. One*

---

[4] Allegations concerning Mr. Bagudu and his relationship to the property claimed by the Claimants are contained in paragraphs 11, 33-36, 39-43, 45-48, 52, 58, 60, 65, 66, 68-71, 77, 79-81, and 87-91 of the Complaint.

[5] The case concerning Mr. Bagudu's arrest and subsequent extradition proceedings is filed under seal in the United States District Court for the Southern District of Texas.

*Gulfstream G-V Jet Aircraft*, Case No. 11-cv-01874-ABJ, Doc. No. 10 (D.D.C. Dec. 15, 2011) (noting Government's consent to 32-day extension to respond to forfeiture complaint); *United States v. 9830 111th Lane, Seminole, Florida 33772*, Case No. 10-cv-1882-PLF, Doc. No. 26 (D.D.C. Mar. 24, 2011) (noting Government's consent to extension of time to respond to amended forfeiture complaint); *United States v. All Funds in Banca Privada D'Andorra*, Case No. 09-cv-2018-ABJ, Doc. No. 19 (D.D.C. Dec. 15, 2011) (noting Government's consent to 60-day extension of time to respond to forfeiture complaint).

WHEREFORE, Claimants respectfully request an extension, up to and including July 7, 2014, in which to file Answers to the Complaint or motions under Rule 12. Additionally, Claimants respectfully request that, to the extent possible, the Court consider this Motion on an expedited basis so that Claimants can know as soon as possible whether they will be granted an extension of time or whether they will be required to respond to the Complaint by May 22, 2014. Given the time-sensitive nature of this Motion, should the Court be inclined to provide the Government an opportunity to respond to this Motion under Local Rule 7(b), Claimants respectfully request that the Court require the Government to file any such response no later than May 8, 2014. Alternatively, in lieu of a written response, Claimants would request that the Court convene an oral hearing as soon as practicable to resolve this Motion.

<u>Dated</u>: May 6, 2014

                                            Respectfully submitted,

                                            /s/ Jonathan R. Barr
                                            Jonathan R. Barr (D.C. Bar No. 437334)
                                            BAKER & HOSTETLER LLP
                                            1050 Connecticut Ave. NW, Suite 1100
                                            Washington, DC 20036
                                            Tel:  202-861-1500
                                            Fax:  202-861-1783
                                            jbarr@bakerlaw.com

>Jonathan B. New (Admitted *pro hac vice*)
>jnew@bakerlaw.com
>Patrick T. Campbell (Admitted *pro hac vice*)
>pcampbell@bakerlaw.com
>BAKER & HOSTETLER LLP
>45 Rockefeller Plaza
>New York, New York 10111-0100
>Tel: (212) 589-4200
>Fax: (212) 589-4201

## CERTIFICATE OF SERVICE

I certify that on May 6, 2014, I caused the foregoing to be filed via the Court's CM/ECF system, which will serve the following attorney of record:

>Elizabeth A. Aloi
>Trial Attorney
>Asset Forfeiture and Money Laundering Section
>Criminal Division
>U.S. Department of Justice
>1400 New York Avenue, NW
>Suite 10100
>Washington, DC 20005

I also certify that on May 6, 2014, I caused to be served a true and correct copy of the foregoing via first class mail to the following attorney:

>Charles C. Agwumezie
>CAVA LEGAL GROUP PLLC
>1629 K Street NW
>Suite 300
>Washington, DC 20006

>>/s/ Jonathan R. Barr