IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO. 13-CV-1832(JDB) |
| v. | * | |
| | * | |
| ALL ASSETS HELD IN ACCOUNT | * | |
| NUMBER 80020796, IN THE NAME OF | * | |
| DORAVILLE PROPERTIES CORPORATION, | * | |
| AT DEUTSCHE BANK INTERNATIONAL, | * | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | * | |
| AND ALL INTEREST, BENEFITS, OR | * | |
| ASSETS TRACEABLE THERETO, ET AL., | * | |
| | * | JURY DEMANDED |
| Defendants, | * | |

## CLAIMANT (NIGERIA'S) ANSWER TO COMPLAINT FOR FORFEITURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE FEDERAL REPUBLIC OF NIGERIA, hereinafter known as the

Claimant, in the above styled and numbered cause, by and through its counsel, Kenneth

Nnaka and Jude C. Ezeala, and hereby files this Answer to the Plaintiff's Complaint for

Forfeiture in Rem and in support thereof would show the Court as follows:

1. Claimant Federal Republic of Nigeria generally denies all allegations to the extent
   that it is without sufficient knowledge or information regarding the
   alleged international money laundering conspiracies complained herein that
   violated the laws of the United States of America giving rise to this cause of
   action.

2. As further Answer, Claimant generally denies any involvement in the alleged international money laundering scheme involving the Defendant properties in violation of the laws of the United States of America.

3. In response to Paragraph 2 of the Complaint, Claimant further denies that the Plaintiff and the named defendants have a forfeitable interest in any and all of the named defendant properties.

4. Claimant generally admits that the source, origin and owner of all the funds allegedly involved in the scheme is Nigeria and belong to the Federal Republic of Nigeria.

5. The allegation contained in Paragraph 4 of the Complaint asserts a conclusion of law as to which no answer is required. To the extent that Paragraph 4 avers the filing of the judicial forfeiture action was necessary at all, the averment is denied.

In addition, Claimant raises the following numbered Defenses to the Plaintiff's forfeiture claim.

### FIRST DEFENSE

6. The Plaintiff lacks probable cause for belief that a substantial connection exists between the property sought to be forfeited and the illegal transaction.

### SECOND DEFENSE

7. Claimant is entitled to return and repatriation of its stolen funds herein after identified in this suit as commanded by the United Nations Convention against Corruption, a Global treaty to which the Plaintiff and Claimant are co-signatories.

**THIRD DEFENSE**

8.  Without waiving any Defenses asserted above, Claimant further asserts that the Defendant property is not subject to forfeiture on the basis that any act or omission on the part of any other individual that would ordinarily give rise to potential forfeiture of the property was committed without the knowledge or consent of the Claimant.

9.  Claimant, Nigeria reserves the right to supplement and amend this Answer as necessary matters develop through discovery of certain facts and circumstances regarding this Complaint for forfeiture in Rem. Claimant specifically reserve her right to file any applicable counterclaims.

WHEREFORE, PREMISES CONSIDERED, Claimant, Nigeria respectfully prays the Honorable Court will:

1.  Find that Claimant is the innocent owner of the Defendant properties, funds and assets;

2.  Enter an order of forfeiture of the Defendant properties, funds and assets for and in favor of Nigeria;

3.  Order the liquidation of all the Defendant properties, funds and assets and conversation of same to liquid currency denominated in United States dollars and repatriation of same to the Government of the Federal Republic of Nigeria.

4.  Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. Section 2465

5.  Issue and order for the award of costs and attorney's fees to the Claimant

    Attorney; and

6.  Provide such other and further relief, both legal and equitable, as the Court

    deems proper and just.

**DEMAND FOR JURY TRIAL**

Please take notice that Claimant demands trial by jury of the issues and defenses raised

by her Claim and Answer.

Respectfully Submitted:

I declare under penalty of perjury that the foregoing is true and correct this June 12, 2014

*/s/ Kenneth Nnaka*
TBA#24032796
Law Offices of Nnaka & Associates, PLLC (Lead Firm)
2650 Fountain View Dr. Ste. 332
Houston, TX 77057
Ph No: 713.266.1446 / Fax No: 713.266.1447


*Jude Chukwuma. Ezeala, Esq.,*
Law Office of Jude C. Ezeala
5521 Harford Road
Baltimore MD 21214
Ph No: 410-922-9456
Fax No: 410.922.8220
judeezeala@hotmail.com
District of Columbia Bar Number: 988728


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer to Complaint for
Forfeiture in Rem was filed via the Court's electronic filing system and same forwarded
to the Asst. U.S. Attorney Elizabeth A. Aloi, Washington, DC on this 12th day of June,
2014.

*/s/ Kenneth Nnaka*
