**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | <u>JURY TRIAL DEMANDED</u> |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>JOINT STATUS REPORT</u>

Plaintiff, the United States of America, and Claimants, Aisha Atiku Bagudu, Ibrahim Atiku Bagudu, Ibrahim Bagudu, M.A.B., I.A.B., F.A.B., M.A.B. and H.A.B. (collectively, "Claimants," and collectively with Plaintiff, the "Parties"), respectfully submit this joint report to the Court on the status of this civil asset forfeiture proceeding.

On March 20, 2015, the Court entered a Minute Order directing the Parties to "file a joint status report, or individual status reports if necessary, addressing the course of further proceedings, including any discovery" by April 24, 2015. On April 14 and 23, 2015, the Parties met and conferred concerning the course of this proceeding and the scope of required discovery going forward. In accordance with Local Rule 16.3(c) and the Court's Minute Order, the Parties discussed the following matters.

1. **Concerning Local Rule 16.3(c)(1):** There are no pending dispositive motions.

2.      **Concerning Local Rule 16.3(c)(2):** Regarding the amendment of the pleadings or joinder of parties, as set forth in the Proposed Scheduling Order, annexed hereto as Exhibit A, the Parties do not anticipate any amendments to the pleadings or joinder of any additional parties.  The Parties agree that it is premature to consider whether any factual or legal issues can be agreed upon or narrowed.

3.      **Concerning Local Rule 16.3(c)(3):** At this time, the Parties do not consent to the assignment of this case to a magistrate judge for all purposes, including trial.

4.      **Concerning Local Rule 16.3(c)(4):** The Parties have engaged in preliminary settlement discussions but do not believe that further discussions at this time would be productive.  The Parties remain open to continuing settlement discussions if and when appropriate.

5.      **Concerning Local Rule 16.3(c)(5):** The Parties agree that it is premature to assess whether this case could benefit from the Court's ADR procedures, or any other form of ADR.

6.      **Concerning Local Rule 16.3(6)-(9):** Regarding the scope, schedule and requirements of discovery and summary judgment motion scheduling, the Parties respectfully direct the Court to the Proposed Scheduling Order, annexed hereto as Exhibit A, and the Proposed Litigation Protective Order, annexed hereto as Exhibit B.

The Parties' sole disagreement with regard to the scope of discovery concerns the maximum number of depositions the Parties may take without seeking further leave of the Court. Claimants requested that Plaintiff stipulate that Claimants, collectively, may take up to a maximum of 35 fact depositions (excluding expert depositions).  Plaintiff agrees only that each

party may take up to a maximum of 15 fact depositions (excluding expert depositions) before seeking leave of the Court.

(a)   Claimants' contend that their request to be allowed a maximum of 35 fact depositions without seeking further leave of the Court is reasonable and necessary for the following reasons:

Pursuant to Federal Rule 30(a)(2)(A)(i), a party wishing to take more than 10 depositions must obtain leave of court or the agreement of opposing counsel. However, "the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Federal Rule 26(b)(2)(C) provides that discovery should be allowed unless the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The complexity and scope of Plaintiff's factual allegations in this case, as well as the fact-intensive nature of certain of Claimants' affirmative defenses, will require Claimants to obtain extensive evidence through deposition testimony. Plaintiff has publicly described this case as the largest Kleptocracy civil forfeiture action brought by the Department of Justice. Plaintiff seeks to forfeit assets allegedly worth more than $500 million located in at least eleven different accounts in at least three different countries. Plaintiff's 119-paragraph Complaint concerns alleged facts which occurred in various different countries over the course of more than 15 years, and Plaintiff's theories of forfeiture rest on at least four different alleged fraudulent schemes and scores of financial transactions. The Claimed Property, in particular, consists of assets held in several accounts which Plaintiff purports to trace back through numerous alleged

financial transactions involving multiple accounts held at various financial institutions in multiple countries over the course of at least 15 years. The Complaint specifically references at least 9 individuals with personal knowledge of the underlying facts, and at least 31 entities involved in complex financial transactions.[1]  In addition, Claimants will undoubtedly require depositions of other individuals with personal knowledge of the circumstances surrounding the alleged specified unlawful activities and the scienter – or lack thereof – of the alleged participants.

In addition, Claimants will require discovery into issues related to their defenses including, but not limited to, the date on which Plaintiff first identified the defendant assets, the reason for the substantial delay in filing the Complaint, the circumstances surrounding and Plaintiff's involvement in the settlement agreement between Mr. Abubakar Bagudu and Nigeria, the circumstances surrounding Mr. Abubakar Bagudu's extradition proceedings, and the circumstances surrounding the expungement of records concerning Mr. Abubakar Bagudu's extradition proceedings. The Court recognized in its decision denying Claimants' motion to dismiss the Complaint that certain defenses raised by Claimants were premature and required further development in discovery. *See* Mem. Op., ECF No. 79 at 12-15.

Any burden claimed by Plaintiff would be far outweighed by the benefit of Claimants' proposed discovery. In particular, Plaintiff seeks to deprive eight Claimants, four of whom are minors, and all of whom reside in Nigeria, of their interests in assets valued by the Complaint at

---

[1] The Complaint contains additional references to unspecified groups of individuals, such as the "CBN staff," who likely also have personal knowledge concerning scienter and the alleged facts underlying Plaintiff's claims and/or Claimants' defenses. Compl. ¶ 31. Moreover, as this case is exempt from the initial disclosure requirements of Federal Rule 26(a)(1), Claimants have not been provided with any list of individuals who Plaintiff believes are likely to have discoverable information. Therefore, the number of potential fact witnesses may exceed, and likely will exceed, those specifically identified in the Complaint.

more than 95 million Euros.  The stakes are extremely high and Claimants require the additional

depositions to protect their property interests.

Courts routinely have expanded deposition limits where they have determined that the

concerns underlying Federal Rule 26(b)(2)(C) are not implicated.  *See, e.g.*, *Byrd v. Dist. of

Columbia*, 259 F.R.D. 1 (D.D.C. 2009); *Mitchell v. Nat'l R. R. Passenger Corp.*, 208 F.R.D. 455

(D.D.C. 2002); *Alexander v. FBI*, 192 F.R.D. 20 (D.D.C. 2000).  Claimants' request for such an

expanded limit should similarly be allowed.

(b)      Plaintiff contends that 15 fact depositions — 5 more than that authorized

by Federal Rule 30(a)(2)(A)(i) — is a reasonable limitation on the scope of discovery at this time

for the following reasons:

The predicate conduct that forms the basis of this forfeiture action has been the subject of

litigation in other jurisdictions, and the Parties should be able to stipulate to facts that have been

acknowledged by certain of the Claimants in other jurisdictions.  This includes facts set forth

under oath in testimony by Mr. Abubakar Bagudu, the husband and father of the Claimants, who

has personal knowledge of the alleged criminal conduct.  In addition, Claimants have filed

claims only to four of the sixteen defendant assets.  These four defendant assets are located in

two financial institutions in one country.  They were involved in only two of the three criminal

schemes identified in the Complaint, and are the subject of only three of the five forfeiture

counts.  Thus, the matters under dispute are significantly narrower than those alleged in the

Complaint.

It is premature for the Court to ascertain whether the extra discovery sought by Claimants

is duplicative, unreasonably cumulative, burdensome, or can be obtained from some other source

that is more convenient.  First, Claimants have not yet exhausted the 15 agreed-upon depositions,

as is generally required before bringing a motion under Rule 30(a). *See, e.g., Donohoe,* 602 F.

Supp 2d. at 2 (magistrate denied motion for leave to take additional depositions because "not a

single deposition had been taken in this case"); *See also Alexander,* 192 F.R.D at 22 (seeking

leave for additional depositions after the agreed-upon number had been taken); *General Elec.*

*Co. v. Indemnity Ins. Co. of North America*, No. 3:06-CV-232, 2006 WL 1525970 at *2 (D.

Conn. May 25, 2006) ("the moving party's failure to comply with the prerequisite [by exhausting

the depositions permitted as of right] renders the court unable to grant the requested relief.").

Second, Federal Rules 30(a)(2) and 26(b)(2) require a party seeking to expand the

number of depositions to provide the specific names of the proposed deponents, and why their

testimony is necessary. *Donohoe v. Bonneville*, 602 F. Supp. 2d 1 (D.D.C. 2009); *See also*

*Byrd,* 259 F.R.D. at 4 (ordering additional depositions after evaluating the value of individual

deponents); *Mitchell,* 208 F.R.D. at 461 (permitting additional depositions where the party

seeking leave demonstrated the importance of additional witnesses). Claimants have not

identified with specificity who they intend to depose and why such testimony is necessary.

Because either Party is free to seek leave of the Court to increase the number of depositions once

appropriate, it is reasonable for the Court to limit the number to 15 at this time.

7.      Local Rule 16.3(10) is inapplicable to this case.

8.      **Concerning Local Rule 16.3(11):** The Parties agree to proceed with discovery on

all of Plaintiff's allegations and claims for forfeiture in the Complaint, and on Claimants'

anticipated defenses to Plaintiff's allegations and claims for forfeiture. The Parties agree that

neither discovery nor trial should be bifurcated or managed in phases. However, in the event that

Plaintiff files a motion to strike or other motion concerning Claimants' standing, Plaintiff

believes that discovery should be stayed during the pendency of such motion. Claimants believe

that discussion of this issue is premature and entirely speculative but do not agree that any stay of discovery would be warranted.

9.      **Concerning Local Rule 16.3(12)-(14):** The Parties respectfully direct the Court to the Proposed Scheduling Order, annexed hereto as Exhibit A, and Proposed Litigation Protective Order, annexed hereto as Exhibit B, for scheduling of the pre-trial conference and trial and other matters Claimants and Plaintiff discussed during their meetings.

The Parties respectfully request that the Court accept this Joint Status Report and So-order the Proposed Scheduling Order and Proposed Litigation Protective Order.

Dated: April 24, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Jonathan R. Barr*
Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel:  (202) 861-1500
Fax:  (202) 861-1783
jbarr@bakerlaw.com

Jonathan B. New
jnew@bakerlaw.com
Patrick T. Campbell
pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
Tel:  (212) 589-4650
Fax:  (212) 589-4201

*Attorneys for Claimants, Aisha Atiku Bagudu, Ibrahim Atiku Bagudu, Ibrahim Bagudu, M.A.B., I.A.B., F.A.B., M.A.B. and H.A.B.*

M. KENDALL DAY, CHIEF ASSET FORFEITURE AND MONEY LAUNDERING SECTION

By: */s/ Elizabeth A. Aloi*
Daniel H. Claman
Assistant Deputy Chief
Elizabeth A. Aloi
Trial Attorney
Asset Forfeiture and Money Laundering Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW, 10th Fl.
Washington, DC 20530
Tel: (202) 514-1263
Fax: (202) 514-5522

*Attorneys for Plaintiff, United States of America*

## Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | <u>JURY TRIAL DEMANDED</u> |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**PROPOSED SCHEDULING ORDER**</u>

Plaintiff, the United States of America, and Claimants, Aisha Atiku Bagudu, Ibrahim Atiku Bagudu, Ibrahim Bagudu, M.A.B., I.A.B., F.A.B., M.A.B. and H.A.B. (collectively, "Claimants," and collectively with Plaintiff, the "Parties"), have conferred regarding the topics discussed herein and submit this Scheduling Order for the Court's review and approval.

1.   <u>Status of Pleadings</u>.

(a)   Claimants filed a motion to dismiss Plaintiff's Complaint on July 7, 2014. The Court denied Claimants' Motion on March 19, 2015.  By so-ordered stipulation of the Parties, Claimants' answers to the Complaint are due May 4, 2015.

(b)   The Parties do not anticipate any amendments to the pleadings or joinder of additional parties and shall seek leave of Court if the need arises to amend the pleadings or join additional parties to this proceeding.

(c)     The Parties agree that discovery on all of Plaintiff's allegations and claims

for forfeiture in the Complaint, and on Claimants' anticipated defenses to Plaintiff's allegations

and claims for forfeiture, should commence on May 11, 2015, and that fact and expert discovery

may be needed.

2.     <u>Discovery Plan</u>

(a)     <u>Initial Disclosures</u>.  This is an *in rem* civil forfeiture action under 18

U.S.C. § 981(a)(1)(A).  Accordingly, under Federal Rule of Civil Procedure ("Federal Rule")

26(a)(1)(B)(ii), this proceeding is exempt from the initial disclosures requirement of Rule

26(a)(1).

(b)     <u>Interrogatories</u>.  Fact-based interrogatories pursuant to Federal Rule 33

may be served on or after May 11, 2015, but no later than July 15, 2016.  Contention-based

interrogatories may be served on or after September 12, 2016, but no later than the close of fact

discovery identified in Paragraph 2(g) below.  Unless otherwise stipulated between the Parties or

ordered by the Court, each Party may serve on the other Party no more than 25 written

interrogatories, including all discrete subparts.  The Parties may seek leave to serve more than 25

written interrogatories as authorized by Federal Rule 33(a)(1).

(c)     <u>Document Demands</u>.  Requests and subpoenas for documents pursuant to

Federal Rules 34 and 45 may be served on or after May 11, 2015, but no later than July 15, 2016.

(d)     <u>Requests for Admission</u>.  Requests for admission pursuant to Federal Rule

36 may be served on or after May 11, 2015, but no later than July 15, 2016.

(e)     <u>Depositions</u>.  All depositions (excluding expert depositions) pursuant to

Federal Rules 30, 31 and 45 may be noticed by deposition notice or subpoena on or after May

11, 2015, but no later than September 27, 2016, and must be completed by the fact discovery cut-

off identified in Paragraph 2(g) below.  Depositions shall proceed concurrently, with no Party

having priority.  Unless otherwise stipulated between the Parties or ordered by the Court, the

Parties will be limited to _____ depositions (excluding expert depositions).  The Parties will

endeavor to conclude the majority of depositions within the seven (7) hours provided under

Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions

that cannot be concluded within the time limit.  The Parties will attempt in good faith to agree to

reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party

may make application to the Court for an extension of that time limit.

Unless rendered impractical because of the deponent's location, depositions of Plaintiff's

fact and expert witnesses shall occur at the United States Department of Justice, 1400 New York

Avenue, NW, Washington, DC 20005, or such other location as the Parties may agree.  Unless

rendered impractical because of the deponent's location, depositions of Claimants' fact and

expert witnesses shall occur at the offices of Baker & Hostetler LLP, 1050 Connecticut Avenue,

NW, Washington, DC 20036-5304, or such other location as the Parties may agree.

(f)     Subpoenas.  Insofar as the parties seek to obtain documents from third

parties, they shall proceed by serving subpoenas pursuant to Federal Rule 45.  The Parties

acknowledge that they may need to seek discovery from individuals or entities located outside

the U.S.  In such cases, the Parties will request the issuance of subpoenas, letters rogatory or

other requests for documents or deposition testimony in accordance with internationally

recognized methods for obtaining evidence, including pursuant to Federal Rule 28(b), through

the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1

*et seq.*, 28 U.S.C. § 1781 or through other international treaties, agreements, conventions or

mechanisms, including Mutual Legal Assistance Treaties and Mutual Legal Assistance

Agreements.  For the purposes of the deadlines in Paragraphs 2(c) and 2(e) above, a request for the issuance of a subpoena, letter rogatory or other request for documents or deposition testimony shall be treated as timely service of the subpoena, letter rogatory or other request for documents or deposition testimony.

(g)   <u>Fact Discovery Cut-off</u>.  All fact discovery is to be completed on or before November 11, 2016, except that the Court will order the extension of this period until all outstanding international subpoenas, letters rogatory or other requests for documents and deposition testimony issued through the process identified in Paragraph 2(f) above have either been complied with or deemed by stipulation between the Parties, or order of this Court, to be ineffective because of unavailability of the witness.

(h)   <u>Expert Discovery</u>.  Every Party that intends to offer expert testimony must make the disclosures required by Federal Rule 26(a)(2) on or before January 27, 2017.  Each Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Federal Rule 26(a)(2) on or before March 3, 2017.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence.  All experts may be deposed, but such depositions must occur by or before April 27, 2017, which date shall also operate as the end of discovery (except if fact discovery is extended pursuant to Paragraph 2(g) above).  The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Federal Rule 26.  All expert discovery must be completed no less than 60 days before trial.

(i)     Pursuant to Federal Rule 16(b)(4), the deadlines set forth in this Paragraph 2 are subject to modification by the Court for good cause.

3.     <u>Form of Production:</u>  The Parties may produce discovery on a CD-ROM, in an electronic data room, or other similar electronic format.  Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties.  With regard to documents produced electronically:

(a)     Information and documents disclosed shall be text searchable;

(b)     Upon request, Plaintiff or Claimants, as the case may be, shall provide data, image load files, and tiffs necessary to review documents on search platforms (e.g., Summation, Concordance, Relativity);

(c)     The Parties shall produce the following non-privileged captured objective fielded data and metadata: BatesPrefix, Custodian, FilePath, FileName, FolderPath, HiddenContent, Beginning Bates Number, Ending Bates Number, Beginning Bates Range, Ending Bates Range, Page Count, File Extension, File Size, Title, Author, From (email only), To (email only), CC (email only), BCC (email only), Subject (email only), Date Sent (email only), Time Sent (email only), Date Received (email only), Time Received (email only), Date Created, Date Modified, TextPath, NativePath and MD5 Hash Value;

(d)     Documents should be produced, to the extent reasonably practicable, organized in the fashion that they were originally maintained in the ordinary course of business; and

(e)     Nothing herein shall preclude the Parties from requesting additional formats of production, metadata, or native documents.

4.     <u>Confidentiality</u>.  The Litigation Protective Order shall govern the disclosure of confidential information in this proceeding.

5.     <u>Summary Judgment</u>.  Any motion for summary judgment under Federal Rule 56 shall be filed 60 days after the close of discovery.  Opposition briefs shall be filed 60 days after the summary judgment motion is filed.  Reply briefs in further support of the summary judgment motion shall be filed 30 days after the opposition brief is filed.

6.     <u>Trial</u>.  The Parties shall confer with each other and the Court at the conclusion of all discovery to schedule a pre-trial conference and set a trial date 30 to 60 days after the conference pursuant to Local Rule 16.3(c)(12).

SO ORDERED this ___ day of _____, 2015.


_____
JOHN D. BATES
United States District Judge

**<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | <u>JURY TRIAL DEMANDED</u> |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED LITIGATION PROTECTIVE ORDER AND AGREEMENT**

Plaintiff, the United States of America, and Claimants, Aisha Atiku Bagudu, Ibrahim Atiku Bagudu, Ibrahim Bagudu, M.A.B., I.A.B., F.A.B., M.A.B. and H.A.B. (collectively, "Claimants," and collectively with Plaintiff, the "Parties"), have conferred regarding the topics discussed herein and submit this Litigation Protective Order and Agreement (the "Order") for the Court's review and approval.

**DEFINITIONS**

1.      This Order shall govern only those materials produced in the above-caption action (the "Action") which have been or are deemed to comprise or contain **CONFIDENTIAL MATERIAL**, as defined below, whether furnished by the Parties or a third party, regardless of whether produced voluntarily or pursuant to a formal discovery request.  Nothing in this Order

shall preclude a producing party from objecting to the production of information, and this Order has no bearing on the merits of any such objection.

2. Such material produced in this Action may only be designated as **CONFIDENTIAL** if: (a) in the good faith judgment of the party designating the material as **CONFIDENTIAL** such material contains trade secret or other confidential research, development, or commercial information; personal identifying information; or other information the disclosure of which would breach a legal or contractual obligation or (b) is protected from disclosure under international law, the laws of the U.S. or the laws of the country from which the discovery is sought.

3. **CONFIDENTIAL MATERIAL** may include any type or classification of information which is so designated by the producing party in accordance with the provisions of this Order, or is otherwise deemed **CONFIDENTIAL MATERIAL** hereby, whether it be a document or electronically stored information (as the terms are defined in Federal Rule of Civil Procedure 34(a)(1)(A)), information contained in a document, information revealed during a deposition or information revealed in an interrogatory answer, to the extent that they reveal information designated by the party producing such information as **CONFIDENTIAL** under the terms of this Order.

4. The following will not be considered **CONFIDENTIAL MATERIAL:** (a) documents or other material available to the public through means other than production by the producing party; (b) documents or other material known to, or independently developed by, the receiving party; (c) documents or other material received by the receiving party without restriction from a third party; and (d) documents or other material required to be produced to the receiving party by a court of competent jurisdiction (to the extent such court permits). The

items listed in this paragraph shall not be treated as **CONFIDENTIAL MATERIAL** under the authority granted by this Order.  However, nothing in this paragraph is intended as a ruling on the extent to which any party may claim that any particular information is **CONFIDENTIAL**, to object to the production of such information or to seek an additional protective order with respect to specific information.

<u>**DESIGNATIONS OF CONFIDENTIAL MATERIAL**</u>

5.      All designations of **CONFIDENTIAL MATERIAL** shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to investigate the facts of this Action or prepare for litigation.  Excessive, overly broad and unreasonable designations of **CONFIDENTIAL MATERIAL** may be considered by the Court as equivalent to a motion for a protective order and subject to sanctions, including attorneys' fees.

6.      Counsel for the Parties may designate portions of the transcript of a deposition as **CONFIDENTIAL MATERIAL** on the record during the deposition, or may make additional designations within ten (10) days after the mailing or delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript.  Within the ten-day period following such mailing or delivery of the transcript, any party present at the deposition may, by written notice served on the other party, designate all or any portion of the testimony as **CONFIDENTIAL MATERIAL**.  The right to make such designation shall be waived unless made before the end of the ten-day period.  Upon being informed that certain portions of a transcript are designated as **CONFIDENTIAL MATERIAL**, each party must cause each copy in its custody, possession, or control to be so marked immediately.  All designations of testimony as **CONFIDENTIAL MATERIAL** must conform to the standards of paragraph 2 above, defining **CONFIDENTIAL MATERIAL,** and are also subject to the

limitations of paragraph 5 above, requiring, among other things, that designations be made in good faith.

7.     In the event that a producing party inadvertently fails to designate **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly designates **CONFIDENTIAL MATERIAL**, that party may make a late designation or change the designation by notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL** has been disclosed.  A party must serve such written notification at least thirty (30) days before the close of discovery in this Action.  In such event, the receiving parties shall take reasonable steps to ensure that the **CONFIDENTIAL MATERIAL** is thereafter treated in accordance with the designation.  Late designation in and of itself shall not be deemed a per se waiver of the confidential status of the late-designated **CONFIDENTIAL MATERIAL.**  However, if a producing party has not adequately preserved the confidentiality of its documents or testimony, the Court may find that a waiver has occurred.  No party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation, provided, however, that such party, upon receipt of such written notice of belated designation, makes all reasonable efforts to obtain the return of and/or limit the dissemination of any belatedly-designated **CONFIDENTIAL MATERIAL**.

8.     The party that made the **CONFIDENTIAL MATERIAL** designation may determine at any time that some or all of the restrictions applicable to said **CONFIDENTIAL MATERIAL** may be reduced or eliminated and will notify the receiving party of any such determination as soon as practicable.

9.     If a receiving party claims that **CONFIDENTIAL MATERIAL** should be disclosed notwithstanding the terms of the Order, or that any of the restrictions on disclosure or

use should be reduced, modified or eliminated or that the designation was improperly applied, it shall serve a notice requesting re-designation on the producing party.  Failure by the producing party to object to the notice within seven (7) business days will be deemed to be acquiescence to the request.  If the producing party objects to the re-designation, the receiving party may request an informal conference with the Court for relief after receiving said written notice of its disagreement.  In the event that the dispute has not been resolved in the informal conference and a motion is made by the receiving party, the receiving party may file the **CONFIDENTIAL MATERIAL** in question under seal for the Court's *in camera* inspection.  In connection with any such motion, however, the party that produced the **CONFIDENTIAL MATERIAL** shall have the burden of demonstrating that it is confidential under the terms of this Order and should continue to be protected as designated.  Absent the entry of an order granting the motion, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

### DISCLOSURES AND USE OF CONFIDENTIAL MATERIAL

10.    **CONFIDENTIAL MATERIAL** shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

(a)    The Court, Court personnel assisting the Court, and stenographers or other persons involved in taking or transcribing testimony in the Action;

(b)    The producing or receiving parties, officers and employees of the producing or receiving parties, counsel representing the producing or receiving parties and their litigation assistants, paralegals, secretarial or other clerical personnel and Agents, as defined below;

(c)    As used herein, "Agents" include consultants, experts, litigation support services and other people or entities retained by a party for the purpose of assisting that party or

counsel in this Action, and the principals, employees and contractors with which such Agents are associated;

      (d)     Authors or recipients of the designated **CONFIDENTIAL MATERIAL**;

      (e)     A witness at any deposition in the Action, and such witness's counsel, provided that before providing any **CONFIDENTIAL MATERIAL** to any witness or counsel pursuant to this sub-paragraph, (i) the party intending to disclose the **CONFIDENTIAL MATERIAL** (the "Noticing Party") shall make a good faith effort to provide notice of its intent to use the **CONFIDENTIAL MATERIAL** to the producing party and any party to whom the **CONFIDENTIAL MATERIAL** relates at least four (4) business days prior to the deposition, and in all instances shall provide such notice at least two (2) business days prior to the deposition; (ii) such notice shall include the name of the deponent to whom the Noticing Party intends to disclose the **CONFIDENTIAL MATERIAL**, the date and time of the deposition, and the bates range for all **CONFIDENTIAL MATERIAL** to be disclosed; (iii) if the producing party objects to the disclosure of the **CONFIDENTIAL MATERIAL**, the producing party must notify the Noticing Party in writing prior to the deposition and simultaneously request an informal conference with the Court, and the Noticing Party shall not be permitted to disclose the **CONFIDENTIAL MATERIAL** to any witness absent a court order or consent of the producing party; and (iv) all witnesses and their counsel shall be provided with a copy of this Order, and shall thereafter be bound by this Order.  Counsel taking the deposition shall designate all portions of the transcript relating to the **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL**;

      (f)     Such other persons or entities as the Court may order, as may be agreed to by the producing or receiving parties; and

      (g)     As provided in paragraph 15(a).

11.     Nothing in this Order shall preclude any party from using **CONFIDENTIAL MATERIAL** in court proceedings or chambers conferences in the Action.  If any producing or receiving party believes that any such **CONFIDENTIAL MATERIAL** to be used in court proceedings or chambers conferences requires any kind of protective treatment under the provisions of this Order, it shall apply to the Court for such treatment, and the Court will consider and determine each such request, except **CONFIDENTIAL MATERIAL** which has already been sealed shall continue to be treated as **CONFIDENTIAL** pending motion practice as described in paragraph 9 of this Order.

12.     In the event that a receiving party receives a notice of deposition, interrogatory, request for documents, subpoena, civil investigative demand, or similar request to disclose any of the **CONFIDENTIAL MATERIAL**, notice shall be provided to the producing party and, if different from the producing party, the individual or entity to whom the **CONFIDENTIAL MATERIAL** relates, ten (10) business days' notice before providing or producing **CONFIDENTIAL MATERIAL** pursuant to any such request or requirement, so that any of those parties may seek a protective order or other appropriate remedy.  In such a case, the Parties shall reasonably cooperate in any action to obtain a protective order or other appropriate remedy or to obtain reliable assurance that confidential treatment consistent with this Order shall be accorded to any disclosed **CONFIDENTIAL MATERIAL**.  In the event that any party does not file a motion for a protective order or other appropriate remedy within ten (10) business days of receiving notice of a request or requirement as set forth above, or it fails to obtain a protective order or other appropriate remedy after being given notice of a request or requirement as set forth above, the party receiving the request or subject to the requirement may comply with the request or requirement to disclose and produce **CONFIDENTIAL MATERIAL**.  Any party

receiving **CONFIDENTIAL MATERIAL** under this paragraph shall be provided with a copy

of this Order and shall be bound by it.

## INADVERTENT DISCLOSURES

13.     In the event anyone shall inadvertently disclose **CONFIDENTIAL MATERIAL**

to another party or third party not otherwise permitted to receive such **CONFIDENTIAL**

**MATERIAL**, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(a)     Promptly notify the person or entity to whom the disclosure was made that

the disclosure contains **CONFIDENTIAL MATERIAL** protected by this Order;

(b)     Promptly make all reasonable and necessary efforts to obtain the return of

and preclude dissemination or use of the **CONFIDENTIAL MATERIAL** by the person or

entity to whom disclosure was inadvertently made; and

(c)     Promptly notify the producing party of the identity of the person or entity

to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps

that have been taken and will be taken to ensure against further dissemination or use of the

**CONFIDENTIAL MATERIAL**.

14.     The inadvertent production or disclosure of any document or other material (the

"Inadvertent Production") otherwise protected by the attorney-client privilege, work product

protection or a joint defense/common interest privilege shall not constitute or be deemed as a

waiver or forfeiture of any such privilege or immunity.  If, after learning of the Inadvertent

Production, the producing party wishes to assert its privilege or protection, it shall promptly send

to the receiving party a written request for return of the Inadvertent Production.  Notwithstanding

the procedures outlined in (a)-(d) below, within five (5) business days of receiving such a

request, the receiving party shall return the Inadvertent Production to the producing party, shall

destroy all copies that it may have made of the Inadvertent Production, and shall not utilize the information contained in the Inadvertent Production for any purpose.  If the receiving party produced the Inadvertent Production to any other party, person or entity, it shall give notice to such party, person or entity of the Inadvertent Production and such party or person shall be subject to the provisions of this Order.

(a)     If the receiving party wishes to contest that the Inadvertent Production is protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege, the receiving party shall so notify the producing party in writing;

(b)     Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party, a description of the basis for the claim of privilege or immunity for the Inadvertent Production;

(c)     Within ten (10) business days after receiving such description, the receiving party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed.  If such a motion is filed, the producing party shall have the burden of proving that the Inadvertent Production in dispute is protected by attorney-client privilege, work product immunity or a joint defense/common interest privilege.  Pending the ruling on such motion, the receiving party may not utilize the Inadvertent Production for any purpose;

(d)     With respect to documents and other work product subsequently generated by the receiving party, which derivative documents contain information derived from such Inadvertent Production (the "Derivative Documents"), if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity with respect to the Inadvertent Production, the receiving party shall

either destroy such Derivative Documents or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

## FILING UNDER SEAL

15.     If any **CONFIDENTIAL MATERIAL** is filed with the Office of the Clerk of the Court:

(a)     It shall not be disclosed except as provided by this Order;

(b)     No **CONFIDENTIAL MATERIAL** will be filed with the Court unless it is filed under seal.  In such circumstance, the party desiring to file materials under seal may move for an order to file under seal or obtain a stipulation from the producing party to file the material under seal.  Unless otherwise agreed to by counsel for the parties, to comply with this requirement, **CONFIDENTIAL MATERIAL** must be filed in sealed containers labeled with: (1) the title to the Action; (2) the general nature of the contents; (3) the words **CONFIDENTIAL**; and (4) a statement substantially in the following form (or such other form or manner as the Clerk of the Court shall require):

> The contents hereof include confidential information filed in this case by [name of party] in accordance with a Litigation Protective Order entered in this case on [date].  This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case.  Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

(c)     The materials so filed shall be impounded until thirty (30) days after the entry of final decree in the Action, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

## MISCELLANEOUS PROVISIONS

16.     Regardless of whether a document or other material is designated

**CONFIDENTIAL MATERIAL**, and in addition to the restrictions on use of

**CONFIDENTIAL MATERIAL** contained in this Order, all parties shall comply with all

applicable laws and regulations related to the protection of Social Security numbers, financial

institution account numbers and records, and any other "personally identifiable information," as

defined by applicable laws or regulations.

17.     Any court reporter who transcribes testimony in this Action at a deposition shall

be provided a copy of this Order and shall thereafter ensure that all **CONFIDENTIAL**

**MATERIAL** is and shall remain confidential and shall not be disclosed except as provided

under this Order and that copies of any transcript, reporter's notes or any other transcription

records of any such testimony shall be retained in absolute confidentiality and safekeeping by

such court reporter or shall be delivered to an attorney of record or filed with the Court.

18.     This Order shall remain in full force and effect until further order of this Court at

the close of this Action.  At the close of this Action, the parties who received **CONFIDENTIAL**

**MATERIAL** shall (a) destroy it, or (b) return it to the person or entity who provided it.

19.     In the event anyone shall violate, or threaten to violate, any terms of this Order, any party having standing may apply to this Court to obtain injunctive relief against any such person or entity.

Dated: April 24, 2015

BAKER & HOSTETLER LLP

By: */s/ Jonathan R. Barr*
Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel:  (202) 861-1500
Fax:  (202) 861-1783
jbarr@bakerlaw.com

Jonathan B. New
jnew@bakerlaw.com
Patrick T. Campbell
pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
Tel:  (212) 589-4650
Fax:  (212) 589-4201

*Attorneys for Claimants, Aisha Atiku Bagudu,*
*Ibrahim Atiku Bagudu, Ibrahim Bagudu,*
*M.A.B., I.A.B., F.A.B., M.A.B. and H.A.B.*

M. KENDALL DAY, CHIEF ASSET
FORFEITURE AND MONEY
LAUNDERING SECTION

By: */s/ Elizabeth A. Aloi*
Daniel H. Claman
Assistant Deputy Chief
Elizabeth A. Aloi
Trial Attorney
Asset Forfeiture and Money Laundering
Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW, 10th Fl.
Washington, DC 20530
Tel: (202) 514-1263
Fax: (202) 514-5522

*Attorneys for Plaintiff, United States of*
*America*

SO ORDERED this ___ day of _____, 2015.

_____
JOHN D. BATES
United States District Judge