**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | <u>JURY TRIAL DEMANDED</u> |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM
AND AFFIRMATIVE DEFENSES**

Claimant Ibrahim Atiku Bagudu ("Claimant"), by and through his undersigned counsel,

hereby files his Answer and Affirmative Defenses ("Answer") to Plaintiff's Verified Complaint

for Forfeiture *In Rem* (the "Complaint") and says:

**GENERAL DENIAL**

Claimant does not respond to the headings included in the Complaint as they are

descriptive and no responses are required.  Except as expressly admitted herein, Claimant denies

each and every allegation in the Complaint.

**SPECIFIC RESPONSES**

**I.      INTRODUCTION**

1.      Insofar as the allegations in paragraph 1 of the Complaint state legal conclusions,

no response is required.  To the extent a response is deemed required to such legal conclusions,

Claimant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations, and on that basis denies them.  Claimant denies that the Claimed Property, as the term is defined in the Verified Claim and Statement of Interest of Ibrahim Atiku Bagudu, ECF No. 18, and the Ridley Group Limited, and all property traceable thereto, are subject to forfeiture as property involved in money laundering transactions in violation of U.S. law.

2.      Insofar as the allegations in paragraph 2 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations of paragraph 2, and on that basis denies them.

3.      Insofar as the allegations in paragraph 3 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations of paragraph 3, and on that basis denies them.

## II.      THE DEFENDANTS *IN REM*

4.      No response is required to paragraph 4 of the Complaint.

## III.      JURISDICTION AND VENUE

5.      The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant denies the allegations.

6.      The allegations in paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant denies the allegations.

7.      The allegations in paragraph 7 of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant denies the allegations.

### IV.    FACTUAL ALLEGATIONS

**A.    <u>Key Participants - General Abacha, his Associates, and their Corporate Entities</u>**

8.      Insofar as the allegations in paragraph 8 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 8, and on that basis denies them, except that Claimant admits that General Sani Abacha held the office of the President of the Federal Republic of Nigeria from November 1993 until his death in June 1998.

9.      Insofar as the allegations in paragraph 9 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 9, and on that basis denies them, except that Claimant admits that Ibrahim Sani Abacha was the first son of General Sani Abacha.

10.     Insofar as the allegations in paragraph 10 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 10, and on that basis denies them, except that Claimant admits that Mohammed Sani Abacha is the second son of General Sani Abacha.

11.     Insofar as the allegations in paragraph 11 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 11, and on that basis denies them.

12.     Insofar as the allegations in paragraph 12 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 12, and on that basis denies them.

13.     Insofar as the allegations in paragraph 13 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 13, and on that basis denies them.

14.     Insofar as the allegations in paragraph 14 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 14, and on that basis denies them.

15.     Insofar as the allegations in paragraph 15 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 15, and on that basis denies them.

16.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and Footnote 4 contained therein, and on that basis denies them.

18.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them.

19.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

21.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies them.

22.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies them.

23.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies them.

24.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis denies them.

**B.**     **The Security Votes Fraud**

25.     Insofar as the allegations in paragraph 25 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 25, and on that basis denies them.

i.      **Embezzlement of over $2 billion from the Central Bank of Nigeria**

26.     Insofar as the allegations in paragraph 26 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 26, and on that basis denies them.

27.     Insofar as the allegations in paragraph 27 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 27, and on that basis denies them.

28.     Insofar as the allegations in paragraph 28 of the Complaint and its subparagraphs state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 28 and its subparagraphs, and on that basis denies them.

29.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies them.

ii.     **Transfer of the Embezzled Funds Out of Nigeria and Through the United States**

30.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies them.

31.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies them.

32.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies them.

33.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and on that basis denies them.

34.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and Footnotes 5 and 6 contained therein, and on that basis denies them.

35.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and its subparagraphs, and on that basis denies them.

**C.      Debt Buy-Back Fraud**

> **i.      The Conspirators Defrauded Nigeria of More than $282 Million by Causing Nigeria to Repurchase Its Own Government Debt at a Grossly Inflated Price**

36.     Insofar as the allegations in paragraph 36 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 36, and on that basis denies them.

37.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis denies them.

38.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and on that basis denies them.

39.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and on that basis denies them.

40.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and on that basis denies them.

41.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies them.

42.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and on that basis denies them.

43.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and on that basis denies them.

44.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and on that basis denies them.

**ii.      The Disposition of the Debt Buy-Back Fraud Proceeds**

45.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and its subparagraphs, and on that basis denies them.

46.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and on that basis denies them.

47.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and on that basis denies them.

48.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies them.

49.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and on that basis denies them.

50.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and on that basis denies them.

51.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and on that basis denies them.

**D.     The Laundering of the Proceeds of the Security Votes Fraud and the Debt Buy-Back Fraud through the Purchase and Transfer of U.S.-Backed Securities, Nigerian Par Bonds**

52.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and on that basis denies them.

53.     Insofar as the allegations in paragraph 53 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 53, and on that basis denies them.

**i.      Background on Nigerian Par Bonds**

54.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and on that basis denies them.

55.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and on that basis denies them.

56.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and on that basis denies them.

57.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and on that basis denies them.

58.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and on that basis denies them.

59.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and on that basis denies them.

60.     Insofar as the allegations in paragraph 60 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 60, and on that basis denies them.

**ii.      The Purchase of Nigerian Par Bonds at ANZ (London) By Defendant Mecosta**

61.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and on that basis denies them.

62.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies them.

63.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis denies them.

64.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and on that basis denies them.

65.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and on that basis denies them.

66.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and on that basis denies them.

67.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and on that basis denies them.

68.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, and on that basis denies them.

### iii.      The Transfer of Nigerian Par Bonds from ANZ (London) to Defendant Doraville's Account at DBIL

69.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and on that basis denies them.

70.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and its subparagraphs, and on that basis denies them.

71.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and its subparagraphs, and on that basis denies them.

72.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and on that basis denies them.

73.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and on that basis denies them.

74.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and on that basis denies them.

75.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and on that basis denies them.

76.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and on that basis denies them.

77.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and on that basis denies them, except that Claimant admits that Abubakar Atiku Bagudu was arrested in Houston, Texas in May 2003.

78.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint, and on that basis denies them.

### iv.     Transfer of NPBs from ANZ (London) to the Defendant Blue (1) and Blue (2) Investment Portfolios

79.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and on that basis denies them.

80.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and on that basis denies them.

81.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and on that basis denies them.

82.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, and on that basis denies them.

83.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and on that basis denies them.

84.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and on that basis denies them.

85.     Insofar as the allegations in paragraph 85 of the Complaint state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 85, and on that basis denies them.

86.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and its subparagraphs, and on that basis denies them.

     **v.**       **The Purchase of Nigerian Par Bonds at Standard Bank by Defendant Mecosta**

87.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and on that basis denies them.

88.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and on that basis denies them.

     **vi.**      **The Transfer of Defendant Mecosta's NPBs from Standard Bank to Defendant Standard Alliance at Banque SBA in Paris, France**

89.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint, and on that basis denies them.

90.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint, and on that basis denies them.

91.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, and on that basis denies them.

92.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, and on that basis denies them.

93.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, and on that basis denies them.

**E.**     **Dumez Extortion**

     **i.**      **Extortion for the Payment of a Nigerian Government Contract**

94.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint, and on that basis denies them.

95.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, and on that basis denies them.

96.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint, and on that basis denies them.

97.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint, and on that basis denies them.

98.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and Footnote 7 therein, and on that basis denies them.

**ii.     The Laundering of the Dumez Extortion Proceeds and Transfer of the Proceeds to the Defendant HSBC Accounts**

99.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint, and on that basis denies them.

100.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint and its subparagraphs, and on that basis denies them.

## V.     BASIS FOR FORFEITURE

101.    Paragraph 101 of the Complaint is a purported statement of law that requires no response.  To the extent a response is deemed required to such purported statement of law, Claimant denies the allegation that relevant provisions of Nigerian law are set forth in Attachment A to the Complaint.

102.    Insofar as the allegations in paragraph 102 of the Complaint and its subparagraphs state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and the remaining allegations in paragraph 102, and on that basis denies them.

## FIRST CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(A))

103.    Paragraph 103 of the Complaint is a summary paragraph incorporating paragraphs 1 through 102 of the Complaint; Claimant thus incorporates his responses to paragraphs 1 through 102 of the Complaint into his response to paragraph 103 as if fully set forth herein.

104.    Paragraph 104 of the Complaint is a purported statement of law that requires no response.

105.    Paragraph 105 of the Complaint is a purported statement of law that requires no response.

106.    Paragraph 106 of the Complaint is a purported statement of law that requires no response.

107.    Paragraph 107 of the Complaint is a purported statement of law that requires no response.

108.    Insofar as the allegations in paragraph 108 of the Complaint and its subparagraphs state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.  Claimant denies that the Claimed Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(A))

109.    Paragraph 109 of the Complaint is a summary paragraph incorporating paragraphs 1 through 102, 104 and 105 of the Complaint; Claimant thus incorporates his responses to paragraphs 1 through 102, 104 and 105 of the Complaint into his response to paragraph 109 as if fully set forth herein.

110.    Paragraph 110 of the Complaint is a purported statement of law that requires no response.

111.    Insofar as the allegations in paragraph 111 of the Complaint and its subparagraphs state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.  Claimant denies that the Claimed Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### THIRD CLAIM FOR FORFEITURE
### (18 U.S.C. § 981 (a)(1)(A))

112.    Paragraph 112 of the Complaint is a summary paragraph incorporating paragraphs 1 through 102, 104, 105 through 107, and 110 of the Complaint; Claimant thus incorporates his responses to paragraphs 1 through 102, 104, 105 through 107, and 110 of the Complaint into his response to paragraph 112 as if fully set forth herein.

113.    Paragraph 113 of the Complaint is a purported statement of law that requires no response.

114.    Insofar as the allegations in paragraph 114 of the Complaint and its subparagraphs state legal conclusions, no response is required.  To the extent a response is deemed required to such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.  Claimant denies that the Claimed Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### FOURTH CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(A))

115.    Paragraph 115 of the Complaint is a summary paragraph incorporating paragraphs 1 through 102, 104, 105 through 107, 110, and 113 of the Complaint; Claimant thus incorporates

his responses to paragraphs 1 through 102, 104, 105 through 107, 110, and 113 of the Complaint

into his response to paragraph 115 as if fully set forth herein.

116.    Insofar as the allegations in paragraph 116 of the Complaint and its subparagraphs

state legal conclusions, no response is required.  To the extent a response is deemed required to

such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to

the truth of these allegations, and on that basis denies them, except that Claimant denies that the

Ridley Group Limited, and all property traceable thereto, is subject to forfeiture pursuant to 18

U.S.C. § 981(a)(1)(A).

### FIFTH CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(A))

117.    Paragraph 117 of the Complaint is a summary paragraph incorporating

paragraphs 1 through 102, 104, and 105 of the Complaint; Claimant thus incorporates his

responses to paragraphs 1 through 102, 104, and 105 of the Complaint into his response to

paragraph 117 as if fully set forth herein.

118.    Paragraph 118 of the Complaint is a purported statement of law that requires no

response.

119.    Insofar as the allegations in paragraph 119 of the Complaint and its subparagraphs

state legal conclusions, no response is required.  To the extent a response is deemed required to

such legal conclusions, Claimant lacks knowledge or information sufficient to form a belief as to

the truth of these allegations, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, as pleaded, fails to state facts sufficient to state a claim for which relief may be granted with respect to Plaintiff's claims for forfeiture against the Claimed Property.

### SECOND AFFIRMATIVE DEFENSE

Forfeiture of the Claimed Property in this case would violate the Due Process clause of the Fifth Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's forfeiture claims against the Claimed Property.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the doctrine of international comity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the act of state doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Forfeiture of the Claimed Property in this case is disproportionate and excessive, and is a violation of the Eighth Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred due to lack of probable cause for the institution of this proceeding.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing its causes of action because the seizure warrants in this case were obtained through incorrect, misleading, and/or incomplete allegations.

### NINTH AFFIRMATIVE DEFENSE

Claimant states that he is an innocent owner, along with fellow claimants (the "Related Claimants"), of the Claimed Property as contemplated by 18 U.S.C. § 983(d).  Claimant did not know or have reason to know that the Claimed Property was potentially derived from criminal activity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the doctrine of *res judicata.*

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the doctrines of equitable estoppel, collateral estoppel and/or issue preclusion.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from forfeiture of the Claimed Property because Plaintiff has acted in bad faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by unjust enrichment, estoppel, waiver, unclean hands, laches, and other equitable defenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations in the Complaint are compound, vague, and ambiguous.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from obtaining a forfeiture judgment in order to provide restitution to the Federal Republic of Nigeria as the victim of the alleged criminal activity underlying Plaintiff's forfeiture claims against the Claimed Property because Nigeria has given a full and binding release of its claims to any such restitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred due to failure of proof of illegal conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred due to failure of proof of the elements of money laundering under 18 U.S.C. § 1957(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred due to failure of proof of the elements of conspiracy to commit money laundering under 18 U.S.C. § 1956(h).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the Plaintiff's failure to trace seized funds under 18 U.S.C. § 981 or demonstrate that seized funds were involved in money laundering offenses.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred by the running of the applicable statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for forfeiture against the Claimed Property are barred because the assets Plaintiff alleges are traceable to the Claimed Property were declared by Nigeria in a settlement agreement to be free and clear "from any claims existing or future, direct or indirect, contemplated or otherwise by the FRN or in whole or part at its behest or on its behalf or for its benefit," thus, extinguishing forever any potential claim that the Claimed Property represented proceeds of alleged criminal activity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Claimant reserves the right to amend his Answer to assert any additional affirmative defenses or amend the above affirmative defenses as discovery warrants.

## <u>JURY TRIAL DEMAND</u>

Please take notice that Claimant demands a trial by jury of the issues and defenses raised by his Verified Claim and Answer.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Claimant Ibrahim Atiku Bagudu prays for judgment as follows:

A.      That Plaintiff's action be dismissed with respect to the Claimed Property and Plaintiff take nothing of the Claimed Property by way of its Verified Complaint for Forfeiture *in rem*;

B.      That the Claimed Property be released to Claimant and the Related Claimants free of warrants of arrest, *Lis Pendens*, or other encumbrance of the United States or its agents;

C.      That Claimant receive a jury trial of the issues and defenses raised by his Verified Claim and Answer;

D.      That Claimant recover his attorneys' fees and court costs; and

E.      For such other and further relief as the Court deems just and proper.

Dated:  May 4, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _/s/ Jonathan R. Barr_____
Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel: 202-861-1500
Fax: 202-861-1783
jbarr@bakerlaw.com

Jonathan B. New
jnew@bakerlaw.com
Patrick T. Campbell
pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111-0100
Tel: 212-589-4200
Fax: 212-589-4201

## **CERTIFICATE OF SERVICE**

I certify that on May 4, 2015, I caused the foregoing to be filed via the Court's CM/ECF system, which will serve the following attorneys of record:

DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money Laundering Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW, 10th Floor
Washington, DC 20005

*/s/ Jonathan R. Barr*