**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 13-cv-1832 (JDB) |
| | ) |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) |
| 80020796, IN THE NAME OF | ) |
| DORAVILLE PROPERTIES CORPORATION, | ) |
| AT DEUTSCHE BANK INTERNATIONAL, | ) |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) |
| TRACEABLE THERETO, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## UNITED STATES' MOTION TO ENTER RULE 54(b) FINAL JUDGMENTS AS TO CERTAIN PURPORTED CLAIMANTS AND CERTAIN DEFENDANTS *IN REM*

Comes now, the United States of America, by and through its undersigned attorneys, and respectfully moves the Court to enter final judgment pursuant to Fed. R. Civ. P. 54(b) against certain purported claimants and defendant assets. On July 3, 2014, the Court granted the United States' motion to strike the purported claims of Godson Nnaka, as well as claims purportedly filed on behalf of the Federal Republic of Nigeria (Nigeria). (ECF No. 54). Subsequently, on August 6, 2014, the Court entered default judgment (ECF No. 65) against certain of the defendant assets (the "defaulted assets"). Because there is no just reason to delay, the United States requests that this Court, pursuant to Rule 54(b), enter final judgment as to the purported claims of Godson Nnaka and Nigeria, as well as final judgment against the defaulted assets.

### I.    Legal Authority

Rule 54(b) of the Federal Rules of Civil Procedure states: "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct

entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Thus, if the Court expressly determines that there is "no just reason for delay," Rule 54(b) relaxes "the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Gelboim v. Bank of America Corp*, 135 S. Ct. 897 (2015) (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 434, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)).

## II.     Factual and Procedural Background

On November 18, 2013, the United States initiated this matter by filing a verified complaint for forfeiture *in rem* seeking the forfeiture of various assets in bank accounts in the United Kingdom, Bailiwick of Jersey (Jersey), and France, as well as four investment portfolios in the United Kingdom and five corporate entities registered in the British Virgin Islands. As set forth in the Complaint, the defendant property was involved in an international conspiracy to launder proceeds of corruption in Nigeria during and after the military regime of General Sani Abacha.  This Court issued arrest warrants *in rem* for the defendant assets on December 6, 2013, and, shortly thereafter, the defendant assets, with the exception of the five corporate entities, were restrained in France, Jersey, and the United Kingdom.

On April 17, 2014, Charles Lion Agwumezie filed a motion on behalf of Kenneth Nnaka, a Texas attorney, for leave to appear *pro hac vice* in this matter. Several documents were attached to Mr. Agwumezie's motion. The first was an unverified claim purportedly submitted on behalf of Nigeria. The fifth was a motion by Kenneth Nnaka (who was not yet admitted to practice before this Court) seeking an extension of time to obtain verification for this claim.  The second attachment to the *pro hac vice* motion was a claim submitted on behalf of Godson Nnaka.

In the claim, Godson Nnaka represents that he is an attorney and purports to have a retainer agreement with Nigeria. Godson Nnaka, however, was disbarred by the Maryland Attorney Grievance Commission on August 21, 2012.[1] On April 18, 2014, Mr. Agwumezie's *pro hac vice* motion was denied. Because the purported claims of Nigeria and Godson Nnaka to all of the defendant assets were attached to Mr. Agwumezie's failed motion, they were not docketed as claims.

On April 22, 2014, Mr. Agwumezie again filed a motion for leave for Kenneth Nnaka to appear *pro hac vice*, as well as a motion for admission on behalf of Jude Ezeala. Neither motion was properly signed, and neither included any attachments. On April 25, 2014, this Court granted the *pro hac vice* motions on the condition that Kenneth Nnaka and Jude Ezeala submit signed declarations, which they did on May 7 and 21, 2014, respectively.

On May 1, 2014, ten individuals (hereinafter "the Bagudu Claimants") filed timely claims to the four defendant investment portfolios located in the United Kingdom, but not to the defendant assets identified in paragraphs 4(a) through 4(g) of the Complaint. On June 2, 2014, the United States filed an affidavit for default against the assets identified in paragraphs 4(a) through 4(g) of the Complaint (*i.e.*, the defaulted assets) because no party had filed a claim to those defendant assets and the time to do so had expired.  Ten days later, Kenneth Nnaka and Jude Ezeala filed a Motion for Enlargement of Time Within Which to File an Answer to Complaint for Forfeiture; an Answer to Complaint and Attached Claim; and a Response to Plaintiff's Affidavit in Support of Default.

---

[1] *See,* Maryland Courts, Attorney Grievance Commission, *Maryland Attorneys Disciplinary Actions FY 2013,* http://mdcourts.gov/attygrievance/sanctions13.html, filed as Attachment A to United States' Motion to Strike on June 27, 2014. (ECF No. 52-2).

On June 27, 2014, the United States moved the Court to strike all claims filed by Kenneth Nnaka, Ezeala, Agwumezie, and Godson Nnaka. The Court granted the United States' motion on July 3, 2014, and the claims were stricken from the record. (ECF No. 54). Accordingly, no verified claim to the defaulted assets was filed. The United States thus sought and obtained an order forfeiting the defaulted assets to the United States. (ECF No. 65).  The forfeiture order vests title to the defaulted assets in the United States and orders the clerk to close this matter as to the defaulted assets.  (ECF No. 65, pages 3 and 4).  The Bagudu Claimants' claim to the four U.K. investment portfolios, as well as the forfeiture action against the five corporate entities, remain pending.

On September 1, 2014, Godson Nnaka filed a notice of appeal from this Court's July 3, 2014, order striking his claim from this forfeiture action.  The United States moved to dismiss the appeal on the grounds that the D.C. Circuit Court lacked jurisdiction to hear the appeal because this Court's order striking Mr. Nnaka's claim was not final. On May 22, 2015, the D.C. Circuit Court granted the United States' motion to dismiss on the grounds that, "[t]he district court's order, filed July 3, 2014, is not final, because it did not dispose of all claims against all parties."  *See United States v. All Assets Held in Investment Portfolio of Blue Holding (1), Et Al*, No. 14-5228, slip op at 1 (D.C. Cir. May 22, 2015) (per curiam) (internal citations omitted). The D.C. Circuit also found that this Court did not "'expressly determine[] that there is no just reason for delay' and 'direct entry of a final judgment as to one or more, but fewer than all, claims or parties,' as required for an immediate appeal under Fed. R. Civ. P. 54(b)."  *Id*. Thus, Mr. Nnaka is barred from proceeding with his appeal until either final judgment is entered as to all the parties or this Court expressly determines that there is no just reason to delay entering final judgment as to Mr. Nnaka and the defaulted assets.

### III.    Argument

When there are multiple claims in a civil forfeiture action and the Court has expediently resolved some, but not all of the claims, it is appropriate for this Court to exercise its authority to enter final judgment pursuant to Rule 54(b) with respect to those claims that have been resolved in order to allow the opportunity for appeals to be heard.   *See, e.g., United States v. BCCI Holdings, Luxembourg*, S.A., 69 F. Supp. 2d 36 (D.D.C. 1999) ("With respect to each of the L-claims that were dismissed on the Government's motion, the court entered a 'final judgment' stating that all issues between the Government and the petitioner had been resolved, and that there was no just reason for delay in allowing the petitioner to appeal. Thus, consistent with Rule 54(b) of the Federal Rules of Civil Procedure, third-parties whose L-claims were dismissed were able to take their appeals without having to wait for all litigation involving all 175 L-claims to be resolved.").  Here, the Court has resolved the purported claims of Godson Nnaka and Nigeria by striking those claims after finding that they failed to meet statutory requirements for verification and/or timeliness.  (ECF No. 54 at 13).  The Court further resolved all claims as to the defaulted assets by entering a forfeiture judgment for the United States.  (ECF No. 65).  However, on-going litigation by the Bagudu Claimants as to the remaining defendant assets will likely continue for years. *See* April 29, 2015 Scheduling Order (ECF No. 85) (setting forth discovery deadlines into April 2017).   Therefore, as set forth herein, both Mr. Nnaka and the United States would be advantaged if this Court were to enter final, appealable judgments as to the purported claims of Mr. Nnaka and Nigeria and as to the forfeiture to the United States of

the defaulted assets. There is accordingly no just reason to delay entering such final judgments pursuant to Rule 54(b) and allowing appeals to be heard.

The United States is the only party to this litigation with an interest in the defaulted assets, which are located overseas in the United Kingdom, Jersey, and France. The Bagudu Claimants have made no claim to the defaulted assets, and the purported claims of Mr. Nnaka and Nigeria have already been stricken for failure to meet statutory requirements for filing timely, verified claims.  Consequently, there are no claims left to adjudicate with respect to the defaulted assets and final judgment as to these defendants is appropriate.

However, in order to collect on the forfeiture judgment, the United States must ask the foreign jurisdictions in which the assets are located to enforce this Court's orders, and, consistent with mutual legal assistance treaties and practice, as well as foreign law, in seeking the enforcement of a forfeiture judgment overseas, the United States ordinarily must establish that the judgment is final and no longer subject to appeal.[2]  The United States has a substantial interest in enforcement of this Court's forfeiture judgment against the defaulted assets, valued at approximately $480 million, to enable the Government to seek collection and appropriate disposition of the forfeited assets.  The United States is unaware of any reason to postpone the enforcement of this Court's orders until after the adjudication of the remaining forfeiture claims.

Further, Mr. Nnaka has already attempted to appeal this Court's order striking his claims. Thus, Mr. Nnaka may also have an interest in the entry of a final, appealable judgment as to his claims without waiting for the adjudication of the unrelated claims to the remaining defendant

---

[2] *See, e.g.,* Article 11 of the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and France, U.S.-Fr., Dec. 10, 1998, S. TREATY DOC. NO. 106-17 (2000) ("At the request of the Requesting State, the Requested State may execute a final decision of forfeiture pronounced by judicial authorities of the Requesting State.")

assets.[3] Accordingly, because all of the affected persons would be benefited by the entry of judgments pursuant to Rule 54(b), there is no just reason to delay the entry of final judgments.

Entry of final judgment pursuant to Rule 54(b) will also promote prompt execution of the Court's judgment.  The Court has an interest in the effective, timely enforcement of its orders and judgments.  It has been more than a year since the initial entry of default judgment.  As noted, because all of the defaulted assets are located abroad, entry of final judgment pursuant to Rule 54(b) would permit enforcement proceedings to be undertaken overseas without delay.[4]

Finally, the remaining claims in this action are brought by a distinct and separate group of claimants and concern assets that are distinct and separate from the defaulted assets.  Thus, an appeal from the requested final judgments would not likely present the same issues as any subsequent appeal brought by the Bagudu Claimants' regarding their ongoing litigation.  Consequently, judicial efficiency would be served by entering final judgments pursuant to Rule 54(b).

## IV.   Conclusion

For the foregoing reasons, the United States requests that this Court enter Rule 54(b) final judgments (1) against all purported claims of Godson Nnaka and Nigeria and (2) against the defaulted assets because there is no just reason to delay finality as to those claims or assets.

---

[3] Mr. Nnaka sought to intervene as a claimant, on his own behalf and purportedly on behalf of Nigeria, with respect to both the defaulted assets and the remaining assets that are the subject of on-going proceedings.  Allowing Mr. Nnaka the opportunity to appeal from the Court's order and judgment with respect to the approximately $480 million in defaulted assets would be consistent with his prior attempt to seek review of those rulings and whether he has any basis for participation in the litigation involving the remaining assets.

[4]  Even if an appeal were successful, resolution of matters involving the defaulted assets could proceed without first awaiting final adjudication of the distinct claims of the Bagudu Claimants to the distinct assets that remain the subject of ongoing litigation.

Dated:  September 10, 2015                    Respectfully submitted,

                                              M. KENDALL DAY, CHIEF
                                              ASSET FORFEITURE AND MONEY
                                              LAUNDERING SECTION


                                              By:  _Elizabeth A. Aloi_
                                              DANIEL H. CLAMAN
                                              Assistant Deputy Chief
                                              ELIZABETH A. ALOI
                                              Trial Attorney
                                              Asset Forfeiture and Money Laundering Section
                                              Criminal Division
                                              U.S. Department of Justice
                                              1400 New York Avenue, NW, 10th Floor
                                              Washington, DC  20530
                                              Tel:     (202) 514-1263
                                              Fax:     (202) 514-5522

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I certify that on September 10, 2015, I caused the foregoing Motion to Enter Rule 54(b)

Final Judgments as to Certain Purported Claimants and Certain Defendants *In Rem* to be served

by overnight delivery upon the individual identified below:

> Godson M. Nnaka
> 9119 South Gessner Road
> Suite 127
> Houston, TX 77074

/s/ *Elizabeth A. Aloi*
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money Laundering Section
U.S. Department of Justice
1400 New York Ave. NW
Room 10100
Washington, DC 20530
TEL: (202) 598-2525 / FAX: (202) 616-2547
elizabeth.aloi@usdoj.gov