# Exhibit 1

To Declaration of Michael W. Khoo (Mar. 3, 2017)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CLAIMANT IBRAHIM BAGUDU'S ANSWERS AND OBJECTIONS
TO THE GOVERNMENT'S FIRST SET OF SPECIAL INTERROGATORIES**

Claimant Ibrahim Bagudu ("Claimant"), by and through his undersigned counsel and pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G(6)"), hereby responds to the First Set of Special Interrogatories (the "Special Interrogatories") served by the Government as follows:

**<u>INTRODUCTION</u>**

The responses set forth herein are based only upon the information, witnesses, and documents within Claimant's possession, custody, or control, and/or the possession, custody, or control of his attorneys. These answers are made without the waiver of, and with the preservation of, the right at any time to revise, supplement, correct, amend, or clarify any of the answers offered by Claimant.

# GENERAL OBJECTIONS

1.      Claimant objects to the Special Interrogatories to the extent that they require him to divulge: (a) confidential or proprietary information or documents; (b) information or documents subject to the attorney-client privilege; (c) information or documents protected by the attorney work-product doctrine; (d) information or documents privileged under U.S. federal or state law, or any other constitutional, statutory, or common law privileges of any other country; (e) information or documents protected from disclosure under relevant state or national "shield" or "blocking" statutes or under applicable foreign law; (f) information or documents protected by any other applicable privileges or protections; or (g) information or documents that Claimant is precluded by law, court order, or agreement from divulging (collectively, "Confidential or Privileged Information").  Claimant's inadvertent disclosure or production of any Confidential or Privileged Information will not be deemed a waiver of any applicable confidentiality protection or privilege.

2.      Claimant objects to the Instructions for Use and Definitions in the Special Interrogatories to the extent they impose greater burdens on him than those provided, prescribed, or required by the Federal Rules of Civil Procedure or the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3.      Claimant objects to Instruction Number 5 in the Instructions for Use in the Special Interrogatories on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to Instruction Number 5 on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

4.      Claimant objects to Instruction Number 8 in the Instructions for Use in the Special Interrogatories on the grounds that it is inappropriately directed toward a request for

production and is not an appropriate instruction for the Special Interrogatories, which do not seek the production of any documents.

5.      Claimant objects to Instruction Number 10 in the Instructions for Use in the Special Interrogatories on the grounds that it is unduly burdensome and overly broad.  Claimant also objects to Instruction Number 10 on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Claimant objects to Instruction Number 10's requirement that Claimant identify the author of the document to the extent that the document identified is a trust record or other corporate record. Claimant further objects to Instruction Number 10's requirement that Claimant state the "general subject matter" on the grounds that any document identified speaks for itself.  Claimant objects to Instruction Number 10's requirements that Claimant state: (a) the "name, business affiliation (presently and at the time the document was prepared) and last known address of every person to whom a copy of the document was to be sent"; (b) the "names and addresses of all persons who now have the original and/or any copies of such document"; and (c) the "identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents.

6.      Claimant objects to Instruction Number 13 in the Instructions for Use in the Special Interrogatories on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to Instruction Number 13 on the grounds that it is not "limited to the claimant's

identity and relationship to the defendant property," as required by Supplemental Rule G(6). Claimant also objects to Instruction Number 13's requirements that Claimant provide: (a) "present last known address or location and business telephone number of each such person"; (b) "the business position or positions held by that individual and such person's last known residence address and residence telephone number"; and, for non-individuals, (c) the person's "owners, directors, agents, officers, attorneys or legal representatives, and any individual(s) who have knowledge or with whom communications have been had of, or relating to, the matter involved" on the grounds that these requirements of Instruction Number 13 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

7.     Claimant objects to the Special Interrogatories to the extent they request information that is beyond the scope authorized by Supplemental Rule G(6), including, but not limited to, the extent to which the Special Interrogatories are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

8.     Claimant objects to the Special Interrogatories to the extent that responding to them would impose an undue burden, oppression, or expense.  As used herein, these terms include: (a) Special Interrogatories that, so characterized, require a search for information that is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6); (b) that any value, if any, of such information is far outweighed by the burden or cost of divulging it; or (c) that the information requested is equally available to the Government as to Claimant from some other source that is more convenient, less burdensome, or less expensive or is already in the Government's possession.

9.      Claimant objects to the Special Interrogatories to the extent they are overly broad, vague, or ambiguous.  As used herein, the term "overly broad" includes Special Interrogatories that, so characterized, seeks any information beyond the "the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

10.     Claimant objects to the Special Interrogatories to the extent they purport to require Claimant to state a legal conclusion or otherwise opine on a question of law.

11.     Claimant objects to the Special Interrogatories to the extent that they are argumentative or speculative.

12.     Claimant objects to the Special Interrogatories to the extent that they are premature contention interrogatories.

13.     Claimant objects to the Special Interrogatories to the extent that they are unreasonably cumulative or duplicative.

14.     Claimant objects to the Special Interrogatories to the extent that they improperly call for the production of documents or other tangible things.

15.     No objection made herein, or lack thereof, shall be deemed an admission by Claimant as to the existence or non-existence of any information or documents.

16.     To the extent Claimant responds to the Special Interrogatories or otherwise provides information that is responsive to any individual Special Interrogatory, such response does not constitute: (a) an acknowledgement of the propriety of that Special Interrogatory; (b) an admission of the relevance or admissibility of the information or document identified; (c) an admission of the truth or accuracy of any characterization, inference, or document of any kind contained in the Special Interrogatories; or (d) a waiver or abridgement of any applicable privilege, confidentiality protection, or any applicable objection set forth herein.  Claimant

submits these responses without conceding the relevancy, materiality, or admissibility of the subject matter of any information sought by, or offered in response to, the Special Interrogatories, and without waiver of any of the general or specific objections raised in this response.

Subject to and without waiving the foregoing objections, Claimant responds to the Special Interrogatories as follows:

## CLAIMANT'S OBJECTIONS AND ANSWERS TO SPECIAL INTERROGATORIES

**1.      State your full name (including any other names used by you to operate or do business) and address.**

In addition to the above General Objections, Claimant specifically objects to this Special Interrogatory to the extent it seeks confidential information.  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

Ibrahim Bagudu



**2.      State any and all tax identification numbers, passport numbers, registration numbers and license numbers that you have obtained from any government.**

In addition to the above General Objections, Claimant specifically objects to this Special Interrogatory on the grounds that it seeks confidential information, is overly broad, seeks information beyond that which is necessary to identify Claimant, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Subject to and without waiver of the foregoing general and specific objections, Claimant provides his passport information, as follows:

Passport No ███████████
Country of Issue: Nigeria

Date of Issue 
Date of Expir

**3.      Identify all countries of which you are or have been a citizen or legal resident, and dates of your citizenship and/or legal residency.**

In addition to the above General Objections, Claimant specifically objects to this Special Interrogatory on the grounds that it seeks information beyond that which is necessary to identify Claimant, is overly broad, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

Claimant is a citizen of Nigeria and has been since his birth o 

**4.      Describe in detail your relationship to the following individuals:**

> **a.      Abubakar Atiku Bagudu**
> **b.      Mohammed Sani Abacha**
> **c.      Sani Abacha**
> **d.      Aisha Atiku Bagudu**
> **e.      Ibrahim Atiku Bagudu**
> **f.      Zainab Shinkafi Bagudu**
> **g.      F.A.B.**
> **h.      H.A.B.**
> **i.      I.A.B.**
> **j.      M.A.B. (Age 15)**
> **k.      M.A.B. (Age (17)**
> **l.      R.A.B.**

In addition to the above General Objections, Claimant objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6), but, rather, seeks Claimant's relationship with other individuals.  Claimant also specifically objects on the grounds that the term "relationship" is vague and ambiguous.  Subject to and without

waiver of the foregoing general and specific objections, Claimant responds that he has the following familial relationships with the listed individuals:

a.     <u>Abubakar Atiku Bagudu</u> - Abubakar Atiku Bagudu is Claimant's brother.

b.     <u>Mohammed Sani Abacha</u> - Claimant has no familial relationship to Mohammed Sani Abacha.

c.     <u>Sani Abacha</u> - Claimant has no familial relationship to Sani Abacha.

d.     <u>Aisha Atiku Bagudu</u> - Aisha Atiku Bagudu is a wife of Claimant's brother, Abubakar Atiku Bagudu.

e.     <u>Ibrahim Atiku Bagudu</u> - Ibrahim Atiku Bagudu is Claimant's nephew, a son of his brother, Abubakar Atiku Bagudu.

f.     <u>Zainab Shinkafi Bagudu</u> - Zainab Shinkafi Bagudu is a wife of Claimant's brother, Abubakar Atiku Bagudu.

g.     <u>F.A.B.</u> - F.A.B. is Claimant's niece, a daughter of his brother, Abubakar Atiku Bagudu.

h.     <u>H.A.B.</u> - H.A.B. is Claimant's niece, a daughter of his brother, Abubakar Atiku Bagudu.

i.     <u>I.A.B.</u> - I.A.B. is Claimant's niece, a daughter of his brother, Abubakar Atiku Bagudu.

j.     <u>M.A.B. (age 15)</u> - M.A.B. (age 15) is Claimant's nephew, a son of his brother, Abubakar Atiku Bagudu.

k.     <u>M.A.B. (age 17)</u> - M.A.B. (age 17) is Claimant's niece, a daughter of his brother, Abubakar Atiku Bagudu.

l.      R.A.B. - R.A.B. is Claimant's niece, a daughter of his brother, Abubakar Atiku

Bagudu, and Zainab Shinkafi Bagudu.

**5.      Describe in detail the specific nature of your current relationship with each of the following entities, and identify all documents which describe, define, govern or set the terms and conditions of the relationship:**

> **a.      Blue Holdings (1) Pte. Ltd.**
> **b.      Blue Holdings (2) Pte. Ltd.**
> **c.      Blue PTC Pte. Ltd.**
> **d.      The Ridley Group**
> **e.      The Ridley Group Trust**

In addition to the above General Objections, Claimant specifically objects on the grounds

that the term "relationship" is vague and ambiguous.  Claimant objects to the Special

Interrogatory to the extent that it purports to require Claimant to identify documents with the

information listed in Instruction Number 10 in the Instructions for Use on the grounds that this

requirement is unduly burdensome and overly broad and further objects on the grounds that this

requirement is not "limited to the claimant's identity and relationship to the defendant property,"

as required by Supplemental Rule G(6).  Claimant objects to Instruction Number 10's

requirement that Claimant identify the author of the document to the extent that the document

identified is a trust record or other corporate record.  Claimant objects to Instruction Number

10's requirement that Claimant state the "general subject matter" on the grounds that any

document identified speaks for itself.  Claimant further objects to Instruction Number 10's

requirements that Claimant state (a) the "name, business affiliation (presently and at the time the

document was prepared) and last known address of every person to whom a copy of the

document was to be sent"; (b) the "names and addresses of all persons who now have the

original and/or any copies of such document"; and (c) the "identification and location of the files

where the original and each copy is normally or presently kept and the custodian thereof," on the

grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents.  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

      a.     Blue Holdings (1) Pte. Ltd. - Blue Holdings (1) Pte. Ltd. is an investment vehicle used by Blue Family Trust I to hold certain assets for the ultimate benefit of the beneficiaries of Blue Family Trust I.  Claimant is a beneficiary of the Blue Family Trust I.  Blue PTC Pte. Ltd., as trustee of Blue Family Trust I, holds the outstanding ordinary and redeemable preference shares of Blue Holdings (1) Pte. Ltd. in trust for the beneficiaries of Blue Family Trust I.  Claimant, as a beneficiary of Blue Family Trust I, is a beneficial owner of the shares of Blue Holdings (1) Pte. Ltd. and the assets held in the name of Blue Holdings (1) Pte. Ltd., including investment accounts held in the name of Blue Holdings (1) Pte. Ltd. at J.O. Hambro Investment Management Limited (now known as Waverton Investment Management Limited) and James Hambro and Partners LLP in the United Kingdom.

Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of his current relationship to Blue Holdings (1) Pte. Ltd.:

| Date | Title |
|---|---|
| July 30, 2010 | Deed of Settlement of the Blue Family Trust I |

| Date | Title |
|------|-------|
| July 30, 2010 | Resolution of Directors of the Company [Blue PTC Pte. Ltd.] Made on 30 July 2010 Pursuant to the Articles of Association – Resolution in Respect of the Trusteeship of the Blue Family Trust I |
| August 16, 2010 | Directors' Resolutions in Writing Passed Pursuant to Article 91 of the Company's [Blue Holdings (1) Pte. Ltd.] Articles of Association |
| August 16, 2010 | Blue Holdings (1) Pte. Ltd. Stock Certificate No. 2 |
| August 16, 2010 | James Hambro & Partners LLP Client Information Schedule Company Questionnaire [for Blue Holdings (1) Pte. Ltd.] |
| August 16, 2010 | JO Hambro Investment Management Company Questionnaire [for Blue Holdings (1) Pte. Ltd.] |
| September 3, 2010 | Minutes of Meeting of Directors [of Blue Holdings (1) Pte. Ltd.] held at the Registered Office of the Company on Friday, 3 September at 11:10 a.m. |
| September 3, 2010 | Minutes of Meeting of Directors Held at the Registered Office of the Company [Blue PTC Pte. Ltd.] on Friday, 3 September at 10:50 a.m. |

b.      Blue Holdings (2) Pte. Ltd. - Blue Holdings (2) Pte. Ltd. is an investment vehicle

used by the Blue Family Trust II to hold certain assets for the ultimate benefit of the

beneficiaries of Blue Family Trust II.  Claimant is a beneficiary of the Blue Family Trust II.

Blue PTC Pte. Ltd., as trustee of Blue Family Trust II, holds the outstanding ordinary and

redeemable preference shares of Blue Holdings (2) Pte. Ltd. in trust for the beneficiaries of Blue

Family Trust II.  Claimant, as a beneficiary of Blue Family Trust II, is a beneficial owner of the

shares of Blue Holdings (2) Pte. Ltd. and the assets held in the name of Blue Holdings (2) Pte.

Ltd., including investment accounts held in the name of Blue Holdings (2) Pte. Ltd. at J.O.

Hambro Investment Management Limited (now known as Waverton Investment Management

Limited) and James Hambro and Partners LLP in the United Kingdom.  Claimant is also entitled
to receive an annuity of US$100,000 each year from Blue Family Trust II pursuant to a Deed of
Appointment of Annuity adopted by the trustee of the Blue Family Trust II on or about
September 3, 2010.

Claimant is presently aware of the following non-privileged documents that "describe,
define, govern or set the terms and conditions" of his current relationship to Blue Holdings (2)
Pte. Ltd.:

| Date | Title |
|---|---|
| July 30, 2010 | Deed of Settlement of the Blue Family Trust II |
| July 30, 2010 | Resolution of Directors of the Company [Blue PTC Pte. Ltd.] Made on 30 July 2010 Pursuant to the Articles of Association – Resolution in Respect of the Trusteeship of the Blue Family Trust II |
| August 16, 2010 | Directors' Resolutions in Writing Passed Pursuant to Article 91 of the Company's [Blue Holdings (2) Pte. Ltd.] Articles of Association |
| August 16, 2010 | Blue Holdings (2) Pte. Ltd. Stock Certificate No. 2 |
| August 16, 2010 | James Hambro & Partners LLP Client Information Schedule Company Questionnaire [for Blue Holdings (2) Pte. Ltd.] |
| August 16, 2010 | JO Hambro Investment Management Company Questionnaire [for Blue Holdings (2) Pte. Ltd.] |
| September 3, 2010 | Minutes of Meeting of Directors Held at the Registered Office of the Company [Blue PTC Pte. Ltd.] on Friday, 3 September at 11:00 a.m. |
| September 3, 2010 | Deed of Appointment of an Annuity [Blue PTC Pte. Ltd., as Trustee of the Blue Family Trust II] |

| Date | Title |
|------|-------|
| September 3, 2010 | Minutes of Meeting of Directors held at the Registered Office of the Company [Blue Holdings (2) Pte. Ltd.] on Friday, 3 September at 11:20 a.m. |

c.    Blue PTC Pte. Ltd. - Blue PTC Pte. Ltd. is the trustee of Blue Family Trust I and Blue Family Trust II, of which Claimant is a beneficiary.

Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of his current relationship to Blue PTC Pte. Ltd.:

| Date | Title |
|------|-------|
| July 30, 2010 | Resolution of Directors of the Company [Blue PTC Pte. Ltd.] Made on 30 July 2010 Pursuant to the Articles of Association – Resolution in Respect of the Trusteeship of the Blue Family Trust I |
| July 30, 2010 | Resolution of Directors of the Company [Blue PTC Pte Ltd.] Made on 30 July 2010 Pursuant to the Articles of Association – Resolution in Respect of the Trusteeship of the Blue Family Trust II |
| July 30, 2010 | Deed of Settlement of the Blue Family Trust I |
| July 30, 2010 | Deed of Settlement of the Blue Family Trust II |

d.    The Ridley Group - Claimant specifically objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

e.    The Ridley Group Trust - Claimant specifically objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further

objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's

identity and relationship to the defendant property," as required by Supplemental Rule G(6).

**6.** **Has your relationship with any of the following entities changed since November 8, 2013? If so, describe in detail the specific nature of your relationship to the following entities prior to November 8, 2013, and the way in which your relationship has changed, and identify all documents which describe, define, or govern such change.**

      a.      **Blue Holdings (1) Pte. Ltd.**
      b.      **Blue Holdings (2) Pte. Ltd.**
      c.      **Blue PTC Pte. Ltd.**
      d.      **Blue Family Trust I**
      e.      **Blue Family Trust II**
      f.      **The Ridley Group**
      g.      **The Ridley Group Trust**

In addition to the above General Objections, Claimant specifically objects on the grounds

that the term "relationship" is vague and ambiguous.  Claimant objects to the Special

Interrogatory to the extent that it purports to require Claimant to identify documents with the

information listed in Instruction Number 10 in the Instructions for Use on the grounds that this

requirement is unduly burdensome and overly broad and also on the grounds that this

requirement is not "limited to the claimant's identity and relationship to the defendant property,"

as required by Supplemental Rule G(6).  Claimant objects to Instruction Number 10's

requirement that Claimant identify the author of the document to the extent that the document

identified is a trust record or other corporate record.  Claimant objects to Instruction Number

10's requirement that Claimant state the "general subject matter" on the grounds that any

document identified speaks for itself.  Claimant further objects to Instruction Number 10's

requirements that Claimant state (a) the "name, business affiliation (presently and at the time the

document was prepared) and last known address of every person to whom a copy of the

document was to be sent"; (b) the "names and addresses of all persons who now have the

original and/or any copies of such document"; and (c) the "identification and location of the files

where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents. Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

     a.     Blue Holdings (1) Pte. Ltd. - Yes. Prior to November 8, 2013, Claimant was a director of Blue Holdings (1) Pte. Ltd. As of April 30, 2014, Claimant ceased to be a director of Blue Holdings (1) Pte. Ltd.

     Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of the change:

| Date | Title |
|------|-------|
| April 30, 2014 | Directors' Resolutions in Writing Passes Pursuant to Article 91 of the Company's [Blue Holdings (1) Pte. Ltd.] Articles of Association |

     b.     Blue Holdings (2) Pte. Ltd. - Yes. Prior to November 8, 2013, Claimant was a director of Blue Holdings (2) Pte. Ltd. As of April 30, 2014, Claimant ceased to be a director of Blue Holdings (2) Pte. Ltd.

     Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of the change:

| Date | Title |
|---|---|
| April 30, 2014 | Directors' Resolutions in Writing Passes Pursuant to Article 91 of the Company's [Blue Holdings (2) Pte. Ltd.] Articles of Association |

c.     <u>Blue PTC Pte. Ltd.</u> - Yes.  Prior to November 8, 2013, Claimant was a director of Blue PTC Pte. Ltd.  As of April 30, 2014, Claimant ceased to be a director of Blue PTC Pte. Ltd.

Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of the change:

| Date | Title |
|---|---|
| April 30, 2014 | Directors' Resolutions in Writing Passes Pursuant to Article 91 of the Company's [Blue PTC Pte. Ltd.] Articles of Association |

d.     <u>Blue Family Trust I</u> - Claimant's relationship to this entity has not changed since November 8, 2013.

e.     <u>Blue Family Trust II</u> - Claimant's relationship to this entity has not changed since November 8, 2013.

f.     <u>The Ridley Group</u> - Claimant specifically objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

g.     <u>The Ridley Group Trust</u> - Claimant specifically objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

7.     For each of the following entities (1) state all addresses and any names used by the entity to operate or do business; (2) state all jurisdictions in which the entity is registered, incorporated or licensed to do business and whether it is in good standing in such jurisdiction; (3) identify any and all directors, agents, representatives, trustees or officers and; (4) identify each such person's address, phone number, and mailing address:

        a.      **Blue Holdings (1) Pte. Ltd.**
        b.      **Blue Holdings (2) Pte. Ltd.**
        c.      **Blue PTC Pte. Ltd.**
        d.      **Blue Family Trust I**
        e.      **Blue Family Trust II**
        f.      **The Ridley Group**
        g.      **The Ridley Group Trust**

In addition to the General Objections set forth above, Claimant specifically objects on the grounds that the information sought by the Special Interrogatory—particularly, its request to identify addresses and phone numbers for "any and all directors, agents, representatives, trustees or officers" of the listed entities—is unduly burdensome and overly broad and also objects on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Subject to and without waiver of the foregoing general and specific objections and based on information and belief and records obtained from Singapore's Accounting and Corporate Regulatory Authority, Claimant responds as follows:

a-c.    <u>Blue Holdings (1) Pte. Ltd., Blue Holdings (2) Pte. Ltd., and Blue PTC Pte. Ltd.:</u>

|  | **Blue Holdings (1) Pte. Ltd.** | **Blue Holdings (2) Pte. Ltd.** | **Blue PTC Pte. Ltd.** |
|---|---|---|---|
| **Registered Office Address** | 163 Penang Road #02-03 Winsland House II Singapore (238463) | 163 Penang Road #02-03 Winsland House II Singapore (238463) | 163 Penang Road #02-03 Winsland House II Singapore (238463) |
| **Registration** | Singapore; live company status | Singapore; live company status | Singapore; live company status |
| **Directors/Officers** | <u>Director 1</u>: Mahmud Abubakar Magaji | <u>Director 1</u>: Mahmud Abubakar Magaji | <u>Director 1</u>: Mahmud Abubakar Magaji |

| | Blue Holdings (1) Pte. Ltd. | Blue Holdings (2) Pte. Ltd. | Blue PTC Pte. Ltd. |
|---|---|---|---|
| | ████████ | ████████ | ████████ |
| | Niger State, Nigeria | Niger State, Nigeria | Niger State, Nigeria |
| | Director 2: Karen Ann O'Hanlon | Director 2: Karen Ann O'Hanlon | Director 2: Karen Ann O'Hanlon |
| | ████████ | ████████ | ████████ |
| | Singapore (275787) | Singapore (275787) | Singapore (275787) |
| | Alternate Director: Cara Briggs Yousry | Alternate Director: Cara Briggs Yousry | Alternate Director: Cara Briggs Yousry |
| | ████████ | ████████ | ████████ |
| | Singapore (248362) | Singapore (248362) | Singapore (248362) |
| | Secretary: Lisa Ann-Marie Cumberbatch | Secretary: Lisa Ann-Marie Cumberbatch | Secretary: Lisa Ann-Marie Cumberbatch |
| | ████████ | ████████ | ████████ |
| | Singapore (169480) | Singapore (169480) | Singapore (169480) |

  d. <u>Blue Family Trust I</u> - Blue Family Trust I is a trust settled under the laws of Singapore.  The trustee of the trust is Blue PTC Pte. Ltd., whose registered office address and officers/directors are listed above.

  e. <u>Blue Family Trust II</u> - Blue Family Trust II is a trust settled under the laws of Singapore.  The trustee of the trust is Blue PTC Pte. Ltd., whose registered office address and officers/directors are listed above.

  f. <u>The Ridley Group</u> - Claimant specifically objects to this Special Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further objects to this

Special Interrogatory on the grounds that it is not "limited to the claimant's identity and

relationship to the defendant property," as required by Supplemental Rule G(6).

       g.     <u>The Ridley Group Trust</u> - Claimant specifically objects to this Special

Interrogatory on the grounds that it is unduly burdensome and overly broad.  Claimant further

objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's

identity and relationship to the defendant property," as required by Supplemental Rule G(6).

**8.      In your Claim (ECF No. 19), you state that you are a beneficiary of Blue Family Trust I. Describe your beneficial relationship with Blue Family Trust I, and identify all documents which describe, define, govern or set the terms and conditions of your relationship with Blue Family Trust I.**

      In addition to the above General Objections, Claimant specifically objects on the grounds

that the term "beneficial relationship" is vague and ambiguous.  Claimant also objects to this

Special Interrogatory on the grounds extent that it is unreasonably cumulative or duplicative of

information sought in or provided in response to Special Interrogatory Number 5.  Claimant

objects to the Special Interrogatory to the extent that it purports to require Claimant to identify

documents with the information listed in Instruction Number 10 in the Instructions for Use on

the grounds that it is unduly burdensome and overly broad and also on the grounds that this

requirement is not "limited to the claimant's identity and relationship to the defendant property,"

as required by Supplemental Rule G(6).  Claimant objects to Instruction Number 10's

requirement that Claimant identify the author of the document to the extent that the document

identified is a trust record or other corporate record.  Claimant objects to Instruction Number

10's requirement that Claimant state the "general subject matter" on the grounds that any

document identified speaks for itself.  Claimant further objects to Instruction Number 10's

requirements that Claimant state (a) the "name, business affiliation (presently and at the time the

document was prepared) and last known address of every person to whom a copy of the

document was to be sent"; (b) the "names and addresses of all persons who now have the original and/or any copies of such document"; and (c) the "identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents.

Subject to and without waiver of the foregoing general and specific objections, Claimant asserts that he is a beneficiary under the Deed of Settlement of Blue Family Trust I and is entitled to receive distributions from the assets of Blue Family Trust I, as authorized by the trustee of Blue Family Trust I.  Claimant also incorporates by reference his responses to Special Interrogatory Number 5.

Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions" of his relationship to Blue Family Trust I:

| Date | Title |
|---|---|
| July 30, 2010 | Deed of Settlement of the Blue Family Trust I |

**9.     In your Claim (ECF No. 19), you state that you are a beneficiary of Blue Family Trust II. Describe your beneficial relationship with Blue Family Trust II, and identify all documents which describe, define, govern or set the terms and conditions of your relationship with Blue Family Trust II.**

In addition to the above General Objections, Claimant specifically objects on the grounds that the term "beneficial relationship" is vague and ambiguous.  Claimant also objects to this

Special Interrogatory on the grounds extent that it is unreasonably cumulative or duplicative of information sought in or provided in response to Special Interrogatory Number 5. Claimant objects to the Special Interrogatory to the extent that it purports to require Claimant to identify documents with the information listed in Instruction Number 10 in the Instructions for Use on the grounds that it is unduly burdensome and overly broad and also on the grounds that this requirement is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Claimant objects to Instruction Number 10's requirement that Claimant identify the author of the document to the extent that the document identified is a trust record or other corporate record. Claimant objects to Instruction Number 10's requirement that Claimant state the "general subject matter" on the grounds that any document identified speaks for itself. Claimant further objects to Instruction Number 10's requirements that Claimant state (a) the "name, business affiliation (presently and at the time the document was prepared) and last known address of every person to whom a copy of the document was to be sent"; (b) the "names and addresses of all persons who now have the original and/or any copies of such document"; and (c) the "identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents.

Subject to and without waiver of the foregoing general and specific objections, Claimant asserts that he is a beneficiary under the Deed of Settlement of Blue Family Trust II, has received

distributions from the assets of Blue Family Trust II, and is entitled to receive additional

distributions, as authorized by the trustee of Blue Family Trust II.  Additionally, Claimant is

entitled to receive an annuity of US$100,000 each year from Blue Family Trust II pursuant to a

Deed of Appointment of Annuity adopted by the trustee of Blue Family Trust II on or about

September 3, 2010.  Claimant also incorporates by reference his responses to Special

Interrogatory Number 5.

Claimant is presently aware of the following non-privileged documents that "describe,

define, govern or set the terms and conditions" of his relationship to Blue Family Trust II:

| Date | Title |
|---|---|
| July 30, 2010 | Deed of Settlement of the Blue Family Trust II |
| September 3, 2010 | Minutes of Meeting of Directors Held at the Registered Office of the Company [Blue PTC Pte. Ltd.] on Friday, 3 September at 11:00 a.m. |
| September 3, 2010 | Deed of Appointment of an Annuity [Blue PTC Pte. Ltd, as Trustee of Blue Family Trust II] |

**10.     Provide a detailed accounting of all disbursements you have received from Blue Family Trust I.**

In addition to the above General Objections, Claimant specifically objects on the grounds

that the terms "detailed accounting" and "disbursements" are vague and ambiguous.  Subject to

and without waiver of the foregoing general and specific objections, Claimant responds that he

has not received any distributions from Blue Family Trust I.

**11.     Provide a detailed accounting of all disbursements you have received from Blue Family Trust II.**

In addition to the above General Objections, Claimant specifically objects on the grounds that the terms "detailed accounting" and "disbursements" are vague and ambiguous.  Subject to and without waiver of the foregoing general and specific objections, Claimant responds that, as of August 27, 2014, the following distributions were paid from Blue Family Trust II to him or on his behalf:

| Date | Amount |
|---|---|
| January 12, 2011 | €77,095.00 |
| February 28, 2011 | €351,988.80 |
| March 1, 2011 | €17.71 |
| April 18, 2011 | €2,096,875.66 |
| July 21, 2011 | €70,600.56 |
| December 16, 2011 | €626,101.86 |
| December 21, 2011 | €1,528,467.70 |
| September 19, 2012 | €76,829.00 |
| May 21, 2013 | €117,865.32 |
| July 30, 2013 | €75,390.00 |
| September 20, 2013 | €118,440.00 |

12.     **Provide a detailed accounting of the annuity you purport to receive from the assets held in the name of Blue Holdings (2) Pte. Ltd., and identify all documents which describe, define, govern or set the terms and conditions of the annuity.**

In addition to the above General Objections, Claimant specifically objects on the grounds that the term "detailed accounting" is vague and ambiguous.  Claimant also specifically objects to this Special Interrogatory to the extent it seeks information previously provided in response to Interrogatory No. 11.  Claimant objects to the Special Interrogatory to the extent that it purports to require Claimant to identify documents with the information listed in Instruction Number 10 in the Instructions for Use on the grounds that it is unduly burdensome and overly broad and also on the grounds that this requirement is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Claimant objects to Instruction Number 10's requirement that Claimant identify the author of the document to the extent that the document identified is a trust record or other corporate record.  Claimant objects to Instruction

Number 10's requirement that Claimant state the "general subject matter" on the grounds that any document identified speaks for itself. Claimant further objects to Instruction Number 10's requirements that Claimant state (a) the "name, business affiliation (presently and at the time the document was prepared) and last known address of every person to whom a copy of the document was to be sent"; (b) the "names and addresses of all persons who now have the original and/or any copies of such document"; and (c) the "identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Unless otherwise specified, Claimant states that his attorneys, Baker & Hostetler LLP, have copies of each of the identified documents. Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

| Date | Amount |
|---|---|
| January 12, 2011 | €77,095.00 |
| July 21, 2011 | €70,600.56 |
| September 19, 2012 | €76,829.00 |
| July 30, 2013 | €75,390.00 |

Claimant is presently aware of the following non-privileged documents that "describe, define, govern or set the terms and conditions of the annuity":

| Date | Title |
|---|---|
| September 3, 2010 | Deed of Appointment of an Annuity [Blue PTC Pte. Ltd., as Trustee of Blue Family Trust II] |
| September 3, 2010 | Minutes of Meeting of Directors Held at the Registered Office of the Company [Blue PTC Pte. Ltd.] on Friday, 3 September at 11:00 a.m. |

24

**13.     In your Claim, you assert an interest in "All assets held in the name of Blue Holding (1) Pte. Ltd., on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust, at J.O. Hambro Investment Management Limited in the United Kingdom, and all interest, benefits, or assets traceable thereto." Provide a detailed description of:**

> **a.     how you acquired such interest,**
> **b.     at what cost you acquired such an interest;**
> **c.     when you acquired such interest;**
> **d.     who conferred such interest on you;**
> **e.     what, if any, limitations exist on your interest in this asset; and**
> **f.     the identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest.**

In addition to the above General Objections, Claimant specifically objects on the grounds that the Special Interrogatory purports to require Claimant to state legal conclusions or otherwise to opine on questions of law regarding Claimant's acquisition of his interest in the defendant asset and others who may have an interest in the defendant asset.  Claimant further objects on the grounds that the word "interest" and the phrases "how you acquired such an interest," "at what cost you acquired such an interest," "when you acquired such an interest," "who conferred such an interest on you," and "what, if any, limitations exists on your interest in this asset" are vague and ambiguous and call for legal conclusions.  Claimant also objects to the Government's characterization of the defendant property as being held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust"; Claimant's objections and responses hereto shall not be deemed a concession or admission that the referenced defendant property is held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust."  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

a., c-d.          How you acquired such interest; when you acquired such interest; who conferred such interest on you:

Blue Holdings (1) Pte. Ltd. is an investment vehicle that holds certain assets for the ultimate benefit of the beneficiaries of the Blue Family Trust I.  Claimant was named as a

beneficiary in the Deed of Settlement of the Blue Family Trust I, which was settled on or about July 30, 2010 by Claimant as Settlor.  Blue PTC Pte. Ltd. is the trustee of the Blue Family Trust I.  On or about August 16, 2010, Blue PTC Pte. Ltd., as trustee for the beneficiaries of Blue Family Trust I, acquired all of the outstanding shares of Blue Holdings (1) Pte. Ltd.  On or about September 3, 2010, Blue PTC Pte. Ltd., as trustee for Blue Family Trust I, assigned to Blue Holdings (1) Pte. Ltd. its right to receive certain assets from the Ridley Trust in exchange for additional ordinary shares and redeemable preference shares in Blue Holdings (1) Pte. Ltd.  A portion of these assets were transferred to an account held in the name of Blue Holdings (1) Pte. Ltd. at J.O. Hambro (Waverton) Investment Management Limited, where they are held for the ultimate benefit of the beneficiaries of the Blue Family Trust I, including Claimant.  As a beneficiary of Blue Family Trust I, Claimant is entitled to receive distributions from the assets of Blue Family Trust I, as authorized by the trustee of Blue Family Trust I, including from the assets held in the name of Blue Holdings (1) Pte. Ltd. at J.O. Hambro (Waverton) Investment Management Limited.

      b.      <u>At what cost you acquired such an interest</u> - Claimant specifically objects to subpart (b) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, is overly broad, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

      e.      <u>What, if any, limitations exist on your interest in this asset</u> - Claimant specifically objects to subpart (e) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous and calls for a legal conclusion.

      f.      <u>The identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest</u>:

Claimant specifically objects to subpart (f) of this Special Interrogatory on the grounds

that the subpart is vague and ambiguous, calls for a legal conclusion, and is unduly burdensome

and overly broad.  Claimant further objects to subpart (f) on the grounds that it is not "limited to

the claimant's identity and relationship to the defendant property," as required by Supplemental

Rule G(6), but, rather, seeks information regarding the relationship of *others* to the defendant

property.

**14.     In your Claim, you assert an interest in "All assets held in the name of Blue Holding (2) Pte. Ltd., on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust, at J.O. Hambro Investment Management Limited in the United Kingdom, and all interest, benefits, or assets traceable thereto." Provide a detailed description of:**

    **a.     how you acquired such interest,**
    **b.     at what cost you acquired such an interest;**
    **c.     when you acquired such interest;**
    **d.     who conferred such interest on you;**
    **e.     what, if any, limitations exist on your interest in this asset; and**
    **f.     the identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest.**

In addition to the above General Objections, Claimant specifically objects on the grounds

that this Special Interrogatory purports to require Claimant to state legal conclusions or

otherwise to opine on questions of law regarding Claimant's acquisition of his interest in the

defendant asset and others who may have an interest in the defendant asset.  Claimant further

objects on the grounds that the word "interest" and the phrases "how you acquired such an

interest," "at what cost you acquired such an interest," "when you acquired such an interest,"

"who conferred such an interest on you," and "what, if any, limitations exists on your interest in

this asset" are vague and ambiguous and call for legal conclusions.  Claimant also objects to the

Government's characterization of the defendant property as being held "on behalf of or traceable

to Ridley Group Limited and/or the Ridley Trust"; Claimant's objections and responses hereto

shall not be deemed a concession or admission that the referenced defendant property is held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust."  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

      a., c-d.        How you acquired such interest; when you acquired such interest; who conferred such interest on you:

Blue Holdings (2) Pte. Ltd. is an investment vehicle that holds certain assets for the ultimate benefit of the beneficiaries of the Blue Family Trust II.  Claimant was named as a beneficiary in the Deed of Settlement of the Blue Family Trust II, which was settled on or about July 30, 2010 by Claimant as Settlor.  Blue PTC Pte. Ltd. is the trustee of the Blue Family Trust II.  On or about August 16, 2010, Blue PTC Pte. Ltd., as trustee for the beneficiaries of Blue Family Trust II, acquired all of the outstanding shares of Blue Holdings (2) Pte. Ltd.  On or about September 3, 2010, Blue PTC Pte. Ltd., as trustee for Blue Family Trust II, assigned to Blue Holdings (2) Pte. Ltd. its right to receive certain assets from the Ridley Trust in exchange for additional ordinary shares and redeemable preference shares in Blue Holdings (2) Pte. Ltd.  A portion of these assets were transferred to an account held in the name of Blue Holdings (2) Pte. Ltd. at J.O. Hambro (Waverton) Investment Management Limited, where they are held for the ultimate benefit of the beneficiaries of the Blue Family Trust II, including Claimant.  As a beneficiary of Blue Family Trust II, Claimant is entitled to receive distributions from the assets of Blue Family Trust II, as authorized by the trustee of Blue Family Trust II, including from the assets held in the name of Blue Holdings (2) Pte. Ltd. at J.O. Hambro (Waverton) Investment Management Limited.  Claimant is also entitled to an annuity of US$100,000 from the assets of Blue Family Trust II, pursuant to a Deed of Appointment of an Annuity, dated September 3, 2010.

      b.     <u>At what cost you acquired such an interest</u> - Claimant specifically objects to subpart (b) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, is overly broad, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

      e.     <u>What, if any, limitations exist on your interest in this asset</u> - Claimant specifically objects to subpart (e) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous and calls for a legal conclusion.

      f.     <u>The identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest</u>:

Claimant specifically objects to subpart (f) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, and is unduly burdensome and overly broad.  Claimant further objects to subpart (f) on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6), but, rather, seeks information regarding the relationship of *others* to the defendant property.

    **15.**    **In your Claim, you assert an interest in "All assets held in the name of Blue Holding (1) Pte. Ltd., on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust, at James Hambro and Partners LLP in the United Kingdom, and all interest, benefits, or assets traceable thereto." Provide a detailed description of:**

      **a.**     **how you acquired such interest,**
      **b.**     **at what cost you acquired such an interest;**
      **c.**     **when you acquired such interest;**
      **d.**     **who conferred such interest on you;**
      **e.**     **what, if any, limitations exist on your interest in this asset; and**
      **f.**     **the identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest.**

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory purports to require Claimant to state legal conclusions or otherwise to opine on questions of law regarding Claimant's acquisition of his interest in the defendant asset and others who may have an interest in the defendant asset.  Claimant further objects on the grounds that the word "interest" and the phrases "how you acquired such an interest," "at what cost you acquired such an interest," "when you acquired such an interest," "who conferred such an interest on you," and "what, if any, limitations exists on your interest in this asset" are vague and ambiguous and call for legal conclusions.  Claimant also objects to the Government's characterization of the defendant property as being held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust"; Claimant's objections and responses hereto shall not be deemed a concession or admission that the referenced defendant property is held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust."  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

a., c-d.        How you acquired such interest; when you acquired such interest; who conferred such interest on you:

Blue Holdings (1) Pte. Ltd. is an investment vehicle that holds certain assets for the ultimate benefit of the beneficiaries of the Blue Family Trust I.  Claimant was named as a beneficiary in the Deed of Settlement of the Blue Family Trust I, which was settled on or about July 30, 2010 by Claimant as Settlor.  Blue PTC Pte. Ltd. is the trustee of the Blue Family Trust I.  On or about August 16, 2010, Blue PTC Pte. Ltd., as trustee for the beneficiaries of Blue Family Trust I, acquired all of the outstanding shares of Blue Holdings (1) Pte. Ltd.  On or about September 3, 2010, Blue PTC Pte. Ltd., as trustee for Blue Family Trust I, assigned to Blue Holdings (1) Pte. Ltd. its right to receive certain assets from the Ridley Trust in exchange for additional ordinary shares and redeemable preference shares in Blue Holdings (1) Pte. Ltd.  A

portion of these assets were transferred to an account held in the name of Blue Holdings (1) Pte. Ltd. at James Hambro & Partners LLP, where they are held for the ultimate benefit of the beneficiaries of the Blue Family Trust I, including Claimant.  As a beneficiary of Blue Family Trust I, Claimant is entitled to receive distributions from the assets of Blue Family Trust I, as authorized by the trustee of Blue Family Trust I, including from the assets held in the name of Blue Holdings (1) Pte. Ltd. at James Hambro & Partners LLP.

      b.     <u>At what cost you acquired such an interest</u> - Claimant specifically objects to subpart (b) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, is overly broad, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

      e.     <u>What, if any, limitations exist on your interest in this asset</u> - Claimant specifically objects to subpart (e) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous and calls for a legal conclusion.

      f.     <u>The identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest</u>:

Claimant specifically objects to subpart (f) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, and is unduly burdensome and overly broad.  Claimant further objects to subpart (f) on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6), but, rather, seeks information regarding the relationship of *others* to the defendant property.

**16.     In your Claim, you assert an interest in "All assets held in the name of Blue Holding (2) Pte. Ltd., on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust, at James Hambro and Partners LLP in the United Kingdom, and all interest, benefits, or assets traceable thereto." Provide a detailed description of:**

      **a.**    **how you acquired such interest,**
      **b.**    **at what cost you acquired such an interest;**
      **c.**    **when you acquired such interest;**
      **d.**    **who conferred such interest on you;**
      **e.**    **what, if any, limitations exist on your interest in this asset; and**
      **f.**    **the identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest.**

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory purports to require Claimant to state legal conclusions or otherwise to opine on questions of law regarding Claimant's acquisition of his interest in the defendant asset and others who may have an interest in the defendant asset.  Claimant further objects on the grounds that the word "interest" and the phrases "how you acquired such an interest," "at what cost you acquired such an interest," "when you acquired such an interest," "who conferred such an interest on you," and "what, if any, limitations exists on your interest in this asset" are vague and ambiguous and call for legal conclusions.  Claimant also objects to the Government's characterization of the defendant property as being held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust"; Claimant's objections and responses hereto shall not be deemed a concession or admission that the referenced defendant property is held "on behalf of or traceable to Ridley Group Limited and/or the Ridley Trust."  Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:

    a., c-d.      <u>How you acquired such interest; when you acquired such interest; who conferred such interest on you:</u>

Blue Holdings (2) Pte. Ltd. is an investment vehicle that holds certain assets for the ultimate benefit of the beneficiaries of the Blue Family Trust II.  Claimant was named as a

beneficiary in the Deed of Settlement of the Blue Family Trust II, which was settled on or about July 30, 2010 by Claimant as Settlor.  Blue PTC Pte. Ltd. is the trustee of the Blue Family Trust II.  On or about August 16, 2010, Blue PTC Pte. Ltd., as trustee for the beneficiaries of Blue Family Trust II, acquired all of the outstanding shares of Blue Holdings (2) Pte. Ltd. On or about September 3, 2010, Blue PTC Pte. Ltd., as trustee for Blue Family Trust II, assigned to Blue Holdings (2) Pte. Ltd. its right to receive certain assets from the Ridley Trust in exchange for additional ordinary shares and redeemable preference shares in Blue Holdings (2) Pte. Ltd.  A portion of these assets were transferred to an account held in the name of Blue Holdings (2) Pte. Ltd. at James Hambro & Partners LLP, where they are held for the ultimate benefit of the beneficiaries of the Blue Family Trust II, including Claimant.  As a beneficiary of Blue Family Trust II, Claimant is entitled to receive distributions from the assets of Blue Family Trust II, as authorized by the trustee of Blue Family Trust II, including from the assets held in the name of Blue Holdings (2) Pte. Ltd. at James Hambro & Partners LLP.  Claimant is entitled to receive an annuity of US$100,000 from the assets of Blue Family Trust II pursuant to a Deed of Appointment of an Annuity, dated September 3, 2010.

b.      At what cost you acquired such an interest - Claimant specifically objects to subpart (b) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, is overly broad, and is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).

e.      What, if any, limitations exist on your interest in this asset - Claimant specifically objects to subpart (e) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous and calls for a legal conclusion.

  f. <u>The identity of any other natural or legal person who also holds an interest in this defendant asset, the nature and date that interest was acquired, and the basis of your knowledge of that interest</u>:

Claimant specifically objects to subpart (f) of this Special Interrogatory on the grounds that the subpart is vague and ambiguous, calls for a legal conclusion, and is unduly burdensome and overly broad.  Claimant further objects to subpart (f) on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6), but, rather, seeks information regarding the relationship of *others* to the defendant property.

**17. The attached affidavit is referenced in your Motion to Dismiss (ECF No. 55, page 3 of 44). In it, you swear under oath that the assets held in the name of Blue Holdings (1) Pte. Ltd, and Blue Holdings (2) Pte. Ltd. were settled into Blue Family Trust I and Blue Family Trust II by the Ridley Group Trust. See Attachment A, First Affidavit of Ibrahim Bagudu. Please provide a detailed description of all documents utilized and relied upon in support of this statement and identify who settled the assets of Blue Holdings (1) Pte. Ltd, and Blue Holdings (2) Pte. Ltd. into Blue Family Trust I and Blue Family Trust II.**

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  This inappropriate and overly-broad Special Interrogatory seeks information going far beyond Claimant's standing; it is a thinly-veiled attempt by the Government to gain information going to the merits of the Government's claims in order to bolster the Government's response to Claimants' Motion to Dismiss and an attempt to gain an improper, tactical advantage in proceedings in the United Kingdom involving certain of the defendant assets at issue in this action.  Subject to and without waiver of the foregoing general and specific objections, Claimant also refers the Government to his responses to Special Interrogatories 13-16, above.

18.     Also, in the attached affidavit, you swear under oath that Mr. Bagudu explained his understanding of the flow of funds from the Security Votes transfer to the assets held by Ridley Group Limited, and that these are the assets that are purported subject to a settlement agreement entered into by Mr. Bagudu. See Attachment A, ¶¶ 24-27.

> a.     Are the defendant assets to which you have filed a claim derived from these assets held by Ridley Group Limited?
>
> b.     Who do you contend was the owner of these assets prior to their transfer to Ridley Group Limited?

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  This inappropriate and overly-broad Special Interrogatory seeks information going far beyond Claimant's standing; it is a thinly-veiled attempt by the Government to gain information going to the merits of the Government's claims in order to bolster the Government's response to Claimants' Motion to Dismiss and an attempt to gain an improper, tactical advantage in proceedings in the United Kingdom involving certain of the defendant assets at issue in this action.  Additionally, Claimant objects on the grounds that subpart (b) of this Special Interrogatory purports to require Claimant to state a legal conclusion or otherwise opine on a question of law regarding the previous interests of others in certain property.

19.     In your Motion to Dismiss, you include an affidavit in which you swear under oath that "the money that is held by the Blue Companies [Blue Holdings (1) Pte. Ltd, and Blue Holdings (2) Pte. Ltd.] is money that was the subject of extensive litigation in the English Courts, concerning the Ajaokuta debt buy back and the Security Votes transfers." See ECF No. 55-10, page 6 of 44. Do you agree that the defendant assets to which you have filed a claim are traceable to the "money that is held by the Blue Companies" as described in your affidavit?

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  This inappropriate and overly-

broad Special Interrogatory seeks information going far beyond Claimant's standing; it is a thinly-veiled attempt by the Government to gain information going to the merits of the Government's claims in order to bolster the Government's response to Claimants' Motion to Dismiss and an attempt to gain an improper, tactical advantage in proceedings in the United Kingdom involving certain of the defendant assets at issue in this action.  Claimant also objects on the grounds that this Interrogatory amounts to a request for an admission, not an interrogatory.  Claimant further objects on the grounds that this Special Interrogatory purports to require Claimant to state a legal conclusion to the extent it requests Claimant to state whether the claimed defendant assets are "traceable to" certain other funds.

**20.     When did you first become aware that "the money that is held by the Blue Companies [Blue Holdings (1) Pte. Ltd, and Blue Holdings (2) Pte. Ltd.] is money that was the subject of extensive litigation in the English Courts, concerning the Ajaokuta debt buy back and the Security Votes transfers"?**

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  This inappropriate and overly-broad Special Interrogatory seeks information going far beyond Claimant's standing; it is a thinly-veiled attempt by the Government to gain information going to the merits of the Government's claims in order to bolster the Government's response to Claimants' Motion to Dismiss and an attempt to gain an improper, tactical advantage in proceedings in the United Kingdom involving certain of the defendant assets at issue in this action.

**21.     State the names and current addresses and telephone numbers of all persons known or believed by you to have knowledge of or information pertaining to your relationship to the Blue Holdings (1) Pte. Ltd., Blue Holdings (2) Pte. Ltd., Blue Family Trust I and Blue Family Trust II.**

In addition to the above General Objections, Claimant specifically objects on the grounds that the term "relationship" is vague and ambiguous. Claimant further objects on the grounds that this Special Interrogatory is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Claimant also objects to this Special Interrogatory's request for contact information—including name, address, and telephone numbers—for "all persons known or believed by you to have knowledge of or information pertaining to your relationship to the Blue Holdings (1) Pte. Ltd., Blue Holdings (2) Pte. Ltd., Blue Family Trust I and Blue Family Trust II" on the grounds that it is overly broad and unduly burdensome. Subject to and without waiver of the foregoing general and specific objections, Claimant responds as follows:





**22.     State the names and addresses of all persons who assisted you in preparing answers to these interrogatories (except clerical personnel), and specify the interrogatory numbers each person assisted you with.**

In addition to the above General Objections, Claimant specifically objects on the grounds that this Special Interrogatory seeks information protected under the attorney-client privilege. Claimant also objects on the grounds that requiring Claimant to indicate which individuals assisted with which Special Interrogatory is overly broad and unduly burdensome.  Claimant also objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Subject to and without waiver of the foregoing general and specific objections, Claimant asserts that he was assisted by his attorneys in preparing answers to the Special Interrogatories.

**23.    Identify all documents utilized and relied upon to respond to Special Interrogatories 1 through 21. For each such document, identify the person with custody of those documents, including his or her name, address and telephone number.**

In addition to the above General Objections, Claimant specifically objects to this Special Interrogatory on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Additionally, Claimant objects on the grounds that this Special Interrogatory is duplicative of information previously provided in response to previous Special Interrogatories Numbers 5, 6, 8, 9, and 12.  Claimant also objects on the grounds that requiring the identification of the custodian of the documents—including contact information—is overly broad and unduly burdensome.  Claimant further objects to the Special Interrogatory to the extent that it purports to require Claimant to identify documents with the information listed in Instruction Number 10 in the Instructions for Use on the grounds that it is unduly burdensome and overly broad and also on the grounds that it is not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6).  Claimant objects to Instruction Number 10's requirement that Claimant identify the author of the document to the extent that the document identified is a trust record or other corporate record.  Claimant objects to Instruction Number 10's requirement that Claimant state the "general subject matter" on the grounds that any document identified speaks for itself.  Claimant further objects to Instruction Number 10's requirements that Claimant state (a) the "name, business affiliation (presently and at the time the document was prepared) and last known address of every person to whom a copy of the document was to be sent"; (b) the "names and addresses of all persons who now have the original and/or any copies of such document"; and (c) the "identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof," on the grounds that these requirements of Instruction

Number 10 are unduly burdensome and overly broad, and also on the grounds that these requirements are not "limited to the claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). Subject to and without waiver of the foregoing general and specific objections, Claimant also states that in addition to the documents previously identified, he utilized and relied upon the following non-privileged documents, which are in the possession of his attorneys, Baker & Hostetler LLP:

| Date | Title |
|---|---|
| August 20, 2010 | Resolution of the Trustees [of the Ridley Trust] |
| February 25, 2011 | Resolution of the Trustee of the Blue Family Trust II [Blue PTC Pte. Ltd.](the "Trust") created by the Deed of Settlement dated 30 July 2010 (the "Trust Deed") |
| April 20, 2011 | Resolution of the Trustee of the Blue Family Trust II [Blue PTC Pte.Ltd.] (the "Trust") created by the Deed of Settlement dated 30 July 2010 (the "Trust Deed") |
| December 15, 2011 | Directors' Resolutions in Writing Passed Pursuant to Article 91 of the Company's [Blue PTC Pte. Ltd.] Articles of Association |
| December 20, 2011 | Directors' Resolutions in Writing Passed Pursuant to Article 91 of the Company's [Blue PTC Pte. Ltd.] Articles of Association |
| September 18, 2013 | Directors' Resolutions in Writing Passed Pursuant to Article 91 of the Company's [Blue PTC Pte. Ltd.] Articles of Association |
| August 5, 2014 | Business Profile (Company) of Blue Holdings (1) Pte. Ltd. [from the Accounting and Corporate Regulatory Authority (ACRA)] |
| August 5, 2014 | Business Profile (Company) of Blue Holdings (2) Pte. Ltd. [from the Accounting and Corporate Regulatory Authority (ACRA)] |
| August 5, 2014 | Business Profile (Company) of Blue Holdings PTC Pte. Ltd. [from the Accounting and Corporate Regulatory Authority (ACRA)] |

<u>Dated</u>:  September 5, 2014

As to objections,

/s/ Jonathan R. Barr
Jonathan R. Barr (D.C. Bar No. 437334)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel:  202-861-1500
Fax:  202-861-1783
jbarr@bakerlaw.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746 and Local Civil Rules 5.1(f) and 11.2, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 03, 2014.

**Ibrahim Bagudu**

## CERTIFICATE OF SERVICE

I certify that on September 5, 2014, I caused to be served the foregoing via electronic mail and Federal Express to the following attorney of record:

Elizabeth A. Aloi
Trial Attorney
Asset Forfeiture and Money Laundering Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Suite 10100
Washington, DC 20005


/s/ Jonathan R. Barr