**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-1832 (JDB) |
| v. | ) | |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL*., | ) | |
| | ) | |
| Defendant. | ) | |

---

**JOINT STATUS REPORT**

---

## I.      BACKGROUND

Plaintiff, the United States of America, and Claimants, respectfully submit this Joint Status Report concerning the documents at issue in Claimants' November 4, 2016 Motion to Compel Production of Non-Privileged Responsive Documents (ECF No. 138) (the "Motion to Compel") and the Court's instructions at the March 6, 2017 hearing on the motion that the parties meet-and-confer and attempt to "narrow the disputes by categories and through other means" with the purpose of determining whether some compromise with respect to "the category of documents that the Claimants are more interested in and the Government is more resistant on . . ." can be reached.  Tr. of Motions Hr'g ("Tr."), 112:8-12, 121:24-125:2, Mar. 6, 2017.

## II.     THE PARTIES' HAVE EXCHANGED PROPOSALS FOR RESOLVING
##         THE DISCOVERY DISPUTE

On March 8, 2017, Plaintiff sent Claimants a letter containing its proposal for resolving the discovery dispute.  (Decl. of Patrick T. Campbell in Support of Joint Status Report, Apr. 3, 2017 ("Campbell Decl."), Ex. 1, Letter from Aloi to Barr (Mar. 8, 2017)).  Mindful of the Court's instruction to narrow the scope of the dispute, Tr. 122:5-9, Plaintiff proposed to produce all Mutual Legal Assistance Treaty ("MLAT") requests in which confidentiality was not invoked.  Plaintiff further proposed to withhold (i) all mutual legal assistance-related communications in which the assistance sought was restraint of the defendant assets, or notice to known potential claimants; (ii) all MLAT request-related communications in connection with requests to the British Virgin Islands and France; and (iii) non-substantive communications necessary to effect the requests which have no reference to the conduct alleged in the Complaint or the evidence sought (e.g., confirmations of receipt).  Plaintiff believed that setting these categories of documents aside would substantially narrow the dispute to a core set of documents that were the most likely to contain information of potential interest to the Claimants.  Having

winnowed the dispute, Plaintiff proposed providing an updated log containing additional details with respect to the remaining documents. Plaintiff further offered to seek guidance from the Claimants as to what details they would most like to see in a new log. Plaintiff hoped that a more focused log that nevertheless added new details regarding the most pertinent documents would provide a basis for more fruitful discussions between the parties or before the Court and would be consistent with the Court's direction to provide "a more specific identification of what the materials being sought really relate to." Tr. 106:8-10.

On March 13, Claimants responded to Plaintiff's proposal. (Campbell Decl., Ex. 2, Letter from Campbell to Aloi (Mar. 13, 2017)). In pertinent part, Claimants agreed with Plaintiff's proposed production of MLAT requests where confidentiality was not invoked but also asked Plaintiff to produce all related correspondence. Claimants also agreed that Plaintiff could withhold, for now, documents and communications identified on its privilege logs that (i) relate solely to the publication and service of the Complaint, other types of notice to potential claimants, and service of the arrest warrants *in rem* (but not solely to the restraint of assets); or (ii) are purely ministerial in nature, such as cover letters or emails solely acknowledging the transmission or receipt of a MLAT request or materials provided in response to a MLAT request, and which do not include substantive responsive information. However, Claimants did not agree that, with respect to the remaining Foreign Documents in dispute for which Claimants believe no valid privilege claim exists, the Government's proposed production of another privilege log would be an efficient, productive, and appropriate way to resolve the dispute in a manner consistent with the Court's directives at the March 6 hearing. Instead, Claimants proposed to cut to the chase and, solely in a good faith effort to resolve the discovery dispute, provided Plaintiff with specific categories of information believed by Claimants to be highly relevant and requested

that the Government produce such documents from the relevant universe of Foreign Documents. (*Id*. at 3-5).  Claimants proposed that the Government would only have to log documents that were not produced.  In determining these narrowed categories, Claimants attempted to distill their First Set of Requests for Production to only those requests that seek the most probative information concerning Plaintiff's claims and Claimants' defenses in this action.  Claimants were also guided by the types of documents the Court considered to be relevant at the hearing, *see* Tr. at 104:4-9, and Plaintiff's responses to the Court's questions concerning the documents and communications Plaintiff identified on its privilege logs, *see id*. at 64:21-66:14.  Claimants also proposed that if Plaintiff were unwilling to produce some or all of the Foreign Documents responsive to Claimants' proposed narrowed categories, Claimants could review these documents and communications at Plaintiff's office on an "attorney's eyes only" basis to determine whether Claimants would seek their production.

Following additional correspondence in which the parties largely maintained their respective proposals, *see* Campbell Decl., Ex. 3, Letter from Aloi to Campbell (Mar. 20, 2017), and Ex. 4, Letter from Campbell to Aloi (Mar. 24, 2017), the parties met-and-conferred telephonically on March 29, 2017 concerning the discovery dispute.  As an initial matter, the Government agreed to provide Claimants with a list of all of the MLAT requests at issue and clarified that: (1) Plaintiff had already produced one of four Nigerian requests and all of the MLAT requests from Jersey; (2) Plaintiff's offer to produce the remaining MLAT requests for which confidentiality was not specifically invoked was not a stand-alone concession but was contingent on a global agreement; and (3) the only letter rogatory from Switzerland was not relevant to the claims and defenses in the case and would not be responsive to any of the proposed narrowed categories identified by Claimants.

However, both parties stood by their respective proposals. Notably, Plaintiff represented that from the over 1,600 Foreign Documents identified on its privilege logs, they estimated that only about 100 to 125 would be responsive to the narrowed categories of relevant information Claimants proposed in their March 13 letter, after taking into account the documents that the parties agreed could continue to be withheld (i.e. ministerial communications and documents related to service and notice) and after de-duplication of email correspondence in which the responsive material is embedded within in ministerial correspondence in multiple documents. In response to Claimants' suggestion for a potential "attorney's eyes only" "look see" of withheld documents that the Court discussed at the March 6 hearing, the Government indicated that it would consider such a request as a potential means among others to resolve the dispute; it also suggested that one option would be to ask the Court to conduct an *in camera* review of this smaller set of withheld documents. In essence, the parties' remaining disagreement concerns whether Plaintiff should simply produce the Foreign Documents that are responsive to Claimants' proposed narrowed categories of relevant information, or whether Plaintiff should, instead, provide additional details concerning these documents—including details on which, if any, of the narrowed categories a document may be responsive to—on an updated privilege log and then engage in an additional meet and confer with Claimants or seek *in camera* review by the Court or a magistrate judge of a significantly reduced number of documents.

## III.   THE PARTIES' POSITIONS IN SUPPORT OF THEIR PROPOSALS

### A.   Plaintiff

Plaintiff understands and agrees that, as the Court noted, the broad categories of "MLAT requests, . . .foreign communications related to MLAT requests, and foreign communications unrelated to MLAT requests is not very helpful." Tr. 105:11-14. In a good faith effort to address this concern and to greatly reduce the scope of the dispute, Plaintiff made a reasonable

proposal to set aside those documents which both parties could agree are of relatively less importance and to provide enhanced and more finely-tuned information as to the remaining core set of materials.  By contrast, Claimants' proposal that the government simply produce anything falling into their narrowed—but, in Plaintiff's estimation, still overbroad—set of fourteen categories makes no provision for the confidentiality concerns raised by the government and recognized, at least in part, by the Court.  Tr. 103:15-20.

Contrary to Claimants' assertions below, Plaintiff has not "merely offered" to provide a "yet another privilege log."  Rather, as Plaintiff made explicit in its March 20, 2017 letter, Plaintiff envisions a focused log not as the final step, but the next logical one as the parties continue to work toward a resolution.  Plaintiff believes, in fact, that the parties have already made significant progress: setting aside purely ministerial communications and communications concerning service and publication of the Complaint or service of the arrest warrants *in rem* has already resulted in a significant reduction in the number of documents at issue.  Further, the Claimants' identification of fourteen categories of documents of interest to them has also helped narrow the dispute.  Although Plaintiff does not concede that documents responsive to the fourteen categories are necessarily relevant or probative, Plaintiff has been able to use the Claimants' categories as guidance to further identify the documents at the heart of this dispute. The number of such documents is estimated to be between 100 and 125 to the extent they are not also ministerial or involve the restraint of the defendant funds.

Claimants take the position that, having narrowed the dispute, Plaintiff should simply produce documents falling within one of its fourteen categories without any further showing that their relevance is proportional to the needs of this case as required by Rule 26(b).  Plaintiff disagrees:  sharpening the focus of Claimants' relevancy concerns is only one half of the

equation and does not account for Plaintiff's confidentiality concerns. Rather, the focused-but-enhanced log should be the basis for a final set of discussions. Plaintiff anticipates that, subject to such discussion, it may agree to produce some portion of the core set, may agree to permits an attorney's-eyes-only review of other documents, and—where the Plaintiff feels its confidentiality concerns are strongest and relevance is weakest—may request that the Court or a magistrate judge conduct an *in camera* review of a manageable remainder in-part to ascertain if their probative value is proportional to the needs of this case and outweighs the intrusion of the proposed production on the Plaintiff's ability to conduct foreign affairs. Plaintiff seeks only the opportunity to have such discussions based on a both a narrower set of documents and a more finely-grained understanding of what remains in that narrower universe. This, Plaintiff believes, is in keeping with the Court's March 6, 2017 guidance.

### B.    Claimants

Claimants respectfully request that the Court issue an order adopting Claimants' proposal requiring the Government to produce all documents responsive to the narrowed categories of relevant information included in Claimants' March 13, 2017 letter, or at least an "attorney's eyes only" "look see" at those documents, and an updated log with respect to the remaining Foreign Documents. The Government has no basis to withhold the documents responsive to the narrowed categories as there is no privilege protecting those documents, they are highly relevant and probative, and the existing protective order fully addresses any confidentiality concerns.

Plaintiff continues to take an unreasonable approach with respect to its discovery obligations under the Federal Rules, and in particular its attempt to resolve this discovery dispute. At the March 6 hearing, the Court expressed hope that the parties would act "with an open mind to some give-and-take" on their positions. *See* Tr. at 112:13-16. In that vein, Claimants made best efforts to narrow the categories of relevant information they are seeking

and have agreed to exclude several categories of Foreign Documents from production at this time.  The Government represents that Claimants' proposal will result in reducing the number of documents for potential production from the over 1,600 Foreign Documents identified on Plaintiff's five privilege logs to only approximately 100 to 125 relevant documents.  Claimants are skeptical of the Government's estimate, in part because the Government has apparently excluded documents concerning "the restraint of the defendant funds," which Claimants believe will likely include highly relevant information concerning tracing, and because the Government's purported "de-duplication" would seemingly exclude documents that contain responsive material.  Nevertheless, the parties agree that Claimants' framework will significantly reduce any burden of production on Plaintiffs.

On the other hand, Plaintiff maintains its extreme position that "nothing is relevant; everything is confidential."  *Id*. at 107:22-108:3.  Plaintiff has not engaged Claimants in any discussion about the specific proposed narrowed categories of relevant information and has not identified any categories of Foreign Documents that they deem more confidential than others.  Plaintiff has merely offered to produce four MLAT requests where no confidentiality was invoked, categorically exclude a substantial amount of Foreign Documents that it unilaterally decided to be irrelevant to the claims or defenses in this case from production, and provide Claimants with yet another privilege log with additional details.  Notably, all of the actual MLAT requests currently being withheld by Plaintiff, are requests where the only invocation of confidentiality came from Plaintiff, which decided to initiate this suit and subject itself to civil discovery.  Rather than engage in a "give and take" or provide a "look see," Plaintiff continues to require Claimants to justify the production of each of the Foreign Documents based on skeletal descriptions on Plaintiff's privilege logs even though no actual privilege protects the documents

from production. Plaintiff thus places all of the burden on Claimants. The Government's representation in this report that ultimately "it may agree to produce some portion of the core set, may agree to permit an attorney's-eyes-only review of other documents, and . . . may request that the Court or a magistrate judge conduct an *in camera* review of a manageable remainder" does not cure this deficiency. The Government's proposal would only lead to additional delay and further disputes over which documents should be produced based on the limited information that the Government decides to include on its "enhanced log." The Government's approach amounts to a one-way exercise that is not consistent with the Federal Rules, nor is it what the Court envisioned when it instructed the parties to narrow the categories of documents in dispute.

Furthermore, Plaintiff's proposal could very well result in the Government withholding relevant and probative documents merely because Claimants did not have sufficient information to discern the substance of the withheld document. Indeed, since September 2016, Plaintiff has produced to Claimants approximately 522 documents it previously withheld and identified on its privilege logs, including around 123 of the Foreign Documents Claimants challenged in their Motion to Compel. Despite Plaintiff's representation to the Court that it has produced to Claimants all of the materials that it obtained or produced in connection with the MLAT requests at issue, *see id.* at 58:12-16, at least some of the recently produced documents previously identified on the logs appear to have been produced or obtained under MLAT requests, or, even more troubling, through some other method that Plaintiff has not disclosed. Plaintiff has also substantively modified its Privilege Log 1 twice, continuously shifting the population of documents that they are withholding on the basis of confidentiality under international treaties and agreements. The production of yet another log and additional rounds of discussion which might lead to further disputes requiring the Court's attention will needlessly continue to frustrate

Claimants' ability to obtain the documents they need to defend against this action, and will not lead to an efficient resolution of this dispute.

## IV.    CONCLUSION

The parties look forward to discussing their proposals for resolving this discovery dispute and receiving additional guidance and instructions from the Court at the April 5 hearing.


Dated: April 3, 2017

Respectfully submitted,


DEBORAH CONNOR, ACTING CHIEF
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

BAKER & HOSTETLER LLP

_/s/ Elizabeth A. Aloi_

Elizabeth A. Aloi
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW, 10th Floor
Washington, DC 20530
T: (202) 514-1263
F: (202) 514-5522

_Attorneys for Plaintiff_

_/s/ Jonathan R. Barr_

Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
T: (202) 861-1500
F: (202) 861-1783
E: jbarr@bakerlaw.com

Jonathan B. New
E: jnew@bakerlaw.com
Patrick T. Campbell
E: pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
T: (212) 589-4200
F: (212) 589-4201

_Attorneys for Claimants_