# **Exhibit 1**



**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

March 8, 2017

Jonathan R. Barr
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Transmitted by E-mail and Federal Express

    Re:    *United States v. All Assets Held in Account No. 80020796, Et. Al.*
             Case No. 13-cv-1832 (D.D.C.) (JDB)

Dear Mr. Barr:

We write to follow-up on the March 6, 2017, discovery hearing as directed by the Court. We propose the following steps to resolve the pending discovery dispute:

1. We provide you with an updated chart of withheld material with our starting point the documents identified on the most recent privilege logs solely on the basis that they were withheld because they are "Confidential Intergovernmental Communications" or "Protected from Disclosure by Treaty or International Agreement" or "Information pertaining to a foreign government or international organization where there is an agreement or understanding that the information will be treated confidentially." However, in an effort to focus on materials which are most likely to touch on subjects of concern to you, we will remove from the chart the following categories of documents:

    a. All mutual legal assistance treaty (MLAT) requests in which confidentiality was not invoked. These we will produce to you on the condition that such production is not treated as a subject matter waiver of privilege as it relates to mutual legal assistance treaty requests and related communications, including the mutual legal assistance treaty requests and related communications in which confidentiality was not invoked;

    b. All mutual legal assistance related communications in which the assistance sought was restraint of the defendant assets, or notice to known potential claimants. This information we will continue to withhold;

    c. All MLAT request related communications in connection with MLAT requests to the British Virgin Islands and France. This information we will continue to withhold;

    d. All non-substantive communications necessary to effect the requests which have no reference to the conduct alleged in the Complaint or the evidence sought (e.g., confirmations of receipt, etc.). This information we will continue to withhold.

2. We agree to provide additional detail on the chart so that you can make a more informed decision about the relevancy of the documents you seek. We agree to confer on the type of information you would find most helpful to ensure its inclusion.

3. Upon review of the chart, you agree to provide us with an updated list of the specific documents whose production you seek, at which point we agree to meet and confer to discuss whether we will agree to produce them or otherwise seek judicial review.

We believe that this is a reasonable way to narrow the universe of documents in dispute and reach agreement as directed by the Court. We expect the updated chart to have less than half the entries of that originally logged.

The United States continues to expressly reserve the right to supplement, clarify, revise, or correct its response to the Claimants' Requests for Production, consistent with Fed. R. Civ. P. 26(e), and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

If you have any questions, I can be reached at (202) 598-2525.

Sincerely,

*[signature]*

Elizabeth Aloi
Chief
Special Financial Investigations Unit
Money Laundering and Asset Recovery Section