# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | **REDACTED VERSION** |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— | ) | |

---

## CLAIMANTS' OPPOSITION TO THE UNITED STATES' MOTION TO STRIKE CLAIMS PURSUANT TO RULE G(8)(C) OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS

---

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………….....  2

LEGAL STANDARDS……………………………………………………………  3

I.   MOTION TO STRIKE / MOTION FOR SUMMARY
     JUDGMENT…...……………………………………………………...………  3

II.  STANDING……………...………………………….…………………………  4

STATEMENT OF FACTS…….………………………………………………….  5

I.   PROCEDURAL HISTORY….……...…………………………………………  5

II.  THE BLUE FAMILY TRUSTS STRUCTURE…………………………….  10

     A.   ███████████████████████████████
          ………………………….  10

     B.   Nature of Claimants' Interests in the Assets of the Blue Family Trusts…..  13

     C.   Nature of Claimants' Interests in the Specific Claimed Property…………  17

ARGUMENT……………………………………………………………………...  18

I.   CLAIMANTS HAVE ARTICLE III STANDING TO CONTEST FORFEITURE
     AS THE BENEFICIAL OWNERS OF THE CLAIMED PROPERTY WHO
     WILL SUFFER IMMEDIATE AND IRREPARABLE
     HARM……………………………………………………………………..  19

     A.   Under Singapore Law, Claimants Have Present Proprietary and Beneficial
          Interests in the Assets of the Blue Family Trusts…………….....................  19

     B.   Under U.S. Law, Claimants' Proprietary and Beneficial Interests in the
          Assets of the Blue Family Trusts Are Sufficient to Give Rise to
          Standing……………………………………………………………....  25

     C.   Claimants Have a Colorable Interest in the Claimed Property as Beneficial
          Owners of the Blue Holdings Companies and Beneficiaries of the Blue
          Family Trusts…………………………………………………...……….  30

          1.   ████████████████████████████
               ………………………..  32

**TABLE OF CONTENTS**
**(Cont.)**

2.  ███████████████████████████
    ████████████………………………………………..   35

    a.   The Government's Singapore Law Expert is Not Qualified
         with Respect to Singapore Corporate Law and Should Not
         Be Credited…………………………………………..   36

    b.   Singapore Law Supports a Finding that Claimants Have a
         Financial Stake or Ownership Interest in the Claimed
         Property……………………………………………………   38

    c.   Applying the Relevant Interest under Singapore Law, this
         Court Should Find that Claimants Have an Adequate
         Interest for Article III Standing……………………………   41

CONCLUSION………………………………………………………………   45

# CASES

*BellSouth Corp. v. F.C.C.*, 144 F.3d 58 (D.C. Cir. 1998) ............................................................ 42

*Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014) .................................................... 43

*Franchise Tax Board of California v. Alcan Aluminium Ltd.*, 493 U.S. 331 (1990) ................... 42

*In re Tower Park Properties, LLC,* 803 F.3d 450 (9th Cir. 2015) ................................................ 26

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) .............. 5

*Tschira v. Willingham*, 135 F.3d 1077 (6th Cir. 1998) ................................................................ 36

*United Sates v. New Silver Palace Restaurant, Inc.*, 810 F. Supp. 440 (E.D.N.Y. 1992) ........... 44

*United States v. $90,000 in U.S. Currency*, 56 F.Supp.3d 744 (D.Md. 2014) ............................. 28

*United States v. 479 Tamarind Dr.*, No. 1:98-cv-02279, 2011 WL 1045095 (S.D.N.Y. Mar. 11, 2011) ............................................................................................................................... 44

\*United States v. 5 S 351 Tuthill Road, Naperville, Ill.*, 233 F.3d 1017 (2000) 4, 25, 26, 27, 29, 30, 35

*United States v. 8402 W. 132d St., Palos Park, Ill.*, 103 F. Supp. 2d 1040 (N.D. Ill. 2000) .. 26, 27

\*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F.Supp.2d 81, 95 (D.D.C. 2013) ............................................................................................................... 3, 4, 5, 41

*United States v. All Funds in Bluffview Securities Account, LP*, No. CV11-05472 AHM (AGRx), 2012 WL 12855582 (C.D. Cal. Nov. 26, 2012) ......................................................... 42

*United States v. All Right, Title and Interest in Property, Appurtenances, and Improvements known as 479 Tamarind Drive, Hallendale, Fla.,* No. 98 Civ. 2279 (DLC), 2011 WL 1045095 (S.D.N.Y. Mar. 11, 2011) ................................................................................... 34

\*United States v. Any And All Funds on Deposit in Account No. 12671905, Held in the Name of Landlocked Shipping Company at Wells Fargo Brokerage Services LLC and All Interest and Other Proceeds Traceable Thereto*, No. 09 CV 3481 (HB), 2010 WL 3185688 (S.D.N.Y. Aug. 10, 2010) ................................................................................... 29, 32, 33, 34

*United States v. Batato*, 833 F.3d 413 (4th Cir. 2016) ................................................................. 28

*United States v. Dupree*, 781 F. Supp. 2d 115 (E.D.N.Y. 2011) ................................................. 44

\*United States v. Eleven Million Seventy–One Thousand One Hundred and Eighty–Eight Dollars and Sixty–Four Cents ($11,071,188.64) in United States Currency, More or Less, Seized from LaOstriches & Sons, Inc.*, 825 F.3d 365 (8th Cir. 2016) ............................. 41, 42, 43

*United States v. Emor*, 785 F.3d 671 (D.C.Cir. 2015) ................................................................. 42

*United States v. Funds held in the Name or For the Benefit of Wetterer*, 210 F.3d 96 (2d Cir. 2000) ................................................................................................................................. 26

*United States v. Grossi*, 359 F. App'x 830 (9th Cir. 2009) ................................................... 23, 30

*United States v. One 1983 Dodge Ram Van,* No. 88–0930, 1989 WL 42581 (E.D. La. Apr. 21, 1989) ................................................................................................................................. 42

*United States v. Preston,* 123 F. Supp. 3d 24 (D.D.C. 2015) ..................................... 5, 25, 30, 35

*United States v. Real Property Associated with First Beneficial Mort. Corp.*, No. 3:08cv285, 2009 WL 1035233 (W.D. N.Ca. Apr. 16, 2009) ..................................................................... 34

*United States v. Real Property Associated with First Beneficial Mortgage Co.*, No. 3:08-cv-00285, 2009 WL 1035233 (W.D.N.C. Apr. 16, 2009) ........................................................... 44

*United States v. Seventeen Thousand Nine Hundred Dollars ($17, 900) in United States Currency*, 200 F.Supp.3d 132 (D.D.C. 2016).................................................................... 4

*United States v. Two Bank Accounts*, Nos. 1:06-cv-04016 & 1:06-cv-04005, 2008 WL 5431199 (D.S.D. Dec. 31, 2008). ....................................................................................................... 44

*United States v. Young*, 77 F. Supp. 3d 1191 (D. Utah 2014) .................................................... 44

*Warth v. Seldin*, 422 U.S. 490 (1975) ....................................................................................... 42

*Whelan v. Abell*, 953 F.2d 663 (D.C. Cir. 1992)........................................................................ 42

## STATUTES

11 U.S.C. § 1109 ------------------------------------------------------------------------------------------26

## OTHER AUTHORITIES

Stefan Cassella, *Asset Forfeiture Law in the United States*, § 9-2 (2d ed. 2013)................. 4, 9, 32

## RULES

Fed. R. Civ. P. 44.1 -------------------------------------------------------------------------------------- 5

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ------------------------------------------------------------------------------------------------- 3

## PRELIMINARY STATEMENT

Claimants are beneficiaries of family trusts whose entire assets the Government has frozen and seeks to forfeit in this action (the "Claimed Property," as defined herein).  Yet, in its Motion to Strike Claims Pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Motion") for lack of constitutional (or "Article III") standing, the Government absurdly seeks to portray Claimants as virtual strangers to the Claimed Property.  In support of the Motion, the Government presents an incomplete and misleading picture of both the applicable facts and the relevant Singapore law, backed by an "expert" unqualified to testify regarding Singapore corporate law.  The Government erroneously argues that Claimants have no legal, proprietary, or beneficial interest in assets which are, in reality, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and to which Claimants have present interests and legal rights.  Relying on legal formalities and rank speculation, the Government ignores the concrete, particularized, and irreparable injury that Claimants will suffer if the United States forfeits the Claimed Property.  The Motion should be denied in full.

Claimants have provided competent evidence that they have proprietary, beneficial, and financial interests in the Claimed Property under Singapore's Company Act and applicable Singapore trust and corporate law.  As is set forth in the accompanying expert Declaration of Prof. Hans Tjio dated June 5, 2017 ("Tjio Declaration" or "Tjio Decl."), the accompanying Statement of Aaron Mullins dated June 2, 2017 ("Mullins Stmt."), and the exhibits to the accompanying Declaration of Patrick T. Campbell dated June 5, 2017 ("Campbell Decl."), the Claimed Property consists of investment accounts in the name of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Claimants are current beneficiaries ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████

██ the Claimed Property.   As ███████ beneficiaries ████████████████

███████████████████████████████████████████████████████

Claimants possess rights and legal interests to the Claimed Property wholly ignored by the

Government's Motion. ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████ These interests

are such that, if the Claimed Property is forfeited, Claimants will suffer an immediate and

irreparable injury sufficient to create Article III standing.

Claimants are intimately connected to the Claimed Property, and have proprietary,

beneficial, and financial interests under Singapore law sufficient to create a case or controversy

for adjudication by this Court.

## LEGAL STANDARDS

### I.  MOTION TO STRIKE / MOTION FOR SUMMARY JUDGMENT

Under Rule G(8)(c)(i) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions ("Supplemental Rules"), "[a]t any time before trial, the government

may move to strike a claim or answer . . . because the claimant lacks standing."   The

Government may elect to frame the motion as a motion for summary judgment, *see*

Supplemental Rule G(8)(c)(ii)(B), as the Government has done here.  (Mot. at 5.)

In response to the Motion, Claimants must demonstrate by a preponderance of the

evidence that standing is a genuine issue for trial.  *United States v. All Assets Held at Bank Julius*

*Baer & Co., Ltd.*, 959 F.Supp.2d 81, 95 (D.D.C. 2013) ("*Bank Julius Baer*") ("At the summary

judgment stage, therefore, the question is only 'whether a fairminded jury could find that the

claimant has standing on the evidence presented.'"").   In evaluating the Government's Motion, this Court is obligated to credit Claimants' evidence and draw all justifiable inferences in their favor.  *Bank Julius Baer*, 959 F.Supp.2d at 94 ("When a motion for summary judgement is under consideration, 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'") (citation omitted).

## II.   STANDING

The Government explicitly seeks summary judgment on the basis of lack of Article III standing.  (Mot. at 2).[1]   To establish Article III standing, Claimants must establish an interest in the Claimed Property sufficient to give rise to an injury if the Claimed Property were to be forfeited.  *See United States v. 5 S 351 Tuthill Road, Naperville, Ill.*, 233 F.3d 1017, 1022 (2000)

---

[1] The Government does not contend that Claimants lack "statutory standing" to contest the forfeiture.  However, certain of the authorities relied on by the Government, (*e.g.,* Mot. at 18), concern statutory standing rather than Article III standing.  To establish statutory standing:

> [A] claimant need only "comply with the procedural requirements set forth" in relevant statutes and rules. Anyone seeking to assert an interest in the defendant property "may contest the forfeiture by filing a claim in the court where the action is pending." Most notably, such a claim must "identify the specific property claimed," "identify the claimant and state the claimant's interest in the property," and "be signed by the claimant under penalty of perjury."). "[W]hether [a claimant] is an 'owner' is not germane to the issue of whether it has statutory standing to contest the forfeiture," for even a "bald assertion of interest' would comply with the relevant requirement of Rule G(5)."

*United States v. Seventeen Thousand Nine Hundred Dollars ($17, 900) in United States Currency*, 200 F.Supp.3d 132, 138-139 (D.D.C. 2016) (citations omitted); *see also* Stefan Cassella, *Asset Forfeiture Law in the United States*, § 9-2 (2d ed. 2013) ("The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution"). The Government concedes that Claimants timely filed verified claims of interest under Supplemental Rule G asserting interests in the Claimed Property, (Mot. at 6), and those verified claims contain the requisite information.  Therefore, Claimants' statutory standing is beyond dispute.

("*Tuthill Road*") ("To satisfy Article III, a plaintiff must allege (1) an immediate threat of injury; (2) fairly traceable to the defendant's conduct; that (3) a favorable federal court decision likely would redress or remedy") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  Claimants' "burden 'is not a heavy one,' and courts must not conflate the standing inquiry 'with the merits determination that comes later.'"  *Bank Julius Baer*, 959 F.Supp.2d at 95 (citations omitted).

In the context of civil forfeiture, "[e]stablishing standing requires only that the claimant demonstrate 'a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake.'"  *Id.*  "In this Circuit, [i]n general, any colorable claim on the property suffices, if the claim of injury is 'redressable, at least in part, by a return of the property.'"  *United States v. Preston,* 123 F. Supp. 3d 24, 29 (D.D.C. 2015) (citation omitted).  Claimants "bear[] the burden of proving such a facially colorable interest by a preponderance of the evidence," but do not need to "definitively prove the existence of that interest."  *Bank Julius Baer*, 959 F.Supp.2d at 95.  Claimants' "interest" in the Claimed Property is determined under the law of the state or foreign nation in which the interest arose, and the constitutional effect of that interest is determined under federal law.  *Bank Julius Baer*, 959 F.Supp.2d at 96.  In determining the nature of the interest under foreign law, the Court's "determination must be treated as a ruling on a question of law" and the Court "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.

## STATEMENT OF FACTS

## I.     PROCEDURAL HISTORY

On November 18, 2013, the Government filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of assets allegedly involved in an alleged "international conspiracy to

launder proceeds of corruption in Nigeria during the military regime of General Sani Abacha." (Compl. ¶ 1.)   This wide-ranging, decades-old alleged conspiracy involved, among other purported criminal activity: (1) an alleged "Security Votes Fraud," whereby the Central Bank of Nigeria allegedly dispersed funds to General Abacha under false pretenses; and (2) an alleged "Debt Buy-Back Fraud," whereby General Abacha allegedly caused the government of Nigeria to purchase non-performing debt at inflated prices, in order to benefit from the proceeds of the transaction.   The Government alleges that the proceeds of these purported schemes were transferred outside Nigerian borders through transactions in or affecting the United States, and ultimately laundered through the alleged purchase of Nigerian Par Bonds and related Payment Adjustment Warrants.   The Government commenced this action against 16 *in rem* defendants that it alleges comprise of proceeds from the purported unlawful activity alleged in the Complaint.

On May 1, 2014, the relatives of Abubakar Atiku Bagudu, the Governor of Kebbi State, Nigeria—Aisha Atiku Bagudu, Governor Bagudu's wife, Ibrahim Bagudu, Governor Bagudu's brother, and Ibrahim Atiku Bagudu, Maryam Atiku Bagudu, Mohammed Atiku Bagudu, I.A.B., F.A.B., and H.A.B., the adult and minor children of Governor Bagudu and Aisha Atiku Bagudu (collectively, "Claimants")—timely filed Verified Claims and Statements of Interests (the "Verified Claims") in four of the defendants *in rem* the Government seeks to forfeit: the accounts held in the names of Blue Holdings (1) Pte. Ltd. ("Blue Holdings (1)") and Blue Holdings (2) Pte. Ltd. ("Blue Holdings (2)," and together with Blue Holdings (1), the "Blue Holdings Companies"), identified in Paragraphs 4(h) through 4(k) of the Complaint (the "Claimed Property").   The Claimed Property consists of the assets of ███████████████████ ████████████████████████████████████████—Blue Family Trust I

and Blue Family Trust II (collectively, the "Blue Family Trusts" or the "Trusts").  ███████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████  (Mullins Stmt., at ¶ 6.)   In their Verified Claims, Claimants

asserted that they have "beneficial ownerships and/or financial stakes" in the Claimed Property

in their capacity as beneficiaries of the Blue Family Trusts.   Claimant Ibrahim Bagudu

additionally based his claim to the Claimed Property on his entitlement to receive, and receipt in

fact, of a $100,000 annual annuity from the assets of Blue Family Trust II, ██████████████

████████████████████████████████████████████████████████████████████████████.

Claimants, except Aisha Atiku Bagudu and Ibrahim Bagudu, also based their claims to the

Claimed Property on their respective interests in any Claimed Property that remain at the end of

the trust periods.

On July 7, 2014, Claimants moved to dismiss the Complaint, asserting, among other

things, that:  (i) the Government failed to state a claim for forfeiture; (ii) the Government's

lengthy, decade-plus delay in bringing the action violated Claimants' due process rights; and (iii)

the 2003 settlement agreement between Governor Bagudu and Nigeria, which resolved any

claims that Nigeria, the purported defrauded country in this matter, may have had concerning the

assets the Government alleges are traceable to the Claimed Property, barred the Government's

forfeiture claims.   (ECF No. 55.)   On July 28, 2014, the Government served Special

Interrogatories on Claimants pursuant to Rule G(6) of the Supplemental Rules, seeking details

of, among other things, Claimants' beneficial relationship with the Blue Family Trusts, current

relationship with the Blue Holdings Companies, and a detailed accounting of all disbursements

Claimants received from the Blue Family Trusts.  On September 5, 2014, Claimants provided the Government with written responses to the Special Interrogatories.

On March 19, 2015, the Court denied Claimants' motion to dismiss.  (ECF Ns. 79-80.) On May 4, 2015, Claimants filed Answers to the Government's Complaint, denying that the Claimed Property, and all property traceable thereto, are subject to forfeiture by the U.S.  (ECF Nos. 86-93.)  Claimants also asserted defenses to the Government's forfeiture claims, including that: (i) the Government cannot prove the criminal conduct necessary to forfeit the Claimed Property; (ii) the Government's forfeiture claims are barred because it cannot trace the proceeds of the frauds alleged in the Complaint to the Claimed Property; (iii) the Government's decade-plus delay in bringing this action prejudices Claimants' ability to defend against the Government's forfeiture claims in violation of their due process rights; and (iv) the Government should be barred from bringing this action due to the 2003 settlement agreement between Governor Bagudu and Nigeria.

On May 11, 2015, discovery commenced in the case.  (ECF No. 85.)  On June 15, 2015, in response to the Government's First Request for the Production of Documents, Claimants produced to the Government all documents they identified in their responses to the Special Interrogatories.  From that point through the present, the parties, among other things, have exchanged thousands of documents in discovery and have engaged in a lengthy, resource-consuming dispute over the Government's withholding of over 1,600 relevant documents and communications it exchanged with foreign nations (the "Foreign Documents") from production in discovery on the basis of purported confidentiality under Mutual Legal Assistance Treaties ("MLAT") and other vague, unsupported understandings with these foreign nations.   On

November 4, 2016, Claimants filed a Motion to Compel seeking a Court order requiring the Government to produce these documents. (ECF No. 138)

The expert declaration (the "Tang Declaration" or "Tang Decl.") provided in support of the Motion on behalf of the Government by Professor Tang Hang Wu ("Tang") (and thus, the Motion), is based on trust and corporate records first identified by Claimants in response to the Government's Special Interrogatories and produced by Claimants to the Government on June 15, 2015. ███████████████████████████████████████████████████████

████ yet the Government did not file the instant Motion until March 3, 2017, nearly two years after the commencement of discovery and on the eve of a hearing on Claimants' Motion to Compel production of the Foreign Documents.  The Government's delay is notable in a case where Claimants have raised defenses based on the Government's unexcused and prejudicial delay in initiating this action, and its timing suggests that the Government's Motion was only filed as an additional delaying tactic as it faced the prospect of having to defend before the Court the merits of its improper withholding of the Foreign Documents.[2]  The Government's hesitation in filing the Motion was warranted.  The Motion is meritless and should be summarily rejected, for the reasons explained below.

---

[2] The Government's tactical delay is also inconsistent with the purpose of a motion to strike under Supplemental Rule G.  "By challenging the claimant's standing at the outset of the case, the Government avoids having to engage in litigation with a person who has no real interest in the outcome of the case."  Stefan Cassella, *Asset Forfeiture Law in the United States*, § 9-3 (2d ed. 2013).  The Government was made aware of the basis of Claimants' asserted interests in the Claimed Property in September 2014, and received documentation regarding those interests in June 2015, but did not file the instant Motion until the case was well along in active discovery and litigation.

II.   **THE BLUE FAMILY TRUSTS STRUCTURE**

A.



1)

2)

3)

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

**B.**     **Nature of Claimants' Interests in the Assets of the Blue Family Trusts**

████████████████████████████████████████ with  well-defined

and valuable proprietary and beneficial interests in the Trusts' assets under Singapore law.  ████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

      ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

However, the discretion of a trustee of ████████████████ is not boundless.  Under Singapore law, trustees must ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████

In fact, Singapore courts have viewed ████████████████████

████████████████████████ The property rights and interests of beneficiaries

of ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

The proprietary and beneficial interests of Claimants in the assets of Blue Family Trusts

are  not  hypothetical: ███████████████████████████

The Government notes that six of the Claimants have not received distributions from the Blue

Family Trusts.  (Mot. at 11.)  This is in no small part due to the fact that the Blue Family Trusts

have been unable to distribute additional funds since February, 2014, when the Claimed Property

was frozen as a result of a series of English Court Orders in connection with this litigation. (Mullins Stmt., at ¶ 24.) █████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████

### C.      <u>Nature of Claimants' Interests in the Specific Claimed Property</u>

Claimants' standing to contest this forfeiture action by virtue of their proprietary and beneficial interests in the assets of the Blue Family Trusts is not diminished because, ███

████████████████████████████████████████████████████████████

████████████████████████████████████████ The Government's reliance on the general proposition of corporate law that ████████████

████████████████████████████████████████████████████████████

████████████████████████ (Mot. at 14.), ignores █████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

Moreover, while Singapore law recognizes the general doctrine of corporate separateness, under these circumstances a Singapore court would find that a shareholder has a financial interest in the assets of a company.  (Tjio Decl., at ¶ 30.) ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

## **ARGUMENT**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ Claimants ██████████████████████████████████ and, thus, are the parties with the greatest real world stake in this action to forfeit all of the Claimed Property.

The Government's attempts to paint Claimants as strangers to the Claimed Property are meritless.  In arguing that Claimants lack standing to challenge forfeiture of the Claimed Property, the Government presents an inaccurate, incomplete, and misleading picture of the Blue Family Trusts and the Blue Holdings Companies ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ It is only through this skewed narrative that the Government can advance its invalid

conclusion that Claimants do not have any interests in assets ████████████████████

███████

The Government's Motion is based on an incomplete analysis of Singapore trust law, which ignores present proprietary and beneficial interests held by Claimants in the assets of the Blue Family Trusts.  The Government's expert, moreover, is also unqualified to opine on issues of Singapore corporate law.  The Government's analysis therefore cannot be credited with respect to Claimants' interest in the Claimed Property and the injury they will suffer if the Claimed Property is forfeited.

As is established herein, Claimants' present proprietary and beneficial interests in the assets of the Blue Family Trusts and financial interests in the Claimed Property are sufficient to confer Article III standing and the Motion should be denied in its entirety.

**I.     CLAIMANTS HAVE ARTICLE III STANDING TO CONTEST FORFEITURE AS THE BENEFICIAL OWNERS OF THE CLAIMED PROPERTY WHO WILL SUFFER IMMEDIATE AND IRREPARABLE HARM**

**A.     Under Singapore Law, Claimants Have Present Proprietary and Beneficial Interests in the Assets of the Blue Family Trusts**

Claimants "have proprietary and beneficial interests" in the assets of the Blue Family Trusts as ████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████

Claimants are ████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████ Claimants, except for Aisha Atiku Bagudu and Ibrahim Bagudu, are also named as ████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

The Government premises its argument that Claimants lack interests in the assets of the

Blue Family Trusts on the erroneous conclusion ████████████████████████████████

███████████████████████████████████████████████████████

████████████████ (Mot. at 16 (citing Tang Decl., at ¶¶ 7, 8 & 14); *see also*, Mot. at 2

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████ As established in the accompanying Tjio Declaration, and by

the deposition testimony of the Government's own expert, the Government's premise is false.

███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[4] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████  In the context of familial disputes over

property, Singapore courts have even looked at a ███████████████████ interest as a

"financial resource" available for their use, (*Id*. at ¶ 16), which the Government's expert

███████████████ did not raise in his opinion. ██████████████████████████  These

rights and financial interests amount to a present proprietary and beneficial interest in the assets

of the Blue Family Trusts that the Government has not refuted. (Tjio Decl., at ¶¶ 2, 20.)

    Claimants here are ███████████████████████ (Tjio Decl., at ¶ 18), as the

Government and the Tang Declaration mischaracterize them.  The Government's attempt to

recast Claimants as mere "██████████████" has no basis in fact or law.  (Mot. at 8.) ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████ (Tjio Decl., at ¶ 19.)  As such, and as will be set forth in further detail in sections I.B. and I.C., *infra*, the Government cannot defeat Claimants' Article III standing to challenge the forfeiture of property in which they presently have proprietary, beneficial, and financial interests based on a speculative future change ████████████████ that might never occur.  *United States v. Grossi*, 359 F. App'x 830, 831 (9th Cir. 2009) ("Standing is measured at the time the complaint is filed.") (citation and quotations omitted).

The Government's contention that Claimants have only a future, contingent interest in the assets of the Blue Family Trusts is based on an incomplete and biased view of Singapore law. ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████

---

[5] ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████ *compare* Campbell Decl. Ex. 24, at ¶ 18, *with* Tang Decl., at ¶ 5.)

[6] Specifically, Tang acknowledges that ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

The Government's expert also omitted or distorted key aspects of Singapore trust law relating █████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████[7]  █████████████████████████████████

████████████████████████████

Tang also ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████  Although
Tang took the position that ████████████████████████████████████
██████

████ Tang also took the position that, ████████████████████████████
███████████████████████████████████████████████████████████████

[7] Notably, in a prior expert report submitted by Tang regarding ████████
████████████████████████████████████  (Campbell Decl. Ex. 24, at ¶ 7.)

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██

Not only have two Claimants received millions of dollars of actual distributions from the Blue Family Trusts, (*see* Mullins Stmt., at ¶ 23; Claimants' Responsive Statement of Facts, at ¶¶ 96-97), ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

Therefore, although the Blue Family Trusts are ████████████████, Claimants' interest in the trust property is not a mere hope or expectation, despite the Government's efforts to portray the interest as such.  The Tang Declaration's incomplete and misleading portrayal of the applicable Singapore law should not be credited.  In reality, as established above, Claimants have present proprietary and beneficial interests in the assets of the Blue Family Trusts.  (Tjio Decl., at ¶ 2.)

**B.**     **Under U.S. Law, Claimants' Proprietary and Beneficial Interests in the Assets of the Blue Family Trusts Are Sufficient to Give Rise to Standing**

The interests of trust beneficiaries with similar present proprietary and beneficial interests have routinely been found to be sufficient interests to confer Article III standing to challenge forfeiture.  *See, e.g., United States v. Preston,* 123 F.Supp.3d 24, 29 (D.D.C. 2015) (finding

beneficial interest of trust beneficiary sufficient for Article III standing); *Tuthill Road*, 233 F.3d at 1021 (party with future interest in proceeds of sale of plot of land under trust agreement was found to have a sufficient "stake" in outcome of civil forfeiture suit). In fact, courts have found standing even when no formal trust arrangement has been executed, so long as the beneficiary's interest in the asset was clearly defined. *See, e.g., United States v. Funds held in the Name or For the Benefit of Wetterer*, 210 F.3d 96, 109-10 (2d Cir. 2000) (nonprofit organization had an ownership interest in account held "in trust" for nonprofit organization in bank account controlled by wrongdoer and held in his name in which he deposited funds expressly raised for the benefit of nonprofit.)

The Government has not cited to a single case where a trust beneficiary was denied standing to challenge forfeiture of the assets of a valid trust. The only three cases relied on by the Government concerning standing in relation to trusts do not support its position. The *Tuthill Road* court ultimately found that the trust beneficiary in question had demonstrated Article III standing to challenge forfeiture. *Tuthill Road*, 233 F.3d at 1024. The court in *In re Tower Park Properties, LLC,* 803 F.3d 450, 456 (9th Cir. 2015), specifically *declined* to evaluate Article III standing. In that bankruptcy case, which did not concern any forfeiture causes of action, the court evaluated the standing of a trust beneficiary solely in the context of the statutory requirements of 11 U.S.C. § 1109. *Id.*

The Government's reliance on *United States v. 8402 W. 132d St., Palos Park, Ill.,* 103 F. Supp. 2d 1040 (N.D. Ill. 2000) ("*8402 W. 132d St.*"), (*see* Mot. at 15), as support for the proposition that a vested beneficial interest in trust assets is insufficient for standing, is similarly misplaced. Contrary to the Government's claims, the Court in *8401 W. 132d St.* did *not* hold that non-contingent trust beneficiaries lack interests sufficient to give rise to Article III standing.

26

Rather, in that case, the Government had alleged that the trust itself was "a sham transaction to avoid forfeiture." *Id*. at 1041-43.  Although title had been conveyed by means of a trust with fixed beneficiaries, actual control and occupancy of the property had not changed and the terms of the trust were not being observed by the beneficiaries or the nominal trustee.  *Id*. at 1042. Here, the Government has not alleged that the Blue Family Trusts are sham trusts, or that the trust assets were not handed over to the care of the trustee.  Indeed, the Government relies on the proper formation and administration of the Blue Family Trusts as bases to define the nature of Claimants' interests in the trust assets.  Additionally, the *8402 W. 132d St.* court denied summary judgment on standing with respect to a beneficiary who was currently occupying and making use of the property subject to forfeiture.  *Id*.  Like claimant of that surviving claim, Claimants have current property interests that will be injured if the Claimed Property is forfeited.

Thus, the Government has provided no legal basis for the Court to find that Claimants' present proprietary and beneficial interests in the assets of the Blue Family Trusts are insufficient to establish Article III standing.  To the contrary, Claimants' standing to contest the forfeiture of the Claimed Property is supported by one of the primary cases on which the Government relies. In the *Tuthill Road* case, the court found that a trust beneficiary with future interest in potential proceeds from the sale of a plot of land under a trust agreement had a sufficient "stake" in the outcome of a civil forfeiture suit to establish standing.  *Tuthill Road*, 233 F.3d at 1021-22. Claimants' proprietary and beneficial interests ███████████████████████████████ ████████████████ are set interests similar to that at issue in the *Tuthill Road* case and each sufficient, on its own, to establish their standing to contest the forfeiture of the Claimed Property.

Rather than properly characterizing Claimants' interests as proprietary and beneficial interests, the Government relies on its (erroneous) expert conclusion that Claimants' interests

represent contingent, unvested interests akin to those held by potential heirs[8] or spouses who may obtain property rights in the event of a hypothetical divorce.[9]   Because the Government's central premise—that Claimants' interests are inchoate—is wrong, both analogies fail.   In both the context of a potential distribution from an existing or future estate and the context of property rights in the event of a future divorce, the forfeiture claimants' interest would be based on property rights that did not yet exist and might never exist.   *See, e.g., United States v. $90,000 in U.S. Currency*, 56 F.Supp.3d 744, 747 (D.Md. 2014) (noting that courts in the Fourth Circuit have held that "biological heirs with a future interest in a defendant property lack standing in forfeiture action because the estate is the only entity with a current interest in the property."); *United States v. Batato*, 833 F.3d 413, 435 (4th Cir. 2016) (wife's claim based on marital interests under New Zealand law that would not vest until a court order on separation or divorce failed to articulate "a nonhypothetical legal interest" in the property).   In contrast, Claimants have present property interests sufficient for Article III standing that already exist.

Finally, the Government's attempt to portray Claimants as lacking standing because they have not ███████████████████████████████████████ is meritless.   (Mot. at 15.)   Although courts can look to a claimant's dominion and control over assets in assessing potential standing, such dominion and control is not required.   Even in the *Tuthill Road* case,

---

[8] (*See* Mot. at 17-18) (citing *United States v. $90,000 in U.S. Currency*, 56 F. Supp. 3d 744 (D. Md. 2014); *United States v. 477 Firearms*, 698 F. Supp. 2d 894 (D. Mich. 2010); *United States v. Antonelli*, No. 1:95-cr-00200, 1998 WL 775055, at *1 (N.D.N.Y. Nov. 2, 1998); *United States v. Murphy*, 850 F. Supp. 981, 983 (M.D. Fla. 1994); *United States v. One Parcel of Prop. at RR 2*, 959 F. 2d 101, 103-04 (8th Cir. 1992); *United States v. One Rural Lot*, 739 F. Supp. 74, 78 (D.P.R. 1990).)

[9] (*See* Mot. at 18-19) (citing *United States v. $11,500 in U.S. Currency*, 797 F. Supp. 2d 1092 (D. Or. 2011); *United States v. Two Real Props. Situated in Bluefield*, No. 1:06-cv-00532, 2009 WL 3181453, at *7 (S.D. W. Va. Sept. 29, 2009); *see also United States v. Cochenour*, 441 F.3d 599, 601 (8th Cir. 2006); *United States v. 148 Maunalanikai Place*, 1:07-cv-00049,2008 WL 3166799, at *7 (D. Haw. Aug. 6, 2008); *United States v. Batato,* 833 F.3d 413 (4th Cir. 2016).)

relied on by the Government throughout its Motion, the court found that the claimant had an actual interest despite not having "dominion and control" over the property because he was due to receive money from the future sale of the property under a trust agreement. *See Tuthill Road*, 233 F.3d at 1023-24. "While ownership or possession of property may provide evidence of standing, and in some circumstances act as, in effect, a surrogate for an inquiry into whether there is injury direct enough and sufficient enough to sustain standing, it is *injury* that is at the heart of the standing inquiry." *United States v. Any And All Funds on Deposit in Account No. 12671905, Held in the Name of Landlocked Shipping Company at Wells Fargo Brokerage Services LLC and All Interest and Other Proceeds Traceable Thereto*, No. 09 CV 3481 (HB), 2010 WL 3185688, at *5 (S.D.N.Y. Aug. 10, 2010) (citation omitted) (emphasis in original) ("*Landlocked Shipping*"); *id.* at *7 (S.D.N.Y. Aug. 10, 2010) ("As the Second Circuit noted when it described exemplary cases where a claimant lacked standing, 'the absence of demonstrated injury underlies them all.'") (citation omitted). ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

Here, Claimants have present beneficial and proprietary interests in the assets of the Blue Family Trusts: among other interests, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ Should the Claimed Property ████████████████████████

████████████ be forfeited, Claimants will suffer immediate and irreparable financial harm and all the rights that they currently have under the trust will become worthless. ███████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████ The fact that ██████████████████████

████████████████████████████ is of no moment to the standing inquiry: Claimants have present interests and will sustain a concrete and particularized injury if the Claimed Property is forfeited to the Government ███████████████████████. *Grossi*, 359 F. App'x at 831. Such an injury is sufficient to confer Article III standing on Claimants to contest the forfeiture of ██████ the Blue Family Trusts' assets. *Tuthill Road,* 233 F.3d at 1022; *Preston*, 123 F. Supp. 3d at 29.

Separately, the Government concedes that Claimant Ibrahim Bagudu possesses Article III standing to contest the forfeiture of ████████████████████████████████████

████████████ Although the Government contends that his standing does not extend to the actual Claimed Property, its argument fails for the reasons explained below. (Mot. at 21; ██████████ ██████████████████████████

Because each of Claimants have established present proprietary and beneficial interests in the assets of the Blue Family Trusts such that they would be injured if the trusts' assets were forfeited (and the injury would be remedied if the trusts' assets were retained and unfrozen), they have established Article III standing to challenge any forfeiture of the trusts' assets.

### C.  **Claimants Have a Colorable Interest in the Claimed Property as Beneficial Owners of the Blue Holdings Companies and Beneficiaries of the Blue Family Trusts.**

As trust beneficiaries, Claimants' have Article III standing to contest the forfeiture of the assets of the Blue Holdings Trusts and, it is beyond dispute, that Claimants will suffer an injury-

in-fact if the Claimed Property is forfeited to the Government because ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

     Nevertheless, the Government disregards these economic and factual realities to argue that, ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ █ ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

10 ████████████████████████████████████████████
████████████████████████████ The Government alleges that the
Claimed Property is derived from or traceable to an entity called the Ridley Trust, and that the
James Hambro and Waverton accounts at issue in this proceeding were funded when "that *prior
trust's assets*" were transferred to them.  (Mot. at 22 (emphasis added); ██████████████

████████████████████████████████████████████████

████████████████████████████████████ As the Government
clearly understood in drafting the Complaint, the Ridley Trust ██████ held its assets through a
corporate entity, the Ridley Group Limited, █████████████████████████
██████ (Compl. ¶ 79 ("In July 1997, Bagudu acquired the Ridley Group. In September 1997, at
Bagudu's request, Indosuez Trust Services Limited formed the Ridley Trust in Guernsey . . . By
the Declaration of Trust, the Ridley Trust became the sole shareholder of Ridley Group.").)  The
Government's own allegations recognize the reality that the assets at issue were those of the
Ridley Trust, despite title being held by an underlying holding company which the trust
controlled. ████████████████████



██████████████████████████████████████████████████████

█████████████████████████████████ Once again, the Government ignores that,

for constitutional purposes, "it is *injury* that is at the heart of the standing inquiry." *Landlocked*

*Shipping*, 2010 WL 3185688, at *5 (emphasis in original).   In so doing, the Government

improperly seeks to have Claimants' legitimate facially colorable interest in the Claimed

Property disregarded ███████████████████████████ *Id*. at 7 ("When there is some

facially colorable interest demonstrated, even where another party likewise demonstrates a claim

of ownership or possession, standing will still lie.") (citation omitted); *see also* Stefan Cassella,

*Asset Forfeiture Law in the United States*, § 10-2 (2d ed. 2013) ("All owners have standing to

contest forfeiture of the property, but not all persons with standing are necessarily owners.").

Furthermore, even to the extent the Claimed Property ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████   ██████████████████████████████████████

██████████████████████████████████████████████████████

████████

    **1.**   ████████████████████████████████████████

████████████████████████████████████

The Government's attempt ████████████████████████████████████████

███████████████████████ to sever Claimants' interest from the Claimed Property is improper.

*Landlocked Shipping*, 2010 WL 3185688, at *7. █████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

In the *Landlocked Shipping* case, the Southern District of New York found that the

beneficiary of a ██████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████

Claimants, like the claimant in *Landlocked Shipping*, are persons who will suffer a distinct and palpable injury if the Claimed Property is forfeited. ████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

11 ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

As established above in section I.B., Claimants have present proprietary and beneficial interests in the property of the Blue Family Trusts as ███████████████████████. ██

██████████████████████████████████████████████████████

██████████████████████████████████████ As such, Claimants will suffer an injury-in-fact from the forfeiture of the Claimed Property, and their injury may be redressed by the return of that property. *Tuthill Road,* 233 F.3d at 1022; *Preston,* 123 F. Supp. 3d at 29. Claimants therefore possess Article III standing.

      **2.** ████████████████████████████████
████████████

████████████████████████████████████████████

█████████████████████████████████████   ███████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████   ██████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

a.   The Government's Singapore Law Expert is Not Qualified with
Respect to Singapore Corporate Law and Should Not Be Credited

As an initial matter, the Government has failed to provide competent evidence regarding

Singapore corporate law in support of its Motion and the Government's corporate law arguments

should be disregarded.

Regarding Singapore's Company Act and available body of corporate law, the

Government's supposed expert merely provides three paragraphs quoting from a treatise

regarding ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████ By his own

admission, however, Tang has █████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████ As such, Tang is not qualified to provide an expert conclusion on this area

of Singapore corporate law, and his testimony should not be credited as that of an expert or as

relevant material under Federal Rule of Civil Procedure 44.1.  *See Tschira v. Willingham*, 135

F.3d 1077, 1084 n.5 (6th Cir. 1998) (declining to credit party's proffered expert on foreign law

where, *inter alia*, he had an "obvious lack of familiarity with the legal issues involved in this

case").

36

Even if ████████████████ were sufficient to give him the credentials to conduct an expert analysis on Singapore corporate law, his "methodology" for researching his opinion shows that no such analysis took place: ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ Tang, therefore, not only possesses no actual expertise in Singapore corporate law, but submitted an incomplete and un-researched opinion which did not consider the particular facts at issue in this proceeding or potential exceptions to the single corporate doctrine on which he was asked to opine.  As such, the Tang Declaration should not be credited with respect to issues of Singapore corporate law, and the Government's corporate law arguments are unsupported and meritless.

          b.     <u>Singapore Law Supports a Finding that Claimants Have a Financial Stake or Ownership Interest in the Claimed Property</u>

As noted above, the Government rests its arguments that none of Claimants have any interest in the Claimed Property ██████████████████████████████████████

████████████████████████████████████████████████

██ ███████████████████████████████████████████████

█████████████████████████████████████████████ the Government is relying on an incomplete and distorted understanding of Singapore law:

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Were a Singapore court to try to determine whether a party has an interest in ██████

██████ such as "actual possession, control, title, or financial stake," *Bank Julius Baer*, 959

F.Supp.2d at 95, there is sufficient reason to believe that, under Singapore law, ███████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████ Singapore law, therefore,

supports a finding that Claimants have a financial interest in the Claimed Property that the

Government has improperly disregarded. (*Id.* at ¶¶ 3, 31.)

          c.      <u>Applying the Relevant Interest under Singapore Law, this Court</u>
<u>Should Find that Claimants Have an Adequate Interest for Article</u>
<u>III Standing</u>

Contrary to the Government's suggestion, it is not "beyond dispute" that ███████████

█████████████████████████████████████████████ (Mot. at 21.)   In

certain circumstances, courts have found ████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

Because "the seizure of property without due process is the quintessential injury," it follows that ████████████████████████████████████████████████████████ ████████████████████████████████████ would have standing to challenge that forfeiture. ████████████████████████████████████████████████

42





In this case, Claimants are the true parties-in-interest and have a present financial interest in the Claimed Property such that they, as beneficiaries of the Blue Family Trusts, have the greatest financial stake ████████████████████████ are forfeited.  Claimants therefore have established a colorable interest sufficient for Article III standing to challenge the forfeiture of the Claimed Property.

## CONCLUSION

For the reasons set forth above, Claimants respectfully request that the Court deny the Government's Motion in its entirety.

Dated:  June 5, 2017                                    Respectfully submitted,

                                                        **BAKER & HOSTETLER LLP**


                                                        By: */s/ Jonathan R. Barr*
                                                        Jonathan R. Barr (D.C. Bar No. 437334)
                                                        1050 Connecticut Ave. NW, Suite 1100
                                                        Washington, DC 20036
                                                        Tel: 202-861-1500
                                                        Fax: 202-861-1783
                                                        jbarr@bakerlaw.com

                                                        Jonathan B. New
                                                        jnew@bakerlaw.com
                                                        Patrick T. Campbell
                                                        pcampbell@bakerlaw.com
                                                        45 Rockefeller Plaza
                                                        New York, NY 10111-0100
                                                        Tel: 212-589-4200
                                                        Fax: 212-589-4201