**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR EXTENSION OF INTERIM DISCOVERY DEADLINES

Claimants Aisha Atiku Bagudu, Ibrahim Bagudu, Ibrahim Atiku Bagudu, Maryam Atiku Bagudu, Mohammed Atiku Bagudu, I.A.B., F.A.B., and H.A.B. (collectively, "Claimants"), and Plaintiff United States of America (collectively, the "Parties"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule of Civil Procedure 16.4(a), jointly move for an extension of certain interim discovery deadlines set forth in this Court's April 29, 2015 Scheduling Order, as amended on April 6, 2016, December 12, 2016, March 7, 2017, and July 14, 2017.

The grounds for granting the Parties' joint motion are set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein.

Dated: January 12, 2018

Respectfully submitted,

DEBORAH CONNOR
CHIEF, MONEY LAUNDERING AND
ASSET RECOVERY SECTION

*/s/ Elizabeth A. Aloi*
Elizabeth A. Aloi
Michael W. Khoo
Joshua L. Sohn
U.S. Department of Justice
Criminal Division (MLARS)
1400 New York Avenue, NW
Suite 10100
Washington, DC 20005
T: (202) 598-2525

*Attorneys for Plaintiff United States of America*


BAKER & HOSTETLER LLP

*/s/ Jonathan B. New*
Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
T: (202) 861-1500
F: (202) 861-1783
E: jbarr@bakerlaw.com

Jonathan B. New
E: jnew@bakerlaw.com
Patrick T. Campbell
E: pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
T: (212) 589-4200
F: (212) 589-4201

*Attorneys for Claimants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1832 (JDB) |
| | ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) | |
| 80020796, IN THE NAME OF | ) | |
| DORAVILLE PROPERTIES CORPORATION, | ) | |
| AT DEUTSCHE BANK INTERNATIONAL, | ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) | |
| TRACEABLE THERETO, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PARTIES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR EXTENSION OF INTERIM DISCOVERY DEADLINES

Pursuant to Federal Rule of Civil Procedure ("Federal Civil Rule") 16(b)(4) ("Federal Rule 16(b)(4)") and Local Rule of Civil Procedure 16.4(a) ("Local Rule 16.4(a)"), the Parties, by and through their respective undersigned counsel, jointly move for an extension of the interim discovery deadlines set forth in this Court's April 29, 2015, Scheduling Order, as amended on April 6, 2016, December 12, 2016, March 7, 2017, and July 14, 2017.

## INTRODUCTION AND BACKGROUND

On April 24, 2015, the Parties filed a Joint Status Report with this Court and submitted a proposed scheduling order for this matter. (ECF No. 83.) At the time, the Parties' sole disagreement with regard to the scope of discovery concerned the maximum number of depositions the Parties might take without seeking further leave of the Court. (*Id.*)

On April 29, 2015, this Court entered a scheduling order in this case (the "Scheduling Order"), (ECF No. 85), which was thereafter amended following a status conference on April 6,

2016, by joint motion of the Parties on December 12, 2016, following a hearing on March 7, 2017, and by joint motion of the Parties on July 14, 2017. (Order, Apr. 6, 2016, ECF No. 108; Order, Dec. 12, 2016, ECF No. 145; Order, Mar. 7, 2017, ECF No. 166; Min. Order, July 14, 2017.) The Scheduling Order (as amended) requires, *inter alia*, that: (i) fact-based interrogatories pursuant to Federal Civil Rule 33 be served by January 17, 2018; (ii) requests and subpoenas for documents pursuant to Federal Civil Rules 34 and 45 be served by January 17, 2018; (iii) notices and subpoenas for depositions for oral testimony pursuant to Federal Civil Rules 30, 31, and 45 be served by March 26, 2018; and (iv) all fact discovery be completed by May 14, 2018.

The Parties have been participating in active discovery. Since entry of the Scheduling Order, the Parties have each served interrogatories and requests for production of documents and received voluminous responses. More recently, since the last amendment to the Scheduling Order on July 14, 2017, Claimants have served additional interrogatories on the United States, the responses to which are due on January 17, 2018. The United States has served additional document requests on Claimants and has also produced numerous additional documents.

Since July 14, 2017, the Parties have also continued to make progress towards resolving the discovery dispute associated with Claimants' November 4, 2016, Motion to Compel. (ECF No. 138.) The Parties have engaged in additional dialogue concerning the documents that the United States continues to withhold from Claimants on the basis of confidentiality under treaties and agreements with foreign nations, and the United States has agreed to produce certain of these documents during the week of January 15, 2018.

The Parties have also engaged in significant third-party discovery since the last amendment to the Scheduling Order. The Parties have deposed two witnesses in London and Claimants have subpoenaed two international banks for documents. In addition, the United States

continues to attempt to secure the depositions of numerous other potential witnesses who are located overseas.

Contemporaneous with the ongoing discovery, the Parties continued to litigate the United States' March 3, 2017, Motion to Strike Claimants' Claims. (ECF No. 163.) Since July 14, 2017, each Party conducted additional discovery of the other Party's foreign law expert, filed additional briefing, and participated in oral argument before the Court. The United States has also been involved in significant litigation related to this matter before the United States Court of Appeals for the District of Columbia Circuit.

The Parties now respectfully ask the Court to adjust certain upcoming interim discovery deadlines in light of complexity of the matter, the anticipated additional document discovery that will need review, and additional local, and possibly international, document discovery that still needs to be taken. Together, the Parties propose that the interim dates for service of notice for depositions for oral testimony and the close of fact discovery remain unchanged, and respectfully request that this Court extend the deadlines for: (i) service of fact-based interrogatories pursuant to Federal Civil Rule 33; (ii) service of requests and subpoenas for documents pursuant to Federal Civil Rules 34 and 45; and (iii) filing of applications for the issuance of letters rogatory or for the issuance of letters of request under the Hague Evidence Convention with this Court, to March 26, 2018, the date by which depositions for oral testimony must be noticed.

## ARGUMENT

The Parties can demonstrate the required "good cause" for a reasonable extension of the deadlines for service of fact-based interrogatories and local and international document requests. Under Federal Civil Rule 16(b)(4) and Local Rule 16.4(a), the court may modify a scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified

only for good cause and with the judge's consent"); Local R. Civ. P. 16.4(a) ("The Court may modify the scheduling order at any time upon a showing of good cause"); *see also United States v. Kellogg Brown & Root Services, Inc.*, 285 F.R.D. 133, 135 (D.D.C. 2012) (amendment of a scheduling order "requires a showing of good cause."). The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline. *Kellogg Brown & Root Services, Inc.*, 285 F.R.D. at 136. Since entry of the Scheduling Order as amended, and more recently since the last amendment to the Scheduling Order on July 14, 2017, the Parties have been diligently engaged in discovery, have served and responded to multiple discovery requests, and have sought and taken discovery from multiple third-parties.

However, the Parties' efforts to continue addressing the issues raised in Claimants' November 4, 2016, Motion to Compel and the continued litigation of the United States' March 3, 2017 Motion to Strike Claimants' Claims have by necessity diverted resources from ongoing fact development. Progress on discovery is further hindered by the fact that numerous witnesses in this matter are located overseas. In addition, document discovery in connection with the issues Claimants raised in their November 4, 2016 Motion to Compel remains ongoing, and the United States has agreed to produce additional documents that Claimants sought in their Motion to Compel during the week of January 15, 2018. Claimants are also awaiting the United States' responses to certain interrogatories and documents from the international banks that they subpoenaed, which they have agreed to produce to the United States after receipt. This additional information that Claimants and the United States expect to receive around or after the current deadline for service of fact-based interrogatories and local and international document requests may raise new topics for interrogatories, identify additional recipients for document subpoenas, and create need for applications for the issuance of letters rogatory and letters of request under

the Hague Evidence Convention for documents located overseas. As a result, the current interim deadlines for fact-based interrogatories and local and international document requests cannot reasonably be met and there is good cause to extend them. *Saunders v. District of Columbia*, 279 F.R.D. 35, 38 (D.D.C. 2012) ("Under the 'good cause' standard, parties bear the burden of showing that deadlines could not reasonably be met despite their reasonable diligence.").

Claimants are the only persons to have filed timely claims in this action, and thus the Parties—who jointly seek this relief—are the only participants in discovery. Thus, the requested extension of deadlines will not prejudice any party.

## <u>CONCLUSION</u>

For the reasons set forth above, the Parties respectfully request that this Court extend the discovery deadlines for: (i) service of fact-based interrogatories pursuant to Federal Civil Rule 33; (ii) service of requests and subpoenas for documents pursuant to Federal Civil Rules 34 and 45; and (iii) filing of applications for the issuance of letters rogatory or for the issuance of letters of request under the Hague Evidence Convention with this Court, to March 26, 2018, the date by which depositions for oral testimony must be noticed. A draft order is attached.

Dated: January 12, 2018

Respectfully submitted,


DEBORAH CONNOR
CHIEF, MONEY LAUNDERING AND
ASSET RECOVERY SECTION

*/s/ Elizabeth A. Aloi*
Elizabeth A. Aloi
Michael W. Khoo
Joshua L. Sohn
U.S. Department of Justice
Criminal Division (MLARS)
1400 New York Avenue, NW
Suite 10100
Washington, DC 20005
T: (202) 598-2525

*Attorneys for Plaintiff United States of America*


BAKER & HOSTETLER LLP

*/s/ Jonathan B. New*
Jonathan R. Barr (D.C. Bar No. 437334)
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
T: (202) 861-1500
F: (202) 861-1783
E: jbarr@bakerlaw.com

Jonathan B. New
E: jnew@bakerlaw.com
Patrick T. Campbell
E: pcampbell@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
T: (212) 589-4200
F: (212) 589-4201

*Attorneys for Claimants*