UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALL ASSETS HELD IN ACCOUNT
NUMBER 80020796, IN THE NAME OF
DORAVILLE PROPERTIES CORP.,
AT DEUTSCHE BANK INTERNATIONAL,
LTD. IN JERSEY, CHANNEL ISLANDS,
AND ALL INTEREST, BENEFITS OR
ASSETS TRACEABLE THERETO, et al.,

    Defendants.

Civil Action No. 13-1832 (JDB)

## MEMORANDUM OPINION

Nonparty Godson Nnaka is once again before the Court seeking to challenge the forfeiture of assets in this proceeding. This time, he has filed a renewed motion to vacate the default judgment entered against certain defendant assets on August 6, 2014 and the final judgment entered on December 17, 2015. Mot. to Vacate [ECF No. 237]; see Aug. 6, 2014 Mem. Op. & Order [ECF No. 65]; Dec. 17, 2015 Mem. Op. & Order [ECF No. 101]. He asserts that the default and final judgments were "based on the frauds committed on this Court by the plaintiff and its Attorneys." Oct. 24, 2017 Mot. to Vacate [ECF No. 237-1] at 2. Among other things, he accuses United States officials of colluding with Nigeria's Attorney General to prevent Nnaka from representing Nigeria in this action, including by submitting to the Court a letter from the Attorney General denying that Nnaka had authority to represent Nigeria. Id. at 4. He also asks the Court for a preliminary injunction preventing the government from distributing any of the forfeited assets until the resolution of his motion to vacate and of any relevant appeal. Mot. for Prelim. Inj. [ECF

1

No. 239] at 1–2. Because the Court finds that Nnaka does not have standing to challenge the forfeiture of the defendant assets, both of his motions will be denied.

## BACKGROUND

This is not Nnaka's first attempt to intervene in the proceedings of this case. He filed claims to the defendant assets three times, and all three of the claims were struck by the Court. See July 3, 2014 Mem. Op. & Order [ECF No. 54] at 13. Nnaka's first two claims to the funds, purportedly filed on behalf of the Federal Republic of Nigeria, were stricken because they were not properly verified in accordance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Id.; see Apr. 17, 2014 Claim [ECF No. 10-1]; June 12, 2014 Claim [ECF 48-1]. The Court struck Nnaka's third claim, filed on behalf of himself, because it was not filed by an attorney admitted to the Court and because Nnaka failed to file a timely answer. July 3, 2014 Mem. Op. & Order at 13; see Claim of Godson M. Nnaka [ECF No. 10-2].

Subsequently, the government moved for default judgment as to certain properties. Gov't's Mot. for Entry of Default J. [ECF No. 64]. Finding no verified claim to those assets had been filed and noting that the motion was unopposed, the Court granted the government's motion for entry of default judgment and ordered that those assets be forfeited. Aug. 6, 2014 Mem. Op. & Order at 2–3. On December 17, 2015, the Court certified as final the Order striking Nnaka's three claims and the Order entering default judgment against the subset of defendant properties. Dec. 17, 2015 Mem. Op. & Order at 6–7.

Nnaka appealed the December 17, 2015 Order, as well as the predicate Order striking the claims, the entry of default judgment, and a subsequent denial of his motion for a charging lien. See United States v. All Assets Held, 712 Fed. App'x 13, 14 (D.C. Cir. 2018) (per curiam). While

his appeals were pending, Nnaka filed a motion in this Court to vacate the default judgment and the entry of final judgment. Oct. 24, 2017 Mot. to Vacate [ECF No. 198]. In light of Nnaka's appeal from the same orders to the D.C. Circuit, this Court found that it lacked jurisdiction over Nnaka's motion and deferred ruling on the motion to vacate until the conclusion of his appeal. Nov. 15, 2017 Order [ECF No. 203] at 2, 4. The Court granted him leave to renew his motion, if appropriate, following the Circuit court's decision. Id. at 4. Nnaka appealed this Order as well. Nov. 30, 2017 Notice of Appeal [ECF No. 205].

On February 6, 2018, the D.C. Circuit entered judgment in Nnaka's first set of relevant appeals.[1] It affirmed this Court's July 3, 2014 Order striking the three claims to the assets filed by Nnaka, finding that the Court had not abused its discretion by striking the claims "[g]iven the repeated violations of Supplemental Rule G." All Assets Held, 712 Fed. App'x at 14. It also affirmed the Court's December 17, 2015 entry of final judgment. Id. at 15. It dismissed Nnaka's appeal from this Court's August 6, 2014 entry of default judgment because the motion for default was unopposed and hence the arguments were improperly presented for the first time on appeal. Id. at 14. In so doing, the D.C. Circuit noted that "Nnaka lacks Article III standing to contest default in a proceeding in which he was not a party," and that, "[i]n any event, Nnaka has provided no basis for the court to conclude that the default judgment was, as he maintains, the product of a fraud on the court." Id. It also dismissed Nnaka's appeal from the denial of his motion for a charging lien. Id. at 15.

Because the appeal had concluded and Nnaka was now free to renew his motion to vacate judgment, the D.C. Circuit dismissed as moot his appeal from the order deferring judgment on his

---

[1] Nnaka had previously appealed the Court's July 3, 2014 Order striking his claims. Sept. 1, 2014 Notice of Appeal [ECF No. 68]. The D.C. Circuit dismissed the appeal because the July 3, 2014 Order was not final at the time. United States v. All Assets Held, No. 14-5228, 2015 U.S. App. LEXIS 8593, at *1 (D.C. Cir. May 22, 2015) (per curiam).

motion.  United States v. All Assets Held, No. 17-5273, 2018 U.S. App. LEXIS 14620, at *1–2 (D.C. Cir. May 31, 2018) (per curiam).  The court instructed that, "[i]f [Nnaka] renews his motion to vacate, the district court may address in the first instance [Nnaka's] standing to file the motion."  Id. at *2.

On June 13, 2018, Nnaka filed a renewed motion to vacate the default judgment and final judgment entered against the subset of defendant assets.  Primarily asserting fraud on the Court, he moves for relief from judgment pursuant to three provisions of Federal Rule of Civil Procedure 60.  Oct. 24, 2017 Mot. to Vacate at 2 (citing Rule 60(b)(4), (b)(6), and (d)(3)).[2]  He has also filed a motion for a preliminary injunction seeking to bar the government from distributing any portion of the defendant assets until the resolution of his motion to vacate and of any relevant appeal.  Mot. for Prelim. Inj. at 1, 14.  The government opposed the motion for a preliminary injunction, noting that "Nnaka's claims to the defendant assets were not reinstated by the D.C. Circuit."  Opp. to Mot. for Inj. [ECF No. 241] at 1.

## DISCUSSION

Civil forfeiture actions are proceedings "brought against property, not people."  United States v. All Assets Held at Bank Julius, Baer & Company, Ltd., 228 F. Supp. 3d 118, 122 (D.D.C. 2017) (citation omitted).  An individual may intervene in the proceeding if, and only if, he has standing under Article III of the Constitution.  See United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in U.S. Currency, 859 F.3d 1085, 1089 (D.C. Cir. 2017).  In a forfeiture proceeding, an intervenor has Article III standing if he possesses a colorable claim on

---

[2] Although Nnaka refers to "newly discovered evidence" of fraud on the Court, he does not purport to bring this motion under Rule 60(b)(2). In any event, such a motion would be time-barred. Fed. R. Civ. P. 60(c)(1) (motions based on newly discovered evidence must be brought "no more than a year after the entry of the judgment").

4

the property such that "the claim of injury is 'redressable, at least in part, by a return of the property.'" United States v. Emor, 785 F.3d 671, 676 (D.C. Cir. 2015) (citation omitted).

Here, Nnaka has no claim on the property and hence no stake in the outcome of the forfeiture proceedings. The D.C. Circuit has already affirmed this Court's Order striking Nnaka's claims to the property, All Assets Held, 712 Fed. App'x at 14, and the time to file new claims has long since passed, see Supp. R. G(5)(a)(ii)(B) (requiring anyone claiming a legal interest in the property to file a verified claim within 60 days from the first date of the government's publication of a notice of the forfeiture action). Hence, there is no path forward that would permit Nnaka to assert an interest in the property. All Assets Held, 712 Fed. App'x at 15 ("No claim having been filed, he no longer has a basis for continuing to participate in this forfeiture proceeding."). Simply put, "Nnaka lacks Article III standing to contest the default in a proceeding in which he was not a party." Id. at 14.

Because Nnaka does not have standing to request relief from the default judgment, the Court need not consider the merits of his motion. Moreover, even if the Court accepted Nnaka's incredible allegations[3] and found that he indeed had authority to represent Nigeria,[4] his claims were appropriately struck because they were procedurally deficient. Id. The fact that there were

---

[3] Nnaka also requests an "in camera hearing" in which he would present "scandalous" "newly discovered evidence" "with national security implications." Oct. 24, 2017 Mot. to Vacate at 3. The Court finds that such a hearing is unwarranted and—because Nnaka does not have standing to intervene in this proceeding—would be improper.

[4] Nnaka notes that no opposition was filed to his original motion to vacate. Mot. to Vacate at 1. As the government correctly stated, the Court instructed the government that it would request an opposition brief if one was needed. See Tr. of Oct. 26, 2017 Mot. Hr'g [ECF No. 200] at 111:24–112:6. Moreover, although "the Court may treat an unopposed motion as conceded," LCvR 7(b), whether to do so is discretionary, see Cohen v. Bd. of Trustees of the Univ. of D.C., 819 F.3d 476, 483 (D.C. Cir. 2016). The party seeking relief from judgment bears the burden of establishing such relief is warranted, Norris v. Salazar, 277 F.R.D. 22, 25 (D.D.C. 2011), and "the decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court," United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C. Cir. 1993). Hence, Nnaka must satisfy his burden, regardless of whether an opposition brief was filed. In any event, the Court must consider as a threshold matter whether Nnaka has standing to bring such a motion, see Emor, 785 F.3d at 676, and, as discussed, he lacks such standing.

no verified claims to the assets would remain unchanged and the default judgment would remain undisturbed.

The Court will likewise deny Nnaka's request to enjoin preliminarily any distribution of the forfeited assets until the resolution of any appeal of the Court's denial of his motion to vacate. See Mot. for Prelim. Inj. at 14. As stated, Nnaka lacks the requisite standing to participate in this action. Moreover, preliminary injunctive relief may only be granted when the movant shows "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006). As described above, Nnaka's motion to vacate will be denied; hence, there is no likelihood he will succeed on that motion in this Court.

## **CONCLUSION**

Although it has been said before, it bears repeating: having no claim to the defendant assets, "Nnaka's participation in this case must now come to an end." Sept. 16, 2016 Order [ECF No. 123] at 2. Accordingly, the Court will deny Nnaka's motion to vacate and his motion for a preliminary injunction. A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: August 6, 2018