**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-1832 (JDB) |
| ) | |
| ALL ASSETS HELD IN ACCOUNT NUMBER ) | |
| 80020796, IN THE NAME OF ) | |
| DORAVILLE PROPERTIES CORPORATION, ) | |
| AT DEUTSCHE BANK INTERNATIONAL, ) | |
| LIMITED IN JERSEY, CHANNEL ISLANDS, ) | |
| AND ALL INTEREST, BENEFITS, OR ASSETS ) | |
| TRACEABLE THERETO, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **UNITED STATES' MOTION TO DE-DESIGNATE DOCUMENTS**

Pursuant to the Litigation Protective Order (Dkt. 85) and this Court's Minute Order (Dkt. 301), Plaintiff United States respectfully moves to de-designate two documents that have been labelled "Confidential," so that these documents may be publicly filed as part of a concurrent motion. These two documents (the "Subject Documents") constitute █████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████ The United States has attached the Subject Documents to its concurrent motion to re-open Claimant's deposition ("Motion to Re-Open") and referenced them therein.

A strong presumption exists in favor of public access to court filings. Thus, the fact that the United States is filing the Subject Documents as part of the Motion to Re-Open creates a strong presumption that these documents should be de-designated, so that the Motion to Re-Open and its exhibits may be publicly available. The presumption in favor of public access is

particularly strong here, where the United States is a party to this action and where the Subject Documents ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The public has an exceedingly strong interest in knowing about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ There is a strong public interest in access to court filings that involve ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Finally, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the very person who—according to the United States' forfeiture Complaint—was a key figure in the kleptocracy and laundering of the Defendant Assets back in the 1990's. There is an even stronger public interest in knowing about ongoing acts involving the proceeds of kleptocracy and corruption, as public scrutiny is a key factor that helps combat kleptocracy and corruption.

For all these reasons, Claimant cannot overcome the strong presumption in favor of public access to the Subject Documents. These documents—and the Motion to Re-Open which relies on them—should be de-designated and unsealed.

## I. Factual Background

### A. This Forfeiture Case, the Defendant Assets, and Claimant's Settlement Defense

In this action, the United States seeks civil forfeiture of hundreds of millions of dollars involved in an international conspiracy to illegally launder and transport proceeds of corruption,

theft, and fraud into and through the United States.  The subject funds were obtained through the illicit conduct of Nigerian dictator Sani Abacha and his associates, including Abubakar Bagudu.  *See generally* Complaint (Dkt. 1).  Abubakar Bagudu's brother, Ibrahim Bagudu, is the lone remaining Claimant in this case, who has contested forfeiture of the Defendant Assets held in the name of Blue Holding (1) Pte Ltd and Blue Holding (2) Pte Ltd.[1]  The Court struck all claims to these assets except Claimant's claim to the assets held in the name of Blue Holding (2) Pte Ltd.  Dkt. 215.  The Court found that Claimant had standing to contest forfeiture of these Defendant Assets because Claimant possessed an annual $100,000 annuity paid out of these assets.  *Id.* at 9-13.

The Defendant Assets are currently held in the United Kingdom and are subject to an arrest warrant *in rem* from this Court.  Dkt. 56.  The Defendant Assets are also subject to a freezing order from a U.K. court (the "Prohibition Order") that forbids any party from transferring or transacting in the Defendant Assets.  Dkt. 56-2.

One of Claimant's affirmative defenses alleges that the United States' forfeiture claims are barred by a 2003 Settlement Agreement between Abubakar Bagudu and Nigeria.  Dkt. 86 at 22.  Claimant admits that the United States never signed the 2003 Settlement Agreement (Dkt. 258-2 at 14), but raises various theories for why the United States supposedly should be bound by the 2003 Settlement Agreement nonetheless.  *Id.* at 22-24, 29.

On September 8, 2018, this Court entered judgment "in favor of the United States against defendant assets (h) and (j) (identified in paragraphs 4(h) and 4(j) of the verified complaint)."  Dkt. 252 at 1.  This Court further ordered "that defendant assets (h) and (j) are hereby

---

[1] The Defendant Assets held in the name of Blue Holding (1) Pte Ltd. are identified in paragraphs 4(h) and 4(j) of the Complaint.   The Defendant Assets held in the name of Blue Holding (2) Pte Ltd. are identified in paragraphs 4(i) and 4(k) of the Complaint.

FORFEITED to the United States, and that title to defendant assets (h) and (j) is vested in the United States of America, to be disposed of in accordance with the law; and that no right, title, or interest in the defendant properties shall exist in any other person." *Id.*

As revealed below, ███████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████

### B.     Claimant's September 2019 Production of the Subject Documents

On September 27, 2019, Claimant produced 855 pages of new documents. As relevant here, this new production included ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██
       ████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████
       ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[2] All Exhibits are attached to the Declaration of Joshua L. Sohn ("Sohn Decl."), filed herewith.



was also part of Claimant's September 27, 2019 production.

Specifically, on September 10, 2019, Nigeria filed an Application in the United Kingdom to vary the Prohibition Order. Ex. C. The Subject Documents were attached to Nigeria's Application. Sohn Decl., ¶ 4.

### C. The United States' Motion to Re-Open Claimant's Deposition and the Present De-Designation Dispute

In October 2019, the United States requested Claimant's consent to re-open his deposition.

The United States raised two core reasons why the deposition should be re-opened. As relevant here, one of those reasons was that the United States should be able to question Claimant about the recent document production, including the Subject Documents. After a lengthy meet-and-confer process, the parties could not reach agreement on whether Claimant's deposition should be re-opened. Thus, the United States will imminently file a Motion to Re-Open Claimant's deposition, and will attach and reference the Subject Documents to support the Motion to Re-Open.

The Subject Documents are labelled Confidential under the Litigation Protective Order in this case. Dkt. 85. On October 21, 2019, the United States wrote to Claimant's counsel to request that these documents be de-designated under Paragraph 9 of the Litigation Protective Order. Ex. D at 3-4. Claimant's counsel wrote back on October 28, declining to de-designate the Subject Documents. In this email, Claimant's counsel argued that the Subject Documents are appropriately designated as Confidential under the Litigation Protective Order because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

On October 31, the parties held an informal telephone conference with the Court about the Subject Documents. On this telephone conference, Claimant's counsel reiterated their view that the Subject Documents are appropriately kept Confidential given the Litigation Protective Order ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

**II.     Legal Standard**

Federal common law has long recognized a "strong presumption in favor of public access to judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 868 F.3d 661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). This "common law right of public access" extends to "judicial records" filed on the court docket, *id.* at 666, and

6

is fundamental to ensuring the integrity of legal proceedings and the law enforcement process. *Hubbard*, 856 F.3d at 314-15.  Thus, when considering requests to seal or unseal filed documents, courts in this Circuit treat the presumption of public disclosure as the "starting point" of their analysis. *E.E.O.C. v. Nat'l Chilrden's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

A party opposing such disclosure bears the burden of rebutting this presumption. *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 464 (D.D.C. 2018) (citing *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016) (Bates, J.)). Whether they prevail turns on a two-step inquiry: (1) do the documents at issue constitute "judicial records," and if so, (2) do the opposing party's interests in secrecy overcome the public's right of access? *In re Fort Totten Metrorail Cases,* 960 F. Supp. 2d 2, 6 (D.D.C. 2013).

As to the first inquiry, whether a document qualifies as a judicial record "depends on the role it plays in the adjudicatory process." *Metlife*, 865 F.3d at 666.  Documents that are filed on the court docket and that are "intended to influence" a pending court decision "play a central role" in the adjudicatory process, and thus fall squarely within the category of "judicial records." *Id.*  By contrast, those farther afield from the court's decision-making—such as documents that are never filed, or that are submitted *after* the court has rendered judgment—may not qualify as judicial records.  *Id.* at 667-68 (citing *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3-4 (D.C. Cir. 2013)).

With respect to the second inquiry, the D.C. Circuit has identified six factors for courts to consider in weighing a party's interest in secrecy against the presumption of public disclosure of judicial records: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interest asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents

7

were introduced during the judicial proceedings." *E.E.O.C.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22). These "*Hubbard* factors" serve as this District's lodestar in cases involving motions to seal or unseal judicial records. *Metlife,* 865 F.3d at 666. Accordingly, a party may not hide behind a protective order, or its own confidentiality designations, to circumvent the court's *Hubbard* analysis. *See McCormick*, 316 F. Supp. 3d at 464 (stating that district court could not "abdicate its responsibility" to determine whether documents should be unsealed, notwithstanding the existence of parties' protective order) (internal citation omitted).

**III.     Argument**

    **A.     The Subject Documents are Judicial Records**

There can be little doubt that the Subject Documents constitute judicial records. The United States is filing each of them (under seal) as exhibits to its concurrent Motion to Re-Open. As documents filed on the court docket, in support of a pending motion, they are of the very sort considered "central" to the "adjudicatory process" and thus subject to the presumptions afforded "judicial records." *See Metlife*, 865 F.3d at 667-68 (distinguishing filed exhibits to a pending motion from documents neither filed, nor ultimately considered, by the court). Moreover, in this case, the Subject Documents form the very basis of the Government's request—namely, to re-open Claimant's deposition for testimony as to their substance. Their provision is thus "intended to influence" the Court's evaluation of that request; without them, the Court could hardly opine on its merits. As such, they fall squarely within the category of "judicial records" and trigger the Court's *Hubbard* analysis.

    **B.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the Litigation Protective Order Carry Little Weight In Assessing Whether the Subject Documents Should Be De-Designated for Public Filing**

Before launching into a full analysis of the *Hubbard* factors, one other preliminary issue should be addressed. Namely, as recounted above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Grynberg*, 205 F. Supp. 3d at 3 ("Defendants contend that disclosure would violate the terms of their settlement and confidentiality agreements. Even if that were true, it would not suffice to carry defendants' burden. Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal."). Other courts have reached similar conclusions. *See, e.g.*, *Sacchi v. IHC Health Servs., Inc.,* 918 F.3d 1155, 1160 (10th Cir. 2019) ("We will not grant a motion to seal unless the moving party overcomes a presumption in favor of access to judicial records . . . . The Hospital's reasons for sealing the contract (the confidentiality clause and the involvement of a non-party) do not overcome this burden."); *Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394, 2016 WL 7188795, at *3 (S.D.N.Y. Dec. 7, 2016) ("The fact that the PTA contains a confidentiality clause means only that one or more of the parties who negotiated the contract in 2009 desired to keep it confidential at that time. The existence of such a clause, standing alone, says little about the merits of a later judicial sealing request.").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



A similar logic applies to Claimant's argument that the Litigation Protective Order justifies sealing. As one court in this District recently held, "'[t]he District Court cannot abdicate its responsibility to ... determine whether filings should be made available to the public' by

---



allowing the parties to control public access pursuant to a protective order." *McCormick*, 316 F. Supp. 3d at 464 (quoting *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 20 (D.D.C. 2010) (Court's ellipses). Moreover, Claimant relies on the provision of the Litigation Protective Order that allows for Confidential designation of "information the disclosure of which would breach a legal or contractual obligation". Dkt. 85 at 12 ¶ 2; *see also* Ex. D at 1 (Claimant's counsel relying on this language). But as discussed above, if public filing of ▓▓▓▓ ▓▓▓▓▓▓ is required under the *Hubbard* factors, such public filing would ***not*** violate any contractual obligation, which means that such public filing would not violate the Litigation Protective Order either.

In any event, the Litigation Protective Order expressly allows parties to argue "that CONFIDENTIAL MATERIAL should be disclosed notwithstanding the terms of the Order, or that any of the restrictions on disclosure or use should be reduced, modified or eliminated . . ." Dkt. 85 at 14-15 ¶ 9. In other words, the Litigation Protective Order is just a default or starting point for how to treat documents. The parties are expressly allowed to challenge how individual documents should be treated on a case-by-case basis. And when the relevant question is whether a given document should be filed publicly or under seal, the relevant factors are the *Hubbard* factors. If the *Hubbard* factors mandate that a given document be filed publicly, the Litigation Protective Order cannot and does not stand in the way.

    **C.**    **Under the *Hubbard* Factors, Claimant Cannot Overcome the Strong Presumption Against Sealing Court Filings**

        1.    <u>*Hubbard* Factor 1 Weighs Heavily Against Sealing</u>

*Hubbard* factor 1 addresses "the need for public access to the documents at issue." *Grynberg*, 205 F. Supp. 3d at 2. This factor weighs heavily against sealing the Subject Documents, because the Subject Documents disclose ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████.[4]  The public has an exceedingly strong interest in knowing about ██████████████████████████████████████

████████  Indeed, when adjudicating sealing requests under the *Hubbard* factors, both the D.C. Circuit and courts in this District have held that there is an especially strong interest in public access to documents that address the fate or disposition of public funds.  *See E.E.O.C.*, 98 F.3d at 1410 ("The public should be able to learn how the money it has contributed to a charitable organization is being spent."); *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("Cases brought under the False Claims Act receive special consideration by the courts because they 'inherently implicate the public interest.' Taxpayers are 'real parties in interest' in FCA cases because they possess a strong interest in fraud committed against the United States that results in monetary loss to the Government.")

The public interest is further heightened by the fact that ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████  Abubakar Bagudu is one of the principal players who illicitly transported and laundered the Defendant Assets out of Nigeria in a massive

---

[4] A forfeiture judgment vests title to property in the Government as of the date of the commission of the offense.  18 U.S.C. § 981(f) ("All right, title and interest in property [subject to forfeiture] shall vest in the United States upon commission of the act giving rise to forfeiture…").

kleptocracy scheme, according to the United States' Complaint in this case.  The public has a strong interest in learning about ███████████████████████████████████ ████████ Sealing ████████████ would frustrate the principle that "[a] crucial element necessary for combating modern kleptocracy" is bringing its enablers "out of the shadows and into the sunlight."  Testimony of Carl Gershman, Senate Foreign Relations Committee (June 30, 2016) at 5.[5]

Moreover, ████████████████████████████████████████████████ ████████████████████████████████████████████ Given "the public interest in preserving the integrity of the courts," *Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 70 (D.D.C. 2013), there is an equally strong public interest in knowing about ████████████████████████████████████.

Finally, the very fact that the United States is a party to this case also weighs against sealing under *Hubbard* factor 1.  As one court in this District explained: "The court weighs this factor by recognizing the well-established principle that 'in cases where the government is a party ... [t]he appropriateness of making court files accessible' is enhanced."  *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) (citations omitted).

For all these reasons, *Hubbard* factor 1 weighs heavily against sealing.

    2.    *Hubbard* Factor 2 is Neutral

*Hubbard* factor 2 addresses "the extent of previous public access to the documents." *Grynberg*, 205 F.Supp. 3d at 2.  Here, the United States concedes that there has been no previous public access to ████████████████.  The fact that Nigeria filed this document in the United

---

[5] *Available at* https://www.foreign.senate.gov/imo/media/doc/063016_Gershman_Testimony.pdf.

Kingdom did not create public access, since U.K. court records (unlike U.S. court records) are not presumptively public. However, that does not mean that *Hubbard* factor 2 cuts against public disclosure or in favor of sealing. To the contrary, this Court has held that "'the second *Hubbard* factor is neutral where there has been no previous access' to a disputed exhibit." *Id.* at 3 (quoting *Am. Prof'l Agency v. NASW Assurance Servs.*, 121 F.Supp.3d 21, 24 (D.D.C.2013)). Thus, *Hubbard* factor 2 is neutral here.

        3.      *Hubbard* Factors 3-5 Weigh Against Sealing

*Hubbard* factors 3-5 address "(3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interest asserted; [and] (5) the possibility of prejudice to those opposing disclosure". *Grynberg*, 205 F.Supp. 3d at 2. These factors are "interrelated" and are commonly addressed together. *Id.* (citing *Am. Prof'l Agency*, 121 F.Supp.3d at 25). Here, Claimant has obviously objected to disclosure, and other parties to ▮▮▮▮▮▮▮▮▮▮ may object as well. However, the United States believes there ***should*** be public disclosure of ▮▮▮▮▮▮▮▮▮▮. When a public agency is a party to the case and favors public access, this weighs strongly against sealing and in favor of public access. *E.E.O.C.*, 98 F.3d at 1409 ("The fact that the EEOC, a party to the lawsuit and a public agency, objected to sealing the record is not only relevant, but strengthens the already strong case for access.")

Under Factors 4 and 5, the United States does not believe there are any legitimate privacy interest in keeping ▮▮▮▮▮▮▮▮▮▮ under seal, or that the parties would suffer any cognizable prejudice if ▮▮▮▮▮▮▮▮▮▮ were made public. To be sure, the contracting parties may ***desire*** to keep ▮▮▮▮▮▮▮▮▮▮ under seal, as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But this is not a legitimate interest that warrants sealing. *Thomas*, 840 F. Supp. 2d at 5 ("Defendant offers only 'damage [to] his

14

public image' as the prejudice which would occur should the consent judgment be filed on the public record. Defendant offers no authority for the proposition that this consideration favors denial of public access; indeed, comparable arguments have been rejected by the court.") Moreover, as discussed above, it is particularly important that the public have access to unsavory deals involving kleptocrats, as public disclosure is one of the key tools in combating kleptocracy.

Nor would there be any other form of prejudice if ▓▓▓▓ were made public. It cannot be said that public disclosure of ▓▓▓▓ would disclose the parties' privileged litigation strategy in the United Kingdom, as Nigeria has already filed its U.K. Application and attached ▓▓▓▓ as part of that filing. Nor does ▓▓▓▓ disclose the sorts of trade secrets or confidential sales information that often warrants sealing in business litigation.

For all these reasons, Factors 3-5 weigh against sealing.

    4.    *Hubbard* Factor 6 Weighs Against Sealing

Finally, *Hubbard* factor 6 addresses "the purposes for which the documents were introduced during the judicial proceedings." *Grynberg*, 205 F.Supp. 3d at 2. "[F]actor six favors disclosure of exhibits submitted to the court with the intent that the court will rely on them in adjudicating a dispute." *Id.* at 3 (summarizing *Zapp v. Zhenli Ye Gon*, 746 F.Supp.2d 145, 151 (D.D.C.2010)). Here, the Court will presumably rely on ▓▓▓▓ (at least in part) when deciding whether to re-open Claimant's deposition. After all, the Court will either accept the United States' argument that ▓▓▓▓ warrants re-opening the deposition, or the Court will reject this argument. Either way, the Court will rely on ▓▓▓▓ in adjudicating this argument. Thus, Factor 6 weighs against sealing.

15

## IV. Conclusion

For the foregoing reasons, the United States respectfully request that the Court de-designate the two Subject Documents so they can be publicly filed, together with the Motion to Re-Open that cites and attaches them.

        Respectfully submitted,

        DEBORAH CONNOR, CHIEF
        MONEY LAUNDERING AND
        ASSET RECOVERY SECTION

        By: _/s/ Joshua L. Sohn_____
        DANIEL H. CLAMAN
        MICHAEL KHOO
        JOSHUA L. SOHN
        Money Laundering and
        Asset Recovery Section
        Criminal Division
        U.S. Department of Justice
        1400 New York Avenue, NW, 10th Floor
        Washington, DC  20530
        Tel:   (202) 514-1263
        Fax:   (202) 514-5522

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred in good faith with opposing counsel in an attempt to resolve the issues in this motion. Conference efforts are discussed in Section I(C) of this motion.

*/s/ Joshua L. Sohn*

Joshua L. Sohn
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record were served with a copy of this filing, via email, on November 5, 2019. I further certify that I served a copy of this filing on counsel for Abubakar Bagudu, the Federal Republic of Nigeria, the Blue Holdings Companies, and the Trustee of the Blue Family Trusts, also on November 5, 2019.

*/s/ Joshua L. Sohn*

Joshua L. Sohn
Attorney for Plaintiff