**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-cv-1832 (JDB) |
| ALL ASSETS HELD IN ACCOUNT NUMBER | ) |
| 80020796, IN THE NAME OF | ) |
| DORAVILLE PROPERTIES CORPORATION, | ) |
| AT DEUTSCHE BANK INTERNATIONAL, | ) |
| LIMITED IN JERSEY, CHANNEL ISLANDS, | ) |
| AND ALL INTEREST, BENEFITS, OR ASSETS | ) |
| TRACEABLE THERETO, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PARTIES' COMBINED JOINT STATUS REPORT AND
REQUEST TO EXTEND CURRENT STAY**

Pursuant to the Court's December 16, 2025, minute order, Plaintiff, the United States of America, and Claimant, Ibrahim Bagudu, by and through their counsel, respectfully file the below joint status report advising the Court of the status of the parties' settlement negotiations. The parties also request that, to provide the parties the additional time they need to complete their settlement or to determine that no settlement is possible, the Court extend the stay currently in effect in this proceeding to June 19, 2026.

**JOINT STATUS REPORT**

Fact discovery in this matter is complete. While conducting expert depositions, on July 19, 2022, the parties reached an agreement on principal terms to resolve the litigation. Upon reaching this agreement, the parties agreed to adjourn the remaining expert depositions and, on August 3, 2022, sought a stay of the proceedings until November 9, 2022. ECF No. 381. The parties sought the stay to provide them with an opportunity to finalize their settlement, while not having to spend significant time and resources to complete expert discovery and submit summary judgment motions. *Id*. On August 3, 2022, the Court granted the parties' motion for a stay, stayed the

1

proceedings until November 9, and required the parties to file a joint status report on the status of the settlement negotiations on November 2. It has since granted eighteen further extensions of the stay. The current stay expires on March 20, 2026. As before, the joint status report, due today, must indicate whether a further extension is warranted under the circumstances.

As of their last report, the parties had further engaged their foreign counterparts regarding draft documents and administrative steps involving two related actions in the United Kingdom (UK) that would be resolved as part of the settlement. At the time, they advised that despite their efforts, the parties had not yet received outstanding documents and information from the UK litigants (non-parties in this action) necessary to conclude a global resolution. The UK litigants had then reported that they needed more time to complete their requisite steps, to include finishing certain settlement documentation, obtaining required approvals from an authority in the UK, and obtaining documents from service providers and cooperation in Singapore to facilitate the transfer of funds to the United States.

Since then, the parties have made incremental progress. Plaintiff coordinated with the parties to all three matters, which resolved certain of the pending items regarding the administration of the proposed resolution. In addition, Plaintiff continued to separately and directly engage with the Federal Republic of Nigeria, the relevant authority in the UK, and the UK litigants regarding still outstanding issues in the UK actions. As part of that engagement, Plaintiff facilitated further exchanges between the UK litigants and the UK authority, which we expect will assist the UK litigants in making additional progress. Nevertheless, as before, the parties still have not received all "outstanding documents and information from the UK litigants," and the UK authority has indicated that it needs certain of that information to provide the approvals required to resolve the narrowed remaining administrative issues.

Based on the above, and the multifaceted nature of the proposed resolution, the parties are unable to finalize the settlement by the end of the current stay on March 20, 2026. If there is to be a settlement, more time is required for the parties to receive, review, finalize, and obtain authority to execute all the corresponding documents. Given the already lengthy duration of the stay, should

the Court approve a further extension, the parties will jointly request that the UK litigants adhere to a specific timeline for completion of the settlement documents and ancillary issues or concede that they are unable to settle at this time.

### REQUEST TO EXTEND STAY

In light of the foregoing, the parties believe that at this time, their efforts will be best spent working towards a final settlement agreement or determining that settlement will not be possible, rather than spending significant time and resources now to complete expert discovery and submit summary judgment motions. Accordingly, the parties request to extend the stay to June 19, 2026. The parties propose that on June 12, 2026, they will submit a joint status report to the Court which would detail whether final settlement has been achieved, or a further stay of the litigation is warranted due to the parties' significant progress in finalizing the settlement, or that the parties were unable to finalize the settlement and the litigation should resume. Should the parties deem a further stay is warranted, they will seek leave to brief the Court and/or request a hearing. If the parties determine that they are unable to finalize the settlement and the litigation should resume, the joint status report would also include a proposed schedule for the remaining proceedings in this case.

### ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay is within the discretion of the court. *Id.*

Here, significant judicial and party economy would be achieved by extending the stay of this proceeding while the parties finalize their settlement. Extending the stay at this time would promote judicial economy, as it would provide the parties with an opportunity to resolve this matter with minimal further burden on the Court's limited resources. In addition, the continued stay's limited duration would not cause any undue delay of the Court's docket. Extending the stay would also conserve the resources of the parties and their counsel. It would in the interim obviate the

3

need for the parties to expend substantial and potentially unnecessary time and costs to take the remaining expert depositions and prepare summary judgment motions while they attempt to finalize their settlement. Therefore, the parties believe that extending the stay pending the parties' efforts to finalize their settlement affords the most efficient avenue for disposition of this action at this time.

CONCLUSION

Because good cause exists for an extension of the stay of this case, the parties respectfully request that the Court enter an order:

a. Extending the stay of all proceedings in this case to June 19, 2026;

b. Requiring the parties, on June 12, 2026, to file a joint status report that will advise the Court on whether (i) the requested stay should be extended beyond June 19, 2026, because substantial progress has been made towards finalizing the settlement, or (ii) the requested stay should expire on June 19, 2026, and the litigation should resume because the parties are unable to finalize the settlement; and

c. In the event that the parties advise the Court that the requested stay should expire on June 19, 2026, requiring the joint status report to include a proposed timeframe for the remaining proceedings in this case.

A Proposed Order is attached.

Dated: March 13, 2026                      Respectfully submitted,

                                           */s/ Patrick T. Campbell*
                                           Jonathan R. Barr (D.C. Bar No. 437334)
                                           BAKER & HOSTETLER LLP
                                           1050 Connecticut Ave. NW, Suite 1100
                                           Washington, D.C. 20036
                                           T: (202) 861-1500
                                           F: (202) 861-1783
                                           jbarr@bakerlaw.com

                                           Jonathan B. New
                                           Patrick T. Campbell
                                           BAKER & HOSTETLER LLP
                                           45 Rockefeller Plaza

4

New York, NY 10111-0100
T: (202) 589-4200
F: (212) 589-4201
jnew@bakerlaw.com
pcampbell@bakerlaw.com

*Attorneys for Claimant Ibrahim Bagudu*


<u>*/s/ S. Chartey Quarcoo*</u>
Daniel H. Claman
S. Chartey Quarcoo
Joshua L. Sohn
Alison A. Yewdell
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
U.S. DEPARTMENT OF JUSTICE
1400 New York Avenue, NW, 10th Floor
Washington, DC 20530
T: (202) 616-1674
F: (202) 514-5522
alison.yewdell@usdoj.gov

*Attorneys for Plaintiff United States of America*

5